

1  COOLEY GODWARD KRONISH LLP
   STEPHEN C. NEAL (CA Bar No. 170085)
2  (nealsc@cooley.com)
   Five Palo Alto Square
3  3000 El Camino Real
   Palo Alto, CA  94306-2155
4  Telephone:  (650) 843-5000
   Facsimile:   (650) 857-0663
5  Attorneys for Plaintiff
   RONALD A. KATZ TECHNOLOGY LICENSING, L.P.
6  in the Cases Transferred from the Eastern District of Texas

7  HELLER EHRMAN LLP
   ROBERT T. HASLAM (CA Bar No. 71134)
8  (robert.haslam@hellerehrman.com)
   275 Middlefield Road
9  Menlo Park, CA 94024
   Telephone: (650) 324 7000
10 Facsimile: (650) 324-0638
   Attorneys for Plaintiff and Defendant
11 RONALD A. KATZ TECHNOLOGY LICENSING, L.P.
   in the Cases Transferred from the District of Delaware
12

13 HENNIGAN, BENNETT & DORMAN, LLP
   LAWRENCE M. HADLEY (CA Bar No. 157728)
14 (HadleyL@hbdlawyers.com)
   865 S. Figueroa Street
15 Suite 2900
   Los Angeles, CA 90017
16 Telephone: (213) 694-1200
   Facsimile: (213) 694-1234
17 Attorneys for Plaintiff
   RONALD A. KATZ TECHNOLOGY LICENSING, L.P.
18 in Katz v. GE Capital Corp., No. 2:07-2336

19 HOWREY LLP
   MATTHEW J. ~~MOORE~~ (pro hac vice)
20 (moorem@howrey.com)
   1299 Pennsylvania Avenue, N.W.
21 Washington, DC 20004
   Telephone: 202-783-0800
22 Fax: 202-383-6610
   Defendants' Liaison Counsel

23

24               UNITED STATES DISTRICT COURT
25               CENTRAL DISTRICT OF CALIFORNIA

26 In Re KATZ INTERACTIVE CALL          Case No.  07-ML-1816 RGK (FFM)
   PROCESSING LITIGATION
27                                       [~~PROPOSED~~] DISCOVERY CASE
   This document relates to all cases in MANAGEMENT ORDER
28 07-ML-1816 RGK (FFM)
                                         Magistrate Judge Frederick F. Mumm

# TABLE OF CONTENTS

PAGE

III.   PRELIMINARY PROCEDURAL MATTERS ............................................1
    A.   Defendants' Steering Committee ...............................................1
    B.   Protective Order .....................................................................3
    C.   Evidence Preservation Order.....................................................3
    D.   Management of the Cases In Which The Teleconferencing Patents Are At Issue...............................................................4

IV.   SCOPE OF DISCOVERY: ACCUSED SYSTEMS AND SERVICES.........4
    A.   Definition of Accused Services..................................................4
    B.   The State of Discovery in the Texas Cases and the Ramifications Thereof.............................................................4
    C.   The Parties' Discovery and Production Obligations...........................5

V.    INITIAL DISCLOSURES AND CORE DISCOVERY ...........................6
    A.   Mandatory Disclosures Under Rule 26 ........................................6
    B.   Core Discovery......................................................................6
        1.   Timing of Production.......................................................6
        2.   "Core Discovery" To Be Produced By Defendants....................6
            a.   System Architecture Documents ....................................6
            b.   Call Flows Or Script Logic...........................................7
            c.   Source Code and IVR Code ..........................................7
            d.   Call Logs...............................................................8
            e.   Physical Location of Hardware ......................................9
            f.   Training and Reference Manuals ....................................9
            g.   System Usage .........................................................9
            h.   Cost Savings Data.....................................................9
            i.   Purchase And Implementation Of Accused Systems.......9
            j.   Organizational Charts................................................10
            k.   Screen Shots ..........................................................10
            l.   Audio and Video Recordings.......................................10
            m.   Prior Art...............................................................10
            n.   Non Privileged Communications ..................................10
            o.   Manner of Production.................................................11
        4.   "Core Discovery" To Be Produced by Katz ...........................11
        5.   Third Party Confidentiality.............................................15
        6.   Core Discovery Depositions ...........................................15

VI.   ADDITIONAL DISCOVERY ....................................................15

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx

1.

[PROPOSED] DISCOVERY CASE MANAGEMENT
ORDER

# TABLE OF CONTENTS
### (CONTINUED)

PAGE

A.   Discovery In Addition to Core Discovery ..................................... 15
B.   Discovery of Opinion Letters ........................................................ 16
VII.  COMMON DISCOVERY .......................................................................... 16
A.   The Scope of Common Discovery ................................................. 16
B.   Common "Master" Document Requests ....................................... 17
C.   Documents From Prior Litigations Involving Katz ..................... 17
D.   Common "Master" Interrogatories And Requests For Admission ..... 17
E.   Deposition of the Inventor ............................................................ 17
F.   Depositions of Katz Witnesses Other Than The Inventor .................. 18
G.   Common Subject Subpoenas To Third Parties ............................. 18
VIII.  LIMITS ON FACT DEPOSITIONS AND WRITTEN DISCOVERY ........ 18
A.   Fact Depositions ........................................................................... 18
B.   Interrogatories .............................................................................. 19
C.   Requests for Admission ................................................................ 19
D.   Third Party Subpoenas ................................................................. 20
IX.   LIMITS ON FACT DEPOSITIONS AND WRITTEN DISCOVERY IN THE CITIBANK CASE ........................................................................ 20
X.   EXPERT REPORTS AND EXPERT DEPOSITIONS ............................... 20
XI.   OTHER DISCOVERY ISSUES ............................................................... 21
A.   E-Mail ........................................................................................... 21
B.   Personal Data About Customers ................................................... 21
C.   System Security Information ......................................................... 21
D.   Privilege Logs ............................................................................... 22
E.   Format For Production of Electronic Discovery ........................... 22

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx

ii.

[PROPOSED] DISCOVERY CASE MANAGEMENT ORDER

The Court has considered the Revised Stipulation and Argument Re: Proposed Discovery Case Management Order and the Further Joint Stipulation and Argument re: Proposed Case Management Order and now therefore for good cause shown the Court hereby issues its Discovery Case Management Order as follows:[1]

## III.   PRELIMINARY PROCEDURAL MATTERS

### A.   Defendants' Steering Committee

Defendants shall establish an Interactive Call Processing Defendants' Coordination Committee.[2]   The composition and management of this Committee shall include a representative of each Interactive Call Processing Defendant Group as identified in attached Exhibit B.[3]

The Interactive Call Processing Defendants' Coordination Committee shall coordinate and serve on Plaintiff interrogatories, requests for admission, and requests for documents (where necessary) on one or more of the following eight "Common Discovery Issues."   The Interactive Call Processing Defendants' Coordination Committee shall coordinate and serve on third parties subpoenas for documents and/or depositions concerning the following eight Common Discovery Issues:

---

[1] The paragraph numbering scheme in the Order set forth below tracks the paragraph numbering scheme reflected in the Stipulations submitted by the parties and is used here for ease of reference; consequently paragraphs I, II, and V.B.3. which were included in the Stipulations but not directed to a proposed order from this Court are omitted in this Order.

[2] An attorney from a case in which the teleconferencing patents are at issue shall also be a member of the Interactive Call Processing Defendants' Coordination Committee for scheduling purposes only, but shall not coordinate discovery with other members of the Interactive Call Processing Defendants' Coordination Committee on Common Discovery Issues.  This attorney shall not count in the no more than three (3) to five (5) attorneys from the Interactive Call Processing Defendants's Coordination Committee who shall coordinate with Plaintiff on Common Discovery Issues.

[3] Defendant Groups for the Teleconferencing Defendants are also included on Exhibit B.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

1.

