COOLEY GODWARD KRONISH LLP
STEPHEN C. NEAL (170085)
nealsc@cooley.com
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:   (650) 843-5000
Facsimile:    (650) 857-0663

Attorneys for Plaintiff
RONALD A. KATZ TECHNOLOGY LICENSING, L.P.

HELLER EHRMAN LLP
ROBERT T. HASLAM (CA Bar No. 71134)
robert.haslam@hellerehrman.com
275 Middlefield Road
Menlo Park, CA 94024
Telephone: (650) 324 7000
Facsimile:  (650) 324-0638

Attorneys for Plaintiff and Defendant
RONALD A. KATZ TECHNOLOGY LICENSING, L.P.

HOWREY LLP
MATTHEW J. MOORE (pro hac vice)
moorem@howrey.com
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: 202-783-0800
Fax: 202-383-6610

Defendants' Liaison Counsel

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re KATZ INTERACTIVE CALL PROCESSING LITIGATION | Case No.  07-ML-1816-C RGK (FFM) |
| This document relates to: | **[~~PROPOSED~~] PROTECTIVE ORDER** |
| All Cases in 07-ML-1816-C | |
| | Magistrate Judge Frederick F. Mumm |

The following protective order is entered in the above-captioned action pursuant to Federal Rule of Civil Procedure 26(c)(7).

1.     Designated Materials.

(a)     A party or nonparty may designate as "CONFIDENTIAL," in whole or in part, any document, thing, or information (collectively "material") which contains trade secrets or other confidential research, development, or commercial information and which is to be disclosed or produced to a party in this action.   The marking shall state "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" or other similar legend, along with a designation, e.g., bates number prefix, of the identity of the designating party or nonparty.

(b)     A party or nonparty may designate as "RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY," in whole or in part, any material which contains highly confidential information that the producing party or nonparty believes in good faith to be so commercially sensitive or confidential that disclosure to persons other than those authorized under paragraph 7 would have the effect of causing harm to the competitive commercial position of the designating entity or a third party, and which is to be disclosed or produced to a party in this action.   The marking shall state "RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY -- SUBJECT TO PROTECTIVE ORDER" or other similar legend, along with a designation, e.g., bates number prefix, of the identity of the designating party or nonparty.

(c)     The designations described in subparagraphs (a) and (b) above shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner with the appropriate legend.  If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked. The designation or non-designation of any such material under this Protective Order shall not be admissible as evidence in this litigation for any purpose.

(d)     Information is not properly designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY subject to this Protective Order if it: (i) is in the public domain; (ii) becomes part of the public domain by publication or by other means, except an unauthorized act or omission on the part of the receiving party; (iii) is supplied to the receiving party by a third party who is under no obligation to maintain such information in confidence; and/or (iv) is or becomes known to the receiving party without any breach of any Protective Order or other confidentiality obligation.

2.     Temporary Designation.  In lieu of marking the original of a document or other material prior to inspection, the producing party or nonparty or its counsel may orally designate any document or other material being produced for inspection by counsel for a party as CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, thereby making it, and the information it contains, temporarily subject to this Protective Order.  However, each copy of such document

or other material subsequently delivered to inspecting counsel must be marked CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY as required by this Protective Order at the time it is so delivered to make the document and copies subject to this Protective Order.  The party or nonparty who produces or discloses its own confidential material is not precluded by this Protective Order from disclosing or using that material in any manner as it may deem fit.

3.      Persons Permitted In Depositions.  If during the course of a deposition taken in this action any questions are to be asked or any answers are to be given regarding (a) CONFIDENTIAL material, then only persons designated in paragraph 8 below (and the deponent's counsel in the case of a separately represented nonparty) shall be allowed to be present during such portion of the deposition; or (b) RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY material, then only persons designated in paragraph 7 below (and the deponent's counsel in the case of a separately represented nonparty) shall be allowed to be present during such portion of the deposition.  This paragraph shall not be deemed to authorize disclosure of any CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY material to any person to whom disclosure is prohibited under this Protective Order.  It shall be the obligation of the party that produced the CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY material to invoke this provision.