[PROPOSED] DISCOVERY CASE MANAGEMENT
ORDER

1   (1) Plaintiff's patent licensing of the asserted patents, including but not

2   limited to rates and terms;

3   (2) whether any asserted patent claim is invalid based on 35 U.S.C. §§ 102,

4   103 and/or 112;

5   (3) whether Plaintiff's asserted patents are unenforceable under the doctrine

6   of inequitable conduct;

7   (4) whether Plaintiff's asserted patents are unenforceable under the doctrine

8   of prosecution laches;

9   (5) whether Plaintiff's asserted patents are unenforceable under the doctrine

10   of patent misuse;

11   (6) the conception and reduction to practice of any asserted claim;

12   (7) the prosecution of the patents-in-suit; and

13   (8) the alleged inventor Mr. Ronald A. Katz's personal and professional

14   education and background.

15   The Interactive Call Processing Defendants' Coordination Committee shall

16   appoint a single group of no more than three (3) to five (5) attorneys to

17   communicate with Plaintiff's counsel concerning interrogatories, requests for

18   admission and requests for documents served on Plaintiff on Common Discovery

19   Issues, subpoenas served on third-parties, and the scheduling of depositions of

20   Plaintiff, Ronald A. Katz, and third-party witnesses on Common Discovery Issues.

21   Plaintiff shall serve on all counsel via e-mail its objections and/or responses

22   to the interrogatories, requests for admission, and requests for documents served on

23   Plaintiff for Common Discovery Issues.  Plaintiff shall serve any documents in

24   response to these requests to each Defendants' counsel.

25   The Interactive Call Processing Defendants' Coordination Committee shall

26   coordinate and develop questions for depositions of Plaintiff, Plaintiff's employees,

27   Ronald A. Katz, and third-party witnesses on Common Discovery Issues.  The

28   Interactive Call Processing Defendants' Coordination Committee shall appoint a

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx

2.

[PROPOSED] DISCOVERY CASE MANAGEMENT
ORDER

1    Lead Counsel to initiate and take, as comprehensively as possible, the depositions
2    of Plaintiff, Plaintiff's employees, Ronald A. Katz and third party witnesses on
3    Common Discovery Issues.  When this Lead Counsel has completed his or her
4    deposition of the witness, a single counsel for each Defendant or Defendant Group
5    ("Secondary Deposition Counsel") shall be entitled to question the witness
6    concerning Common Discovery Issues not covered by Lead Counsel despite Lead
7    Counsel's good faith efforts to cover the Common Discovery Issues or that
8    constitute reasonable follow-up examination.  The deposition hour limits shall serve
9    as a check on the examination conducted by Secondary Deposition Counsel.

10         Nothing in this Order precludes any Defendant from seeking discovery
11   concerning an individualized issue related to any Common Discovery Issue subject
12   matter set forth above or that may be developed over the course of that Defendant's
13   dispute with Plaintiff.

14       **B.     Protective Order**

15         The parties submitted a Protective Order on August 17, 2007 which the Court
16   adopted on August 20, 2007.

17       **C.     Evidence Preservation Order**

18         The parties' obligation not to destroy documents relevant to the current
19   litigation began upon the filing of suit or the notice of the intent to file suit,
20   whichever came first.  This obligation extends to all types of documents, including
21   e-mail.  If any party has specific concerns about their preservation obligations, and
22   the related burden and expense, that party may move the Court for a reprieve from
23   those obligations.  The fact that a party had a document retention policy in place
24   prior to filing or notice of suit that permitted destruction is not, without more, a
25   justification for destruction of relevant documents.

26
27
28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx                                3.                [PROPOSED] DISCOVERY CASE MANAGEMENT
                                                                                          ORDER

**D.    Management of the Cases In Which The Teleconferencing Patents Are At Issue**

The Court finds that the cases in which the teleconferencing patents are at issue shall be governed by the same timeline as governs the cases in which the interactive call processing patents are at issue, but that the limitations on numbers of written discovery requests, third party subpoenas and hours of deposition in the teleconferencing cases shall be separately set. The proposed discovery parameters unique to the teleconferencing patent cases are separately set forth in Exhibit A hereto.

**IV.    SCOPE OF DISCOVERY: ACCUSED SYSTEMS AND SERVICES**

**A.    Definition of Accused Services**

Plaintiff shall provide Defendants with a revision of its earlier definition of accused services augmented on a per defendant basis by lists of the accused services by name, description of the nature of the service and/or telephone numbers which access those services. . The lists shall be based on Plaintiff's current knowledge and may be revised or expanded based on further information which Plaintiff obtains in discovery concerning defendants' systems and services. Plaintiff will provide this further description on a rolling basis beginning August 10, 2007, and concluding by August 14, 2007.

**B.    The State of Discovery in the Texas Cases and the Ramifications Thereof**

The parties shall have the same discovery rights as they had in the Texas actions as of the date of the transfer. To the extent Plaintiff was entitled to add services or claims (with or without a showing justifying the addition), it retains the right to seek discovery related to such additional services or claims. To the extent Plaintiff was precluded from adding services or claims and discovery was complete prior to the date of transfer, the Court will not reopen the discovery issues here.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx

4.

[PROPOSED] DISCOVERY CASE MANAGEMENT ORDER

## C.    The Parties' Discovery and Production Obligations

In lieu of the party serving Rule 26 document disclosures and Rule 34 requests, RAKTL and Defendants shall produce relevant, non-privileged documents as set forth in this Discovery Case Management Order.  To the extent a party disputes the collection, production, or preservation of relevant, non-privileged documents by another party, or inadvertently fails to produce certain responsive documents during the periods set forth herein, the producing party shall seasonably supplement its production, if necessary to comply with this Discovery Case Management Order.  Moreover, RAKTL and Defendants shall make reasonable efforts to resolve any dispute without application to the Court.

To the extent a Defendant does not assert a timely objection to the production of discovery concerning each of its Accused Systems, each such Defendant shall produce all documents required by this order for each of its Accused Systems, except those Accused Systems which include differences as to which no reasonable, competent patent attorney is likely to find material to an infringement analysis.

The documents to be produced extend only to documents within the possession, custody, or control of the producing Defendant.

Unless otherwise noted herein, produced documentation should be produced covering the period from six years prior to the date of the suit brought against the producing Defendant until the present.  To the extent Defendants have in their possession, custody or control relevant and non-duplicative documents concerning an Accused System operating within the six years prior to suit that was implemented and/or operational prior to that six year time period that are relevant to any claim or defense, Defendants shall also produce those documents without regard to the six year limitation.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx                    5.                    [PROPOSED] DISCOVERY CASE MANAGEMENT
ORDER

# V.    INITIAL DISCLOSURES AND CORE DISCOVERY

## A.    Mandatory Disclosures Under Rule 26

To the extent not previously served, the parties must exchange Rule 26(a) Initial Disclosures on or before August 20, 2007. Those initial disclosures need not include documents that are to be otherwise produced pursuant to this Order.

## B.    Core Discovery

### 1.    Timing of Production

All parties shall produce "Core Discovery," as set forth in Sections V.B.2. and V.B.4. below, without the need for Rule 34 document requests or other discovery requests, on or before August 20, 2007 (*i.e.* 45 days from the July 6, 2007 hearing).

To the extent a party cannot provide certain portions of its Core Discovery on or before that date, the party may file a statement certifying good cause why the party cannot provide that specific discovery on or before August 20. The specific discovery identified in such statement must be produced on or before September 4, 2007 (*i.e.* 60 days from the July 6, 2007 hearing).

### 2.    "Core Discovery" To Be Produced By Defendants

#### a.    System Architecture Documents

Each Defendant shall produce system architecture documents sufficient to show the design, configuration, function and components of each of its Accused Systems, including historical information explaining changes in the Accused Systems over time. To the extent that Defendants rely on third parties to provide any aspect or component of an Accused System, Defendants shall produce documents identifying the third party service providers or vendors, and documents sufficient to show the design, configuration, function, and components provided by the third party.