4.      Designation of Deposition Transcripts.  With respect to depositions of any party, nonparty, or any person employed by, formerly employed by, or acting on behalf of a party to this action, such party, nonparty or another party to this suit may at the deposition designate the deposition as CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY and request the reporter to insert a statement regarding the confidentiality of the information into the deposition transcript or may have until fifteen (15) calendar days (or the next following business day in the event the 15th day is not a business day) after receipt of the deposition transcript within which to inform the other parties, in writing, that portions of the transcript are designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY.  If no such designation is made at the deposition, no such deposition transcript shall be disclosed to any person other than those persons who are entitled to have access to such materials pursuant to paragraph 7 or paragraph 8 below and the deponent (and the deponent's counsel in the case of a separately represented nonparty) during these fifteen (15) days, and no person attending such a deposition shall disclose the contents of the deposition to any person other than those described in paragraph 7 or paragraph 8 below during said fifteen (15) days.  Upon being informed that certain portions of a deposition are designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY, each party shall cause each

copy of the transcript in its possession, custody or control to be so marked, to the extent not already marked by the reporter.

5.     Limits on Use of Designated Materials.   All material designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY as provided herein shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action and shall not be disclosed by the recipient to anyone other than those persons who are entitled to have access to such material pursuant to paragraph 7 or paragraph 8 below, unless and until the restrictions herein are removed by an order of the Court or by written agreement of the parties.  Nothing in this Protective Order shall bar or otherwise restrict a producing party or nonparty from having access to or using, without notification of any other party or nonparty, CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY materials that the producing party or nonparty has produced in this action.  With the exception of those persons entitled to have access to CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY materials pursuant to paragraph 7 below, access to such material is limited to the specific underlying member case in which the material was produced, absent agreement of the Producing party or further order of the Court.

6.     Challenges to Designations and Resolution of Disputes.  Nothing in this Protective Order shall be construed to prevent any party to this action from

opposing the designation of materials as CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY.  A party opposing the designation of materials as CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY shall serve a written objection, including a statement of the grounds for the objection, on the designating party.  The designating party will have five (5) Court days following the receipt of the objection to withdraw its CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY designation.  If at the end of the five (5) days,  the CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY designation has not been withdrawn or if the designating party has failed to respond, the objecting party must move the Court within ten (10) Court days for an order removing the CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY designation.  On such a motion, it shall be the burden of the designating party to prove that the material or information was properly designated.  If an objecting party does not make a timely motion, such objection is deemed withdrawn.  Until a ruling from the Court, disputed items are presumed to be CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY as designated and will be handled in accordance with the provisions of this Protective Order.

(a)    The designation of material as CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY may also be

challenged under this section, if any of the events described in Paragraph 1(d) has come to pass.   On such a motion it shall be the burden of the challenging party to establish that one or more of the events described in Paragraph 1(d) has come to pass.

(b)      In the event that the Producing Party alleges that the Receiving Party's use of   material designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY violated the terms of this Protective Order, the Producing Party shall have the burden of showing that the Receiving Party had material designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY and used it in violation of the terms of this Protective Order.

(c)      The failure of the Receiving Party to challenge the confidential status of any material under this Protective Order at the time of production shall not be deemed a waiver of the Receiving Party's right to challenge the propriety of such designation at any time thereafter.

7.      Access to RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY Materials.  Access to material designated RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY under this Protective Order, and to any portion of any transcript, brief, affidavit, letter, memorandum or other paper that contains, reveals or refers to material so designated, shall be limited to:

a)      (i) outside counsel of record for the parties, including the partners, counsel, and associates of outside counsel's law firm who assist outside counsel in this matter, and (ii) other outside counsel for the parties if such other outside counsel has executed a Notice of Adherence to Protective Order in the form attached hereto as Exhibit A and served a copy of such executed Notice of Adherence on all parties;

b)      the employees of such outside counsel of record or other outside counsel (including secretaries, paralegals, and clerks) actually assisting such counsel in connection with this case, provided, however, that such employees have access to material designated RESTRICTED CONFIDENTIAL– OUTSIDE COUNSEL ONLY only to the extent necessary to perform their duties;

c)      independent copy and litigation support services solely for purposes of making copies, preparing exhibits or otherwise assisting in the preparation of discovery or trial materials for use in the litigation;

d)      non-party experts or consultants, including their secretarial and clerical personnel, retained to assist counsel of record in this case who become qualified to receive material designated under this Protective Order in accordance with the following procedure:

(i)      Counsel for a party proposing any such expert or consultant shall submit to outside counsel of record for the other parties a

copy of a completed Notice of Adherence to Protective Order in the form attached hereto as Exhibit A signed by such expert or consultant, and a current resume or curriculum vitae for such person, which shall disclose any non-confidential employment and/or consultations the expert has had in the preceding four years.  To the extent that there is a confidential employment or consultation arrangement, the  proposing party shall disclose, to the extent possible without violating any confidentiality obligations, (i) the industry in which the relationship(s) took place, (ii) the general technology involved (iii) the dates of the relationship(s), (iv) a statement of whether the relationship(s) was with a competitor of any of the Defendants, and (v) any non-confidential information available about the relationship(s) that would describe or tend to describe the circumstances of the relationship(s).  If any of the information in (i) through (v) above cannot be disclosed because of confidentiality obligations, the proposing party must identify which category or categories of information is or are not being disclosed.  The original of each such Notice shall be maintained by counsel proposing the expert.   A party proposing such expert or consultant shall respond within three (3) Court days to any

reasonable request for additional information regarding the employment or consulting relationships or other professional activities of the proposed expert or consultant;

(ii)  Unless a party notifies the proposing counsel of its objection to any such proposed expert or consultant, and the basis therefor, within five (5) Court days after the receipt of a copy of the Notice referred to in subparagraph (i) above, such expert or consultant shall thereafter be deemed a qualified recipient and entitled to receive the designating party's RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material pursuant to the terms and conditions of the Protective Order;

(iii)  Should the opposing party timely notify proposing counsel of its objection, the objecting party shall have ten (10) Court days from its notice of objection within which to file a motion to preclude the proposed disclosure.  Should such a motion be filed, proposing counsel shall not disclose material designated under this Protective Order to such proposed person until the resolution of the motion.  Failure of the objecting party to file such a motion shall be deemed a waiver of any objection to the disclosure of information to the proposed person, subject to the terms of this protective order;

e)     court reporters involved in transcribing depositions or other proceedings in this litigation, and videographers involved in recording depositions, provided that they agree to be subject to the terms of this Protective Order and provided that they are provided information designated RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY only to the extent necessary to perform their duties;

f)     the Court and any Court of Appellate Jurisdiction;

g)     Court personnel involved with this case;

h)     members of the jury in this case; and

i)     witnesses who are deposed in this action or who are called as witnesses at any hearing in this action, but only (1) in preparation for the deposition or hearing, or (2) during the deposition or hearing, and only under the following circumstances:

(i)     any witness may be shown RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material in which the witness is identified as an originator, signatory, author, addressee, or recipient of the original or a copy;

(ii)     a current officer, director, or employee of a designating party may be shown that party's RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material;

(iii)   any witness selected by a designating party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure may be shown that party's RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material;

(iv)   a former officer, director, or employee of a designating party may be shown that party's RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material if it appears from the face of the material that the witness previously had access to the RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material while employed by the designating party, provided that counsel making such disclosure shall inform the witness that the matter is confidential and may not be disclosed or used except as provided in this Protective Order.

8.   Access to CONFIDENTIAL Materials.  Access to material designated CONFIDENTIAL under this Protective Order, and to any portion of any transcript, brief, affidavit, letter, memorandum or other paper that contains, reveals or refers to material so designated, shall be limited to the persons and circumstances identified in paragraph 7 hereof and additionally:

(a)   for each party, up to four (4) in-house counsel who have done at least one of the following:

(i)   made an appearance of record in this matter; or

(ii)      executed a Notice of Adherence to Protective Order in the form attached hereto as Exhibit A and served such executed notice on all parties;

(b)     the clerical employees of such in-house counsel (including secretaries, paralegals and clerks) actually assisting such counsel in connection with this case, provided, however, that such employees have access to material designated CONFIDENTIAL only to the extent necessary to perform their duties; and

(c)     for each party that does not employ in-house counsel, up to two (2) in-house advisors who are directing the litigation for such party, in accordance with the following procedure:

(i)      Counsel for such a party shall submit to outside counsel of record for the other parties a copy of a completed Notice of Adherence to Protective Order in the form attached hereto as Exhibit A signed by such in-house advisor. The original of each such Notice shall be maintained by counsel proposing the in-house advisor.  A party proposing such in-house advisor shall respond within three (3) Court days to any reasonable request for additional information regarding the employment or other professional activities of the proposed in-house advisor;

(ii)      Unless a party notifies the proposing counsel of its objection to any such proposed in-house advisor, and the basis therefor, within five (5) Court days after the receipt of a copy of the Notice referred to in subparagraph (i) above, such in-house advisor shall thereafter be deemed a qualified recipient and

entitled to receive the designating party's CONFIDENTIAL material pursuant to the terms and conditions of the Protective Order;