These systems architecture documents shall include but are not limited to documents regarding the design of any databases that are a part of or utilized with

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx

6.

[PROPOSED] DISCOVERY CASE MANAGEMENT
ORDER

1    each of the Accused Systems, including documents sufficient to show the queries

2    that the databases are designed to accept, to the extent such databases and/or

3    queries are relevant to claim limitations.

4            **b.**    **Call Flows Or Script Logic**

5        Defendants shall produce all call flows and/or script logic for each Accused

6    System and shall make their production in searchable electronic plain-text format to

7    the extent their call flows or script logic are maintained in that way in the ordinary

8    course of business; otherwise, Defendants will produce native graphic files (e.g.

9    Visio files), imaged documents, or hard copies depending on the manner in which

10    their call flows and scripts are kept in the ordinary course of business.

11            **c.**    **Source Code and IVR Code**

12        Defendants shall produce source code for any ICM, PBX, ACD, IVR, CTI

13    server, source code for relevant agent workstation utilities and applications, and

14    IVR code for each of the Accused Systems to Plaintiff at its counsel's office. Such

15    IVR code may be object oriented and/or a graphical and/or functional description of

16    the operation of the IVR system. In addition, Defendants shall produce all versions

17    of the source code of any ICM, PBX, ACD, IVR, CTI server, or relevant agent

18    workstation utilities for each of the Accused Systems, or IVR code, except versions

19    which include differences as to which no reasonable, competent patent attorney

20    would conclude are material to an infringement analysis.

21        For all code produced, Defendants shall, to the extent permissible under

22    applicable licenses, also produce any software and/or programming devices

23    necessary to open, read or visualize that code as in the ordinary course of business

24    and in its usual form that is in their respective possession, custody, or control. If

25    not permissible under applicable licenses, the producing party shall identify any

26    associated software that is necessary to read and search materials produced in

27    native format and shall if necessary assist the receiving party in obtaining such

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx

7.

[PROPOSED] DISCOVERY CASE MANAGEMENT
ORDER

1   software.   It shall be the responsibility of the receiving party to pay for any

2   necessary software licenses.

3        To the extent that any Defendant has particular security concerns related to

4   its source code, that Defendant and Plaintiff shall work cooperatively to establish

5   appropriate protections and/or escrow provisions.

6   **d.   Call Logs**

7        No later than September 4, 2007, Defendants shall produce one day of call

8   history logs generated in connection with each Accused System from the weeks of

9   July 9, July 16, or July 23, 2007, to the extent it is within Defendant's possession,

10  custody, or control, and if not, from the weeks of August 13, August 20, or August

11  27, 2007.   To the extent a Defendant has in its possession, custody, or control a

12  single day of call history logs from prior to December 1, 2005, such Defendant

13  shall also produce that day of call history logs no later than September 4.

14  Defendants shall also produce keys, legends or other documentation that describe or

15  explain the information represented in such logs, without prejudice to Katz's

16  moving this Court for additional and/or different types of logs.   To the extent a

17  Defendant has call history logs in electronic format, the call history logs shall be

18  produced in such format. After the foregoing production, the parties will meet and

19  confer as to the scope of any additional production of call history logs or other call

20  logs that will take place as part of Core Discovery, and to the extent agreement is

21  not reached, the matter may be submitted to the Court for decision.

22       Defendants are not under any obligation to preserve call logs to the extent

23  back ups of those call logs are not maintained in the ordinary course of business.

24       The Court's August 2, 2007 Order issued after the deadline concerning

25  production of call history logs.  Defendants shall not be deemed to be in violation

26  of that Order for not having produced any call history logs by July 27.

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx

8.

[PROPOSED] DISCOVERY CASE MANAGEMENT ORDER

### e.   Physical Location of Hardware

Defendants shall produce documents sufficient to show the physical location of any ICM, PBX, ACD, IVR and CTI servers and the hardware that houses the databases for each Accused System.

### f.   Training and Reference Manuals

Defendants shall produce one copy of each of the training and reference manuals for the hardware and/or software for the ICMs, PBXs, ACDs, IVRs, and CTI servers and databases for each Accused System along with one copy of each of the training and reference manuals used by agents/operators at the workstations and one copy of each of the training and reference manuals covering all or portions of each overall system implemented by each Defendant.

### g.   System Usage

Defendants shall produce documents sufficient to show the monthly and annual usage of each Accused System, such as documents including the number of calls handled by the interactive voice response units ("IVRs"); the average call duration in the IVRs, the total number of minutes for calls handled by the IVRs; the number of calls transferred to a live agent; the number of calls handled outside the IVRs; and the number of calls handled in the IVRs without transfer to a live agent.

The timing of the production of such documents shall be in accordance with the timing set forth in Section V.B.1 above.

### h.   Cost Savings Data

Defendants shall produce documents sufficient to show projected and actual cost savings data related to the use of the Accused Systems.

The timing of the production of such documents shall be in accordance with the timing set forth in Section V.B.1 above.

### i.   Purchase And Implementation Of Accused Systems

Defendants shall produce documents addressing the advantages and/or disadvantages of purchasing and/or implementing Accused Systems, including

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx                9.                [PROPOSED] DISCOVERY CASE MANAGEMENT ORDER

1  feasibility studies, business plans, feature and benefit descriptions, and documents

2  addressing actual or potential cost savings.

3      The timing of the production of such documents shall be in accordance with

4  the timing set forth in Section V.B.1 above.

5                    **j.      Organizational Charts**

6      Defendants shall produce organizational charts or other documents sufficient

7  to identify the teams and individuals responsible for purchasing, implementing,

8  upgrading and maintaining the Accused Systems, to the extent these charts exist

9  and are maintained in the ordinary course of Defendants' business.

10                    **k.      Screen Shots**

11      Defendants shall produce relevant screen shots in the possession, custody or

12  control of the Defendants that demonstrate the data fields seen by call agents or

13  operators prior to and after accepting a call from the IVR.

14      The timing of the production of such documents shall be in accordance with

15  the timing set forth in Section V.B.1 above.

16                    **l.      Audio and Video Recordings**

17      Defendants need not produce samples of their audio and video recordings of

18  actual customer calls for quality assurance and/or training purposes, without

19  prejudice to Katz's renewing its request for such recordings for good cause shown.

20                    **m.      Prior Art**

21      Defendants shall produce any documents relating to any prior art that these

22  Defendants contend invalidate any of the asserted claims, either alone or in

23  combination, along with Defendants' invalidity contentions according to the

24  schedule established by Judge Klausner for invalidity contentions.    These

25  documents need not be produced as Core Discovery.

26                    **n.      Non Privileged Communications**

27      Defendants shall produce the following categories of information:

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx            10.      [PROPOSED] DISCOVERY CASE MANAGEMENT
                                                            ORDER

1          1) Any non-privileged communications between Defendants and Plaintiff,

2     A2D, or Ronald A. Katz, concerning any of the patents asserted in these

3     coordinated actions or any patent that descends from U.S. Patent App. No.

4     06/753/299, filed July 10, 1985.

5          2) Any non-privileged communications with third parties about Plaintiff,

6     A2D, or Ronald A. Katz, or any of the patents asserted in these coordinated actions

7     or any patent that descends from U.S. Patent App. No. 06/753,299, filed July 10,

8     1985.

9          3) Any non-privileged documents showing any discussion of, plans for, or

10    efforts to design around any patent-in-suit.

11         The timing of the production of such documents shall be in accordance with

12    the timing set forth in Section V.B.1 above.

13                    **o.      Manner of Production**

14         Defendants shall provide copies of documents produced to Plaintiff at

15    Plaintiff's counsel's office.   To the extent the documents are maintained

16    electronically or Defendants have copies of documents in electronic form prior to

17    production, the documents must be produced in electronic form.   Plaintiff's

18    obligations with respect to documents produced by it will be the same.   All parties

19    shall produce documents and/or electronic files with production numbers, in

20    reasonably feasible format, in accordance with ordinary production procedures and

21    consistent with other productions already undertaken in this case.