(iii)    Should the opposing party timely notify proposing counsel of its objection, the objecting party shall have ten (10) Court days from its notice of objection within which to file a motion to preclude the proposed disclosure.  Should such a motion be filed, proposing counsel shall not disclose material designated under this Protective Order to such proposed in-house advisor until the resolution of the motion.  Failure of the objecting party to file such a motion shall be deemed a waiver of any objection to the disclosure of information to the proposed person, subject to the terms of this protective order;

9.    Individuals Involved in Patent Prosecution. Notwithstanding the provisions of paragraphs 7 and 8 of the Protective Order, material designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY shall not be disclosed to any individual who is directly involved in preparing or prosecuting patent applications related to the subject matter of this litigation on behalf of the plaintiff, A2D, L.P., or any defendant, whether as counsel of record before the U.S. Patent and Trademark Office or any foreign patent office or in any supervisory capacity, or any individual who advises the plaintiff, A2D, L.P., or any defendant (or outside prosecution counsel for the plaintiff, A2D, L.P., or any defendant) regarding claiming strategies (hereinafter "Patent Prosecution Activities").  Further, any individual who receives CONFIDENTIAL or

RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL material shall refrain from engaging in Patent Prosecution Activities on behalf of the plaintiff, A2D, L.P., or any defendant for a period of two (2) years after final termination of this action; provided, however, that this disqualification shall not be imputed to partners, associates or other colleagues of such individual who had no access to CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material.

10.    Maintenance of Designated Materials.   Each recipient of material designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY shall maintain such material in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use and dissemination of such material as is exercised by the recipient with respect to its own confidential and proprietary material.

11.    Use of Designated Materials in Future Litigation.   Except upon consent of the designating party or upon order of the Court, any and all materials designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY produced, served or otherwise made available by the designating party to another party during the course of this action, together with all reproductions, copies, abstracts, indices or summaries of those materials, shall be used only for preparation and presentation of this action and any appeals thereof. The parties acknowledge, however, the possibility of future litigation between the

plaintiff and other defendants involving one or more of the patents asserted in this action, and they further acknowledge that certain materials from this action designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY may be relevant to such future litigation, such  as written discovery, deposition transcripts and videos, expert reports, and court filings. Accordingly, in the event such future litigation arises, the parties agree to negotiate in good faith regarding the use of such materials in such future litigation.

12.     Pleadings Containing Confidential Items.  Any pleading, brief, exhibit or other paper that is filed with the Court or served on another party that contains, quotes, discusses or otherwise reveals material designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY shall be marked on the front cover with the appropriate legend set forth in paragraph 1.   All CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY materials that are filed with the Court for any purpose shall be filed under seal.   Any party seeking to file any CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY materials under seal shall seek leave of the Court.  Materials filed under seal shall be marked with the title of the action, identification of the document or thing filed under seal, and a statement substantially in the appropriate one of the following forms:

> "CONTAINS [name of PARTY OR NON-PARTY] CONFIDENTIAL INFORMATION FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER OF [DATE]." or

"CONTAINS [name of PARTY OR NON-PARTY] RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY INFORMATION FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER OF [DATE]."

Any party seeking to file any CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY materials under seal shall file and serve a redacted version of all documents lodged with the Court for filing under seal. The redacted version shall block out or otherwise omit only the confidential information contained in the proposed filing.

13.    Final Disposition of Materials.    Within sixty (60) days of the designating party's dismissal from the action or final termination of this action, whichever comes first, all materials that have been produced, served or otherwise made available by the designating party during the course of this action, together with all reproductions, copies, abstracts, indices or summaries of those materials, shall be destroyed or delivered to counsel for the designating party, except that (1) if those materials are the subject of a valid discovery request in another action, the receiving party may retain those materials in order to comply with the discovery request; and (2) outside counsel of record for each party may retain a complete set of their case files for this matter, including all pleadings, depositions, deposition exhibits, expert reports, discovery responses, and correspondence.

14.    Inadvertent Failure to Designate.    Production of any material without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as to its proper designation, nor will it prevent the producing

party from designating said document or material "CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY."  Once redesignated, the redesignated material shall thereafter be treated as if it had originally been designated at the redesignated level.  Following any redesignation of material, the party receiving such material shall take reasonable steps to comply with the redesignation including, without limitation, retrieving all copies and excerpts of any redesignated material from persons not entitled to receive it.

15.  Improper Disclosure.  If material or information designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating party, and without prejudice to the rights and remedies of the designating party, make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part or on the part of the recipient of such information or material.

16.  Privileged and Irrelevant Materials.  Nothing in this Protective Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials which are otherwise beyond the scope of permissible discovery.