22         This section also incorporates Section XI.E. as adopted by the Court

23    regarding further requirements applicable to all productions.

24              **4.     "Core Discovery" To Be Produced by Katz**

25         Katz shall produce the following documents to the Defendants without the

26    need for Rule 34 document requests or other discovery requests on or before

27    August 20, 2007:

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx                    11          [PROPOSED] DISCOVERY CASE MANAGEMENT
                                                                          ORDER

1.     The file wrapper for each patent asserted in these coordinated actions and for each application that descends from U.S. Patent App. No. 06/753,299, filed July 10, 1985, any reexaminations or reissues of any such patents, and any interferences related to any patent or application that descends from U.S. Patent App. No. 06/753,299, filed July 10, 1985.

2.     All license agreements of Katz or any related entity for the patents asserted in these coordinated actions or any patent that descends from U.S. Patent App. No. 06/753,299, filed July 10, 1985, including but not limited to any side letters or understanding relating to the above.

3.     All documents relating to all license agreements of Katz or any related entity for the patents asserted in these coordinated actions or any patent that descends from U.S. Patent App. No. 06/753,299, filed July 10, 1985, including but not limited to any side letters or understanding relating to the above.

4.     Documents relating to all efforts of Katz or any related entity to license the patents asserted in these coordinated actions or any patent that descends from U.S. Patent App. No. 06/753,299, filed July 10, 1985, including drafts of Agreements and documents that refer to license or settlement negotiations.

5.     Documents sufficient to show the royalties paid to Katz or any related entity for licenses, covenants not to sue or similar rights for any of the patents asserted in these coordinated actions.

6.     All pleadings, written discovery responses of Katz, expert reports served on behalf of Katz, and deposition transcripts with exhibits of Ronald A. Katz and any Katz witness or expert from prior litigations involving the patents asserted in these coordinated actions.

7.     All documents relating to the prosecution of each patent asserted in these coordinated actions and for each application that descends from U.S. Patent App. No. 06/753,299, filed July 10, 1985, and/or related to any reexaminations or reissues of any such patents.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx

12.

[PROPOSED] DISCOVERY CASE MANAGEMENT
ORDER

8.   All documents related to any interference related to any patent or application that descends from U.S. Patent App. No. 06/753,299, filed July 10, 1985.

9.   All documents produced by Katz in any litigation relating to any patent or application descends from U.S. Patent App. No. 06/753,299, filed July 10, 1985.

10.   All documents relating to any prior art to any patent asserted against any Defendant in this action.

11.   All documents evidencing the conception and/or the reduction to practice of any invention claimed by any patent asserted against any Defendant in this action.

12.   Documents showing ownership of the patents-in-suit.

13.   All documents relating to the acquisition of the patents-in-suit by Katz.

14.   All documents relating to any sale or pledge of any of the patents-in-suit.

15.   All documents relating to any accused system, product or service.

16.   All third party documents related to infringement of Accused System.

17.   All documents relating to any communication with any Defendant with respect to any Katz patents.

18.   All documents relating to any pre-suit investigation conducted by Katz with respect to the Defendants in this matter.

19.   Documents that were produced by Defendants in any other patent litigation brought by Katz, where the documents produced are not confidential to the producing party, including documents which were provided to the producing party by a third party.

20.   Communications, including attachments, between RAKTL and AT&T that refer or relate to actual or anticipated litigation brought by MCI against AT&T involving RAKTL patents.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx

13.

[PROPOSED] DISCOVERY CASE MANAGEMENT
ORDER

21.   Communications, including attachments, between RAKTL and MCI that refer or relate to actual or anticipated litigation brought by MCI against AT&T involving RAKTL patents.

22.   Documents and communications, including attachments, that refer or relate to the licensing of AT&T under the RAKTL patents, including all negotiations involving AT&T and RAKTL and all documents that refer or relate to those negotiations.

23.   Documents and communications, including attachments, that refer or relate to the AT&T license under the RAKTL patents.

24.   All documents that refer or relate to any Defendant or any of its telephone numbers.

25.   All license agreements of Katz or any related entity for the patents asserted in these coordinated actions or any patent that descends from U.S. Patent App. No. 06/753,299 not included in prior productions, including but not limited to the licenses with UnionBankCal, Marriott, PNC, Cullen/Frost, Petmed and Alltel.

26.   Communications, including attachments, between RAKTL and a RAKTL licensee that refer or relate to a customer of the RAKTL licensee.

27.   All pleadings, written discovery responses, expert reports, and deposition transcripts with exhibits from prior litigations involving the patents asserted in these coordinated actions.

28.   Documents, including any electronic databases that demonstrate all actual payments to RAKTL or any related entity for licenses, covenants not to sue or similar rights for any of the patents asserted in these coordinated actions or any patent that descends from U.S. Patent App. No. 06/753,299, filed July 10, 1985

29.   Documents that show any interest held by any entity or person in the patents asserted in this litigation, any patents in the RAKTL portfolio, any patents or applications in which Ronald A. Katz has an interest, and any interest held by an entity or person in the outcome of this litigation.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx

14.

[PROPOSED] DISCOVERY CASE MANAGEMENT
ORDER

### 5.    Third Party Confidentiality

Where a party is bound by an agreement or other obligation to protect a third party's confidential material, that party shall follow the procedures in the Protective Order to be entered by the Court that corresponds to and includes paragraph 20 of the August 20 Protective Order.

### 6.    Core Discovery Depositions

Each Defendant shall, if requested by Plaintiff, make available no later than November 19, 2007 one or more witnesses for a preliminary Rule 30(b)(6) deposition concerning the architecture, design, configuration, function and operation of its accused systems and services, with the total deposition time not to exceed 10 hours. Such hours will count against the total hours allotted to Katz for fact depositions per Defendant Group.

Concurrently, Plaintiff shall, if requested by one or more Defendants, make available no later than November 19, 2007, one or more witnesses for an initial Rule 30(b)(6) deposition on the subject of its licensing efforts, with the total deposition time for all Defendants on this common issue not to exceed 10 hours. Such hours will count against the Common Subject deposition hours allotted to Defendants, and/or the hours allotted to each Defendant on individualized topics if the deposition time is consumed in that manner.

Such preliminary Rule 30(b)(6) depositions shall be without prejudice to subsequent or follow up depositions relating to the same topics, if necessary.

### VI.    ADDITIONAL DISCOVERY

### A.    Discovery In Addition to Core Discovery

The parties may serve discovery requests to obtain discovery other than the "Core Discovery" set forth above. No party need serve its response to such requests, however, prior to September 4, 2007. Further, with respect to any discovery requests seeking a party's contentions, such discovery requests shall be

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx

15.

[PROPOSED] DISCOVERY CASE MANAGEMENT
ORDER

1   held in abeyance and no response or objection thereto required pending further

2   direction from Judge Klausner as to the management of this MDL proceeding.

3   **B.   Discovery of Opinion Letters**

4   To the extent any Defendant intends to rely upon the advice of counsel as a

5   defense to willfulness, that Defendant must produce all opinion letters received

6   from counsel and all related documents that are (1) not privileged and (2) privileged

7   but for which privilege is waived either voluntarily or as a matter of law, no later

8   than sixty (60) days prior to the close of fact discovery.

9   **VII.   COMMON DISCOVERY**

10   **A.   The Scope of Common Discovery**

11   The Court finds that at least the following eight subjects are to be included in

12   Common Discovery, without prejudice to any party supplementing this list:

13   1.   Katz's patent licensing of the asserted patents, including but not

14   limited to rates and terms.

15   2.   Whether any asserted patent claim is invalid based on 35 U.S.C.