17.     Inadvertent Disclosure of Privileged Information.  The inadvertent or unintentional disclosure by the producing party of information subject to the attorney-client privilege or work-product doctrine or any other applicable privilege or immunity shall not be deemed a waiver in whole or in part of the party's claim of privilege or work-product immunity, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  If a party has inadvertently produced information subject to a claim of immunity or privilege, the receiving party, upon request, shall promptly return the inadvertently produced materials, and all copies of those materials that may have been made and any notes regarding those materials shall be destroyed.  The party returning such information may move the Court for an order compelling production of such information.

18.     Additional Relief.  Nothing in this Protective Order shall be construed to prevent a party or nonparty from seeking such further provisions regarding confidentiality as may be appropriate.

19.     No Waiver of Objections to Admissibility.  Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

20.     Third Party Confidential Documents.  During the course of this action, a party may be requested to produce to another party material subject to contractual or other obligations of confidentiality owed to a non-party by the party receiving

the request.   The party subject to such contractual or other obligation of confidentiality shall timely contact the non-party to determine whether such non-party is willing to permit disclosure of the confidential document or information under the terms of this Protective Order and shall inform the non-party of the contents of this Protective Order and specifically of this paragraph.  If the non-party consents to the disclosure of the subject material to the requesting party, the documents shall be produced in accordance with this Order.  If the non-party does not consent to disclosure of the confidential document or information under the terms of this Protective Order, the party subject to such contractual or other obligation of confidentiality shall promptly notify the demanding party in the litigation in writing of that non-party's refusal to consent.  The third party shall be sent a copy of such notice, and the notice to the demanding party and third party shall be sent via e-mail, fax or overnight mail.  The non-party shall then have fifteen (15) court days from the date on which such notice is sent to the demanding party to move the Court for a protective order.  If the non-party fails to file a motion for protective order within the prescribed time, the party subject to such contractual or other obligation of confidentiality shall be deemed to be compelled by this Court to produce the materials at issue.  This Protective Order shall not preclude any party from moving the Court for an order compelling production of such material**.**

21.   Advice to Client.   Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to

this litigation and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY materials produced or exchanged in this litigation; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of the CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY materials.

22.    Continuing Obligations.  This Protective Order, and all obligations and duties arising under this Protective Order, shall remain in effect after the final termination of this action, unless otherwise ordered by the Court.  The Court retains jurisdiction indefinitely over the parties, and any persons provided access to Confidential Items under the terms of this Protective Order, with respect to any dispute over the improper use of such Confidential Items.

23.    Filing of Motions.  The parties must comply with the Local Rules of the United States District Court for the Central District of California in connection with the filing of all motions.

/ / /

/ / /

/ / /

/ / /

1        24.    This Order may be changed by further Order of the Court and is

2
3    without prejudice to the rights of any party to move for relief from any of its

4    provisions.

5    IT IS SO ORDERED.

6

7    Dated:  January 9, 2007        /S/ FREDERICK F. MUMM
                                     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re KATZ INTERACTIVE CALL PROCESSING LITIGATION | Case No.  07-ML-1816-C RGK (FFM) |
| This document relates to: | **NOTICE OF ADHERENCE TO PROTECTIVE ORDER** |
| All Cases in 07-ML-1816-C | |

I, _____, having been retained as a _____ of _____ in connection with the above-captioned lawsuit, hereby acknowledge that I am to be provided access to confidential information supplied by other parties and/or non-parties, as defined in the Protective Order dated _____.

My address is _____.  My present employer is _____.  My present occupation or job description is _____.  Attached is a copy of my current resume or curriculum vitae [not required for outside counsel].

I certify my understanding that the confidential information is being provided to me pursuant to the terms and restrictions of the aforesaid Protective Order and

1   that I have been given a copy of and have read and understood my obligations

2
3   under that Protective Order.  I hereby agree to be bound by the terms of the

4   Protective Order.  I understand that the confidential information and my copies or

5
6   notes relating thereto may be disclosed to or discussed with only those persons

7   permitted by the Protective Order to receive such information.

8       I will return on request all materials containing confidential information,

9   copies thereof and notes that I have prepared relating thereto, to outside counsel of

10
11  record for the party with whom I am associated.

12      I hereby submit to the jurisdiction of this Court for the purpose of

13  enforcement of the Protective Order and waive any and all objections to jurisdiction

14
15  and venue.

16      Respectfully submitted,

17

18
19  Dated: _____       By: _____

20

21

22

23

24

25

26

27

28