16   §§ 102, 103 and/or 112.

17   3.   Whether Katz's asserted patents are unenforceable under the doctrine

18   of inequitable conduct.

19   4.   Whether Katz's asserted patents are unenforceable under the doctrine

20   of prosecution laches.

21   5.   Whether Katz's asserted patents are unenforceable under the doctrine

22   of patent misuse.

23   6.   The conception and reduction to practice of any invention claimed by

24   the asserted patents.

25   7.   The prosecution of the patents-in-suit.

26   8.   Ronald A. Katz's personal and professional education and background.

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx                    16.          [PROPOSED] DISCOVERY CASE MANAGEMENT
                                                                              ORDER

**B.    Common "Master" Document Requests**

The Court will not limit discovery to the information provided with respect to disclosures required by the Discovery Case Management Order.

The Interactive Call Processing Defendants shall propound Rule 34 document requests on Plaintiff for Common Discovery Issues in accordance with the manner described above in Section III.A.1.

**C.    Documents From Prior Litigations Involving Katz**

Each party may use documents in this litigation that were produced by Defendants in any other prior patent litigation brought by RAKTL, where the documents produced are not confidential to the producing party, including documents which were provided to the producing party by a third party, subject to the approval of the third party that provided the documents to the producing party. RAKTL may not use any such document against another Defendant, however, unless and until that document is produced to that Defendant and specifically referenced by Bates number in RAKTL's infringement contentions served on that Defendant. In addition, RAKTL may not produce confidential documents produced by any Defendant or third party without the producing party's permission.

**D.    Common "Master" Interrogatories And Requests For Admission**

The Interactive Call Processing Defendants shall propound interrogatories and requests for admission on Plaintiff for Common Discovery Issues in accordance with the manner described above in Section III.A.1.  Defendants shall not be limited to a single set of interrogatories and requests for admission to Plaintiff addressing Common Discovery Issues, but the total number of common interrogatories and requests for admission shall not exceed the limits set forth below in Section VIII.

**E.    Deposition of the Inventor**

The Interactive Call Processing Defendants shall coordinate and develop questions for the deposition of Ronald A. Katz on Common Discovery Issues in

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx

17.

[PROPOSED] DISCOVERY CASE MANAGEMENT
ORDER

1  accordance with the manner described above in Section III.A.1.   Limits are
2  discussed below.

    **F.   Depositions of Katz Witnesses Other Than The Inventor**

4      The Interactive Call Processing Defendants shall coordinate and develop
5  questions for depositions of the Plaintiff witnesses on Common Discovery Issues in
6  accordance with the manner described above in Section III.A.1.   Limits are
7  discussed below.

    **G.   Common Subject Subpoenas To Third Parties**

9      The Interactive Call Processing Defendants shall propound third party
10  subpoenas for documents and depositions for Common Discovery issues in
11  accordance with the manner described above in Section III.A.1.   Limits are
12  discussed below.

**VIII. LIMITS ON FACT DEPOSITIONS AND WRITTEN DISCOVERY**

    **A.   Fact Depositions**

15      ***Depositions of Third Parties by Plaintiff***: Plaintiff shall have up to two
16  hundred ten (210) hours for non-party, non-expert depositions.

17      ***Depositions of Defendants by Plaintiff***:  Plaintiff shall have up to sixty (60)
18  hours of fact witness deposition time against each Defendant or Defendant Group.

19      ***Depositions of Inventor Ronald A. Katz by Defendants***: The Interactive Call
20  Processing Defendants shall depose the inventor, Ronald A. Katz, for no more than
21  thirty-five (35) hours on Common Discovery Issues.  Each Defendant Group in the
22  Interactive Call Processing Cases shall have five hours to depose the inventor on
23  individualized issues.

24      ***Depositions of RAKTL***: The Interactive Call Processing Defendants shall
25  depose RAKTL for no more than seventy-five (75) hours on Common Discovery
26  Issues.   Each Defendant Group in the Interactive Call Processing Cases may
27  additionally depose RAKTL for no more than fourteen (14) hours on individual
28  isssues

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx

18.

[PROPOSED] DISCOVERY CASE MANAGEMENT ORDER

1   ***Depositions of Third Parties by Interactive Call Processing Defendants***:

2   The Interactive Call Processing Defendants shall have up to two hundred fifty (250)

3   hours of depositions of third parties (non-party, non-expert) on Common Discovery

4   Issues.  Each Interactive Call Processing Defendant Group shall have up to twenty-

5   one (21) hours of deposition for third parties for individualized issues.

6   **B.    Interrogatories**

7   Local Rules 33-1 through 33-3 and Rule 33 of the Federal Rules of Civil

8   Procedure shall govern the time in which the parties shall object and or respond to

9   interrogatories.  Local Rules 37-1 and 37-4 shall govern the meet and confer

10   requirements of the parties.

11   ***Interrogatory Limits for Plaintiff to Serve on Defendants***:  Plaintiff shall be

12   limited to twenty-five (25) interrogatories per Defendant for the Interactive Call

13   Processing Cases.

14   ***Interrogatory Limits for the Interactive Call Processing Defendants to***

15   ***Serve on RAKTL***: The Interactive Call Processing Defendants may serve up to

16   twenty-five (25) interrogatories on Common Issues on RAKTL.  Each Interactive

17   Call Processing Defendant Group may serve up to fifteen (15) individualized

18   interrogatories on RAKTL.

19   **C.    Requests for Admission**

20   L.R. 36-1 through 36-3 shall govern the use of requests for admission in

21   these coordinated actions.

22   ***Requests for Admission Limits for Plaintiff to Serve on Defendants***:

23   Plaintiff shall have up to one hundred (100) requests for admission against each

24   Defendant or Defendant group, exclusive of requests for admission going to

25   authenticity or genuineness of documents.

26   ***Requests for Admission Limits for the Interactive Call Processing***

27   ***Defendants to Serve on RAKTL***:  The Interactive Call Processing Defendants shall

28   have up to two hundred (200) requests for admission to serve on RAKTL on

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx

19

[PROPOSED] DISCOVERY CASE MANAGEMENT
ORDER

1   Common Issues, exclusive of requests for admission going to authenticity or

2   genuineness of documents.  Each Interactive Call Processing Defendant Group shall

3   have up to thirty-five (35) requests for admission to serve on RAKTL on

4   individualized issues, exclusive of requests for admission going to authenticity or

5   genuineness of documents.

6   **D.   Third Party Subpoenas**

7   Plaintiff may serve no more than one hundred fifty (150) subpoenas on third

8   parties.

9   The Interactive Call Processing Defendants may serve no more than one

10   hundred (100) subpoenas on third parties on Common Issues and ten (10)

11   subpoenas per Defendant Group on individual issues.

12   **IX.   LIMITS ON FACT DEPOSITIONS AND WRITTEN DISCOVERY IN THE**
13        ***CITIBANK* CASE**

     Pursuant to the Texas Court's March 23, 2007 Order (D.I. 325), Plaintiff

14   shall have up to sixty-three (63) hours for depositions of Wal-Mart's individual and

15   30(b)(6) fact witnesses, said sixty-three (63) hours to include any time already spent

16   deposing Wal-Mart's individual and 30(b)(6) fact witnesses.

17   The *Citibank* parties are limited to thirty (30) common interrogatories per

18   side.

19   Plaintiff shall have up to sixty (60) hours for depositions of T-Mobile's

20   individual and 30(b)(6) fact witnesses, said sixty (60) hours to include any time

21   already spent deposing T-Mobile's individual and 30(b)(6) fact witnesses.

22   All other discovery limits in the MDL shall apply to the *Citibank* case.

23   **X.   EXPERT REPORTS AND EXPERT DEPOSITIONS**

24   The parties agree to postpone discussions concerning the timing and scope of

25   expert discovery until a later date.

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Kat' Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx

20

[PROPOSED] DISCOVERY CASE MANAGEMENT
ORDER

## XI.    OTHER DISCOVERY ISSUES

### A.    E-Mail

Following production of the document discovery delineated above, RAKTL and each Defendant shall meet and confer regarding the production of e-mail. RAKTL shall provide Defendants' Counsel with a list of document custodians for each Defendant or Defendant group who appear most likely to have relevant e-mails in their files.

Likewise, Defendants shall separately provide RAKTL's Counsel with a list of document custodians for RAKTL, A2D, and affiliated entities that appear most likely to have relevant e-mails in their files.

The parties then shall meet and confer regarding the number and identity of relevant custodians and the identity of electronic search terms for RAKTL and for each Defendant or Defendant group within two (2) weeks after the parties provide such list. Once agreed upon for a Defendant, Defendant Group, and RAKTL, the search terms shall be run electronically against the email files of the agreed upon designated custodians, and RAKTL, the Defendant or Defendant Group shall produce any relevant emails resulting from search.

### B.    Personal Data About Customers

If any Defendant finds it necessary to redact from its produced documents private, personal information regarding a customer, Defendant shall use a unique code to identify the basis for the redaction and bear the cost of such redaction. Defendants must maintain and make available for inspection, but not copying, unredacted copies of any documents produced with redacted customer information.

### C.    System Security Information

Defendants may redact system security information from documents produced to Katz, using a unique code to identify the basis for the redaction. The defendant shall bear the cost of such redaction. Defendants must maintain and

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx                        21.        [PROPOSED] DISCOVERY CASE MANAGEMENT
ORDER

1   make available for inspection but not copying unredacted copies of any documents

2   produced with redacted system security information.

3   **D.    Privilege Logs**

4       All parties shall exchange privilege logs in searchable electronic form. With

5   regard to documents withheld from Core Discovery on privilege grounds, parties

6   shall provide a privilege log no later than November 5, 2007.  Each Defendant's log

7   shall end as of the date it was sued and Katz's log provided to each Defendant shall

8   likewise need not identify any document created after the date of Katz's last suit.

9       **E.    Format For Production of Electronic Discovery**

10      Documents maintained in electronic form in a party's ordinary course of

11  business or scanned into electronic form before the date of production shall be

12  produced in electronic form. Where reasonably feasible such documents shall be

13  produced in electronic format with TIFF images and load files (that indicate the

14  beginning and ending of each document) that will allow the images to be loaded to

15  a document production database. To the extent that materials (for example, source

16  code and call log files) are maintained in the ordinary course of business in

17  electronic, plain-text (e.g. ASCII text) files or otherwise exist in a format not

18  reasonably readable and useable other than in their native format, such documents

19  shall be produced in their native format. The producing party shall identify any

20  associated software that is necessary to read and search materials produced in

21  native format and shall, if necessary, assist the receiving party in obtaining such

22  software. It shall be the responsibility of the receiving party to pay for any

23  necessary software licenses.  Documents that are not maintained in electronic form

24  in a Defendant's ordinary course of business and not scanned into electronic form

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx

22.

[PROPOSED] DISCOVERY CASE MANAGEMENT
ORDER

1   prior to the date of production shall be produced in the same manner in which they

2   are maintained (*e.g.*, hard copies). In all cases (except with respect to source code),

3   copies of the documents (whether in electronic format or hard copy) shall be

4   delivered to the office of counsel for the receiving party.

5        IT IS SO ORDERED.

6

7   Dated:      AUG 2 8 2007

8                                       **Frederick F. Mumm**

9                                        FREDERICK F. MUMM

10                               United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO
    In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx     23.     [PROPOSED] DISCOVERY CASE MANAGEMENT ORDER

SCANNED

# EXHIBIT A: TABLE OF CONTENTS

**PAGE**

I.    TELECONFERENCING CORE DISCOVERY ............................................................. 1

  A.    Documents To Be Produced To Plaintiff By Teleconferencing Defendants ......... 1

    1.    The Genesys Defendants................. .. ..... .. .. ........................................ 1

    2.    The Qwest Defendants ...................................................................... 2

  B.    Documents to be Delineated or Produced to Teleconferencing Defendants by Plaintiff.. .. .. .. ..... ....... .................................................................... 3

II.   PARTY DISCOVERY LIMITATIONS AND DISPUTE RESOLUTION ........................ 3

III.  THIRD-PARTY DISCOVERY LIMITATIONS .......................................................... 5

IV    EXPERT DEPOSITIONS. ........................................................................................ 5

V     DISCOVERY DISPUTE RESOLUTION ................................................................... 5

VI.   SOURCE CODE PROVISIONS IN THE PROTECTIVE ORDER ................................ 5

  A.    The Qwest Defendants ... .. ........................................................................ 5

  B.    The Genesys Defendants........................................................................... 6

VII.  INTERROGATORIES PREVIOUSLY SERVED ON THE GENESYS DEFENDANTS ....... ................................................................................................ 9

VIII. TELECONFERENCING DEFENDANTS' INVALIDITY CONTENTIONS .................. 9

# EXHIBIT A

## I.    TELECONFERENCING CORE DISCOVERY.

## A.    Documents To Be Produced To Plaintiff By Teleconferencing Defendants

### 1.    The *Genesys* Defendants.

Defendants Genesys Conferencing, Inc., Global Crossing Telecommunications, Inc. d/b/a Global Crossing Conferencing, Premiere Global Services, Inc., and American Teleconferencing Services, Inc. ("*Genesys* Defendants") shall commence producing Core Discovery documents immediately.

The *Genesys* Defendants' production of Core Discovery documents shall be completed by August 20, 2007, subject to extension to September 4, 2007 for good cause shown.

Plaintiff's production of Core Discovery documents shall be completed by August 20, 2007, subject to extension to September 4, 2007 for good cause shown.

"Core Discovery" includes all documents set forth in the Joint Stipulation and Proposed Case Management Order submitted herewith. The *Genesys* Defendants' Core Discovery includes, but is not limited to, documents relating to the *Genesys* Defendants' conferencing services, including but not limited to the Genesys Meeting Center, Genesys Event Service, Genesys Telemeeting, Genesys MultiConference Manager, Global Crossing Ready-Access, Global Crossing Web Moderator, Global Crossing Ready-Access Web Meeting, Global Crossing eMeeting, Global Crossing Ready-Access Record, Global Crossing Live Meeting, Global Crossing Event Call, Global Crossing Event Express, Global Crossing Automated Event Call, Global Crossing Wholesale Conferencing Services, Premiere ReadyConference, Premiere ReadyConference Plus, Premiere ReadyConference GlobalMeet, PremiereCall, PremiereCall Event, PremiereCall Auditorium, PremiereCall Connection, Premiere EuroMeeting, Premiere Host

Controls, and any functionally-similar service.   Furthermore, the Genesys Defendants' Core Discovery shall include documents relating to services provided directly to end users, as well as services provided by the Genesys Defendants to end users through third-party intermediaries, including but not limited to CEOExpress, Primus, USAWorldTel, Business Solutions & Services LLC, AudioFile Solutions, and third-parties in Global Crossing's Global Partner Program.

The technical Core Discovery categories set forth in the Joint Stipulation and Proposed Case Management Order should be understood to apply not only to the interactive voice response (IVR) aspects of the Teleconferencing Defendants' accused services, but also to the other accused functionalities and instrumentalities of the accused services as identified in Katz's Preliminary Infringement Contentions, including but not limited to "music on hold" prior to conferences, conference bridging, announcements and tones played before and during conferences, muting, polling, control commands, data entry via telephone keypad, storage of information in memory, and display of information at terminals.

Provided that the *Genesys* Defendants' core discovery production is complete by September 4, 2007, Plaintiff shall serve supplemental infringement contentions, including references to specific pages of the Genesys Defendants' production, by November 20, 2007.

## 2.   The *Qwest* Defendants

Defendants Qwest Communications International Inc.; Qwest Wireless, L.L.C.; Qwest Communications Corporation; Qwest LD Corp.; Qwest Broadband Services, Inc.; and Qwest Interprise America, Inc.'s ("*Qwest* Defendants;" collectively, with the "*Genesys* Defendants," the "Teleconferencing Defendants") shall complete their production of Core Discovery by August 20, 2007.   "Core Discovery" includes all documents set forth in the Joint Stipulation and Proposed

Case Management Order submitted herewith and includes, but is not limited to, documents relating to the *Qwest* Defendants' conferencing services,

**B.    Documents to be Delineated or Produced to Teleconferencing Defendants by Plaintiff.**

Plaintiff is ordered to identify by Bates number or produce again the documents that relate to the *Genesys* defendants.

**II.    PARTY DISCOVERY LIMITATIONS AND DISPUTE RESOLUTION.**

The following discovery limits shall apply for Katz and the Teleconferencing Defendants, with respect to issues relating to the teleconferencing patents:

- Thirty (30) interrogatories per side;
- Fifty (50) requests for admission ("RFAs") per side, exclusive of RFAs going to authenticity or genuineness of documents;
- Eighty (80) hours of non-party, non-expert depositions per side; and
- Plaintiff shall have up to two hundred (200) hours for depositions of the Teleconferencing Defendants' witnesses (individual and Rule 30(b)(6) witnesses), to be used within the following limits:
  - Forty (40) hours for depositions of Defendant *Genesys*;
  - Forty (40) hours for depositions of Defendant Global Crossing;
  - Fifty (50) hours for depositions of Defendants Premiere Global and American Teleconferencing;
  - Seventy (70) hours of deposition time against the Qwest Defendants collectively, exclusive of Federal Rule of Civil Procedure 30(b)(6) depositions regarding document retention, search and production issues.

With respect to the Qwest Defendants, the above enumerated discovery, which applies to discovery related to issues specific to the teleconferencing patents, is in addition to that set forth in the [Proposed] Discovery Case Management Order

1   submitted herewith.   With respect to the *Genesys* Defendants, which are not

2   defending against the IVR patents, the above enumerated discovery limits shall

3   govern.   However, the *Genesys* Defendants shall be entitled to attend and

4   participate in the depositions of Ronald A. Katz in the call processing cases.

5   The parties may serve common interrogatories and common requests for

6   admission, meaning that should the Plaintiff serve an interrogatory (or RFA)

7   requesting a response from each Defendant, that counts as a single interrogatory (or

8   RFA).   Likewise, should one of the Teleconferencing Defendants serve an

9   interrogatory (or RFA) on the Plaintiff requesting a response as it relates to each

10   Teleconferencing Defendant, that also counts as a single interrogatory (or RFA).

11   The deposition of each party witness shall be limited to a maximum of seven

12   (7) hours on the record, which may be increased by no more than one (1) hour upon

13   agreement of the parties, but each 30(b)(6) witness may be deposed for a maximum

14   of ten (10) hours per 30(b)(6) witness.   Provided a party has not exhausted its

15   deposition time, a party may serve multiple 30(b)(6) notices, although such notices

16   shall not repeat topics that were previously the subject of a 30(b)(6) deposition.

17   The following discovery limits shall also apply for Plaintiff and the

18   Teleconferencing Defendants, with respect to issues relating to the teleconferencing

19   patents:

20   The Teleconferencing Defendants shall together have up to one hundred

21   thirty (130) hours for depositions of Plaintiff's witnesses (individual and Rule

22   30(b)(6) witnesses).

23   The Teleconferencing Defendants' deposition of Ronald A. Katz shall be

24   limited to twenty-eight (28) hours, with no more than ten (10) hours by any

25   Teleconferencing Defendant.   The deposition time of Ronald A. Katz shall be in

26   addition to the 130 hours of deposition time for Plaintiff's witnesses by the

27   Teleconferencing Defendants.

28

## III.   THIRD-PARTY DISCOVERY LIMITATIONS.

Absent leave of Court, each party shall be permitted to serve no more than twenty (20) subpoenas on third parties on issues relating to the teleconferencing patents.

Each party is permitted to use in this litigation documents that were produced by Plaintiff and defendants in any other patent litigation brought by Plaintiff, where the documents produced are not confidential to the producing party and were provided to the producing party by a third party, subject to the approval of the third party that provided the documents to the producing party.

## IV.   EXPERT DEPOSITIONS.

After expert reports have been served, Plaintiff and the Teleconferencing Defendants shall confer about the numbers of hours of deposition needed for experts and submit a proposal to the Court.

## V.   DISCOVERY DISPUTE RESOLUTION.

Plaintiff and the Teleconferencing Defendants shall strictly comply with the Court's meet-and-confer requirement.  To the extent the Plaintiff and one or more of the Teleconferencing Defendants have any dispute regarding whether information is "Core Discovery," the parties shall conduct an in-person meet-and-confer at a mutually agreeable location as soon as practicable, but in no event later than ten (10) business days after a written request for a meet-and-confer by email, facsimile, or hand delivery.  If the parties are unable to agree on a location, the meet-and-confer shall occur in the Central District of California.

## VI.   SOURCE CODE PROVISIONS IN THE PROTECTIVE ORDER.

### A.   The Qwest Defendants

The provisions with respect to issues relating to source code as set forth in section V(B)(2)(c) of the Further Joint Stipulation and Argument Re: Proposed

Discovery Case Management Order Pursuant to 8/2/07 Court Order, to which both Plaintiffs and *Qwest* Defendants agreed, apply to the *Qwest* Defendants' production of all their source code, relating both to the teleconferencing and interactive call processing patents.

**B.    The *Genesys* Defendants**

The *Genesys* parties have agreed upon the form of a proposed Supplemental Protective Order to govern source code production in the *Genesys* case, which the *Genesys* parties respectfully request that the Court enter.    The proposed Supplemental Protective Order is submitted herewith.

## VII.    INTERROGATORIES PREVIOUSLY SERVED ON THE *GENESYS* DEFENDANTS.

The *Genesys* Defendants shall serve complete, verified substantive responses (not objections) to Plaintiff's First Set Of Common Interrogatories (1-10), served on March 2, 2007, no later than five (5) business days after this Court's entry of a Case Management Order.  Upon service of the First Set of Common Interrogatories (1-10) on the Qwest Defendants, their responses shall be due within the time limit provided under the Federal Rules of Civil Procedure.    Plaintiff's First Set of Common Interrogatories shall count as 10 common interrogatories for purposes of the thirty (30) interrogatory limit set forth above.

## VIII. TELECONFERENCING DEFENDANTS' INVALIDITY CONTENTIONS.

The *Genesys* Defendants shall serve copies of all known prior art references, and invalidity contentions including detailed claim charts, by August 8, 2007.

The Qwest Defendants shall produce any documents relating to any prior art that these defendants contend invalidate any of the asserted claims, either alone or in combination, along with invalidity contentions according to the schedule established by Judge Klausner for invalidity contentions for the Defendants that are also addressing the call processing patents.

SCANNED

**Exhibit B**

COOLEY GODWARD KRONISH LLP
STEPHEN C. NEAL (CA Bar No. 170085)
(nealsc@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:  (650) 843-5000
Facsimile:  (650) 857-0663
Attorneys for Plaintiff
RONALD A. KATZ TECHNOLOGY LICENSING, L.P.
in the Cases Transferred from the Eastern District of Texas


HOWREY LLP
MATTHEW J. MOORE (pro hac vice)
(moorem@howrey.com)
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: 202-783-0800
Fax: 202-383-6610
Defendants' Liaison Counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| In Re KATZ INTERACTIVE CALL PROCESSING LITIGATION | Case No.  07-ML-1816 RGK (FFM) |
|---|---|
| | [PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER |
| | Magistrate Judge Frederick F. Mumm |
| This document relates to: | Case No. CV 07-2254 RGK (FFM) |
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P. | |
| V. | |
| GENESYS CONFERENCING, INC., ET. AL. | |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx

[PROPOSED] SUPPLEMENTAL PROTECTIVE
ORDER (CV 07-2254 RGK)

1        The following provisions shall apply in the above-captioned case in

2    addition to the provisions of the Protective Order entered on August 20, 2007.

3        <u>Designation of Highly Confidential Source Code.</u>   A producing

4    Defendant or nonparty may designate as "HIGHLY CONFIDENTIAL SOURCE

5    CODE," in whole or in part, any electronic source code which contains highly

6    confidential information that the producing party or nonparty believes in good faith

7    to be so commercially sensitive or confidential that disclosure to persons other than

8    those listed in Paragraph 7 of the August 20, 2007 Protective Order (entitled

9    "Access to RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY

10   Materials") would have the effect of causing harm to the competitive commercial

11   position of the producing Defendant or nonparty, and which is to be disclosed or

12   produced to a party in this MDL action.   The marking shall state "HIGHLY

13   CONFIDENTIAL SOURCE CODE" or other similar legend, along with a

14   designation, *e.g.*, bates number prefix, of the identity of the designating producing

15   Defendant or nonparty.

16       <u>Location of production.</u>   Any source code designated "HIGHLY

17   CONFIDENTIAL SOURCE CODE" may be produced to Plaintiff at secure escrow

18   facilities in the vicinities of both Palo Alto, California, and Reston, Virginia.   The

19   parties agree that the escrow facilities may be administered by InnovaSafe, Inc. of

20   Valencia, California, provided that InnovaSafe is able to provide suitable escrow

21   facilities in both the Palo Alto and Reston areas.

22       Alternatively, any source code designated "HIGHLY CONFIDENTIAL

23   SOURCE CODE" may initially be produced to Plaintiff at the Palo Alto offices of

24   Plaintiff's counsel Cooley Godward Kronish LLP ("Cooley").   Upon reasonable

25   notice by Plaintiff, and depending on the nature and volume of such source code

26   produced at Cooley's Palo Alto office, any party or nonparty initially producing

27   source code at Cooley's Palo Alto office shall additionally produce the same source

28   code at Cooley's Reston office.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx

2.

[PROPOSED] SUPPLEMENTAL PROTECTIVE
ORDER (CV 07-2254 RGK)

1    <u>Source Code Format, Maintenance, and Destruction.</u>  The source code

2    shall be produced in a fully machine-readable and electronically-searchable form.

3    All source code designated "HIGHLY CONFIDENTIAL SOURCE CODE" shall

4    be maintained on stand-alone computers that are not networked and have no

5    Internet connection.  The stand-alone computers shall contain two copies of the

6    source code, a "master copy" and a "working copy" that can be annotated.  No

7    additional electronic copies of the source code shall be made by or on behalf of the

8    receiving party.

9         If source code is produced to Plaintiff's Cooley counsel's offices, the

10   producing party or nonparty shall produce the source code on a passcode-protected

11   external hard drive, or on another generally accepted medium selected by the

12   producing party or nonparty.  The passcode for the hard drive will be given only to

13   Plaintiff's Cooley counsel.  Plaintiff's Cooley counsel may use the hard drive to

14   create one "master copy" and one "working copy" on a stand-alone computer in a

15   dedicated office.  Plaintiff's Cooley counsel will store the passcode-protected hard

16   drive in a locked drawer within the dedicated office at all times.  The dedicated

17   office shall remain locked at all times except when source code review is underway.

18   Only Plaintiff's Cooley counsel may possess copies of the keys to the dedicated

19   office and locked drawer.  All review of source code at Plaintiff's Cooley counsel's

20   offices shall be performed under the supervision of Plaintiff's Cooley counsel, who

21   shall escort any reviewing persons in and out of the secured offices and monitor

22   their compliance with all provisions of the Protective Order and Supplemental

23   Protective Order.

24        No stand-alone computer may be removed from its escrow facility or

25   dedicated office until its "HIGHLY CONFIDENTIAL SOURCE CODE" contents

26   have been destroyed.  The receiving party shall certify that all "HIGHLY

27   CONFIDENTIAL SOURCE CODE" contents (including electronic and paper

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx

3.

[PROPOSED] SUPPLEMENTAL PROTECTIVE
ORDER (CV 07-2254 RGK)

1   copies) have been destroyed within sixty (60) days after final termination of this

2   action.

3       <u>Cost</u>.  If source code designated "HIGHLY CONFIDENTIAL SOURCE

4   CODE" is produced at secure escrow facilities, the parties shall share the cost of the

5   escrow facilities on a 50-50 basis.  If source code designated "HIGHLY

6   CONFIDENTIAL SOURCE CODE" is produced at Plaintiff's counsel's offices,

7   Plaintiff shall bear all costs of maintaining, storing, and reviewing the code at

8   Plaintiff's counsel's offices.

9       <u>Supporting Documents and Software Utilities</u>.  Any production of source

10  code designated "HIGHLY CONFIDENTIAL SOURCE CODE" shall also include

11  supporting documents and software utilities which allow the receiving party to

12  view, search, and analyze the source code in the Master Copy.  The supporting

13  documents may include operating manuals, operator manuals, maintenance

14  manuals, software or hardware engineering manuals, revision histories, debugging

15  reports, or other documents.  The source code tools may also include build libraries,

16  build tools, compilers, analytical tools, or other software that would be used to

17  perform a "build," as well as debugging materials.  If software licenses are

18  necessary for the receiving party to use said software utilities, it shall be the

19  responsibility of the receiving party to pay for such licenses.

20         Plaintiff's counsel and consultants (cleared under the protective order)

21  may use their own preferred software search and analysis tools on the stand-alone

22  computers.  Within twenty-four (24) hours prior to loading said preferred software

23  tools on the computer, outside counsel shall provide a list of such preferred

24  software tools to the producing party or nonparty.

25       <u>Printing</u>.  The stand-alone computers will have one attached printer

26  and portions of the source code may be printed provided that they are promptly

27  bates labeled, stamped "HIGHLY CONFIDENTIAL SOURCE CODE", and

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Katz Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx

4.

[PROPOSED] SUPPLEMENTAL PROTECTIVE
ORDER (CV 07-2254 RGK)

1  produced via overnight delivery to the party or nonparty that produced that source

2  code.

3       <u>Copies.</u>  The receiving party may make up to twelve (12) copies on paper of

4  the source code designated "HIGHLY CONFIDENTIAL SOURCE CODE"

5  materials, solely for use by outside counsel and the outside consultants who are

6  permitted access to source code designated "HIGHLY CONFIDENTIAL SOURCE

7  CODE" under the terms of the Protective Order.  Such paper copies that become

8  unavailable to the receiving party by being marked as a deposition exhibit, an

9  exhibit to a submission to the Court, or as a hearing or trial exhibit may be replaced.

10

11  IT IS SO ORDERED.

12

13  Dated: _____, 2007     _____

14                       U.S. Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

In Re Kat/ Interactive Call Processing Litigation,
07-ML-01816 RGK-FFMx

5.

[PROPOSED] SUPPLEMENTAL PROTECTIVE
ORDER (CV 07-2254 RGK)

# NOTICE PARTY SERVICE LIST

**Case No.** 07-ml-1816     **Case Title** In Re Katz

**Title of Document** Order

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| ✓ | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L A Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A |
| | US Attorneys Office - Criminal Division -S.A |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

**ADD NEW NOTICE PARTY**
**(if sending by fax, mailing address must also be provided)**

Name:

Firm:

Address (include suite or floor)

*E-mail.

*Fax No.·

* For CIVIL cases only

**JUDGE / MAGISTRATE JUDGE (list below):**

**Initials of Deputy Clerk**