Matthew J. Moore
 moorem@howrey.com
Pamela S. Kane
 kanep@howrey.com
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: 202.783.0800
Facsimile: 202.383.6610

Liaison Counsel for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>Katz Interactive Call Processing Patent Litigation<br><br>This document relates to:<br><br>ALL "B" TRACK ACTIONS<br>(except CV 07-02254 RGK (FFMx))<br><br>Case Nos. CV 07-2096 RGK (FFMx), CV 07-2099 RGK (FFMx), CV 07-2101 RGK (FFMx), CV 07-2134 RGK (FFMx), CV 07-2192 RGK (FFMx), CV 07-2196 RGK (FEMx), CV-07-2213 RGK (FFMx), CV 07-2220 RGK (FFMx), CV 07-2250 RGK (FFMx), CV 07-2257 RGK (FFMx), CV 07-2299 RGK (FFMx), CV 07-2322 RGK (FFMx), CV 07-2325 RGK (FFMx), CV 07-2336 RGK (FFMx), CV 07-2339 RGK (FFMx), CV 07-2340 RGK (FFMx), CV 07-2360 RGK (FFMx), CV 07-3002 RGK (FFMx) | Case No. CV 2:07-ML-01816-B-RGK (FFMx)<br><br>**INTERACTIVE CALL PROCESSING DEFENDANTS' OPPOSITION TO RAKTL'S MOTION FOR RELIEF FROM THIS COURT'S AUGUST 31, 2007 ORDER LIMITING CLAIMS**<br><br>**Date: March 3, 2008**<br>**Time: 9:00 am**<br>**Place: Courtroom: 850**<br><br>**The Honorable R. Gary Klausner** |

1   RAKTL'S Motion For Relief from this Court's August 31, 2007 Order limiting
2   its collective set of claims asserted against the Interactive Call Processing Defendants
3   ("the ICP Defendants") merely reargues issues already decided by the Court in that
4   Order.  This Order already struck the proper balance between case management, burden
5   on the Court and the parties, and RAKTL's right to assert its claims.  As such,
6   RAKTL's motion is nothing more than an improper request for reconsideration of this
7   Order.  Indeed, because more than half of the ICP Defendants have settled, RAKTL's
8   arguments are even weaker now than when RAKTL originally argued for more claims.
9   RAKTL's Motion to expand the collective set of 64 claims against the ICP
10  Defendants is just one of several motions RAKTL intends to file or has filed to expand
11  and extend this case.  Specifically, in addition to this Motion, RAKTL has filed a
12  second motion to extend by 90 days all of the remaining discovery and individual
13  summary judgment deadlines, including the fact discovery cutoff and has also notified
14  the ICP Defendants that it intends to file a separate, untimely motion to assert new
15  claims outside the 40 initially identified against individual ICP Defendant Groups.
16  Stated simply, RAKTL's motions move this case in the wrong direction.  Discovery is
17  coming to a close.  The time has come for RAKTL to focus its case for summary
18  judgment and trial.  All of RAKTL's motions to expand the number of total claims, to
19  add new claims beyond the 40 and to extend the discovery and individual summary
20  judgment deadlines should be denied.

**I.  RAKTL HAS NOT PRESENTED ANY BASIS FOR EXTENDING THE NUMBER OF TOTAL CLAIMS AGAINST THE INTERACTIVE CALL PROCESSING DEFENDANT GROUP FROM 64 TO 103**

24  On August 31, 2007, this Court ordered RAKTL to select a list of 16 claims that
25  it will assert against each ICP Defendant Group from a list of 64 claims that it will
26  assert against all ICP Defendants.  *See* August 31, 2007 Order re Motion to Limit
27  Claims at 4-5 [Doc. 221].  RAKTL now seeks relief from the Court's requirement that
28  the 16 claims against individual ICP Defendants come from a total set of 64 claims.  In

support of this motion, RAKTL argues only two grounds for extending the total number of claims from 64 to 103: ***first***, the number of ICP Defendants and the diversity of their businesses and ***second***, RAKTL's due process rights.  RAKTL raised both of these arguments in its original briefs in opposition to Defendants' Motions to Limit Claims, filed with this Court in July.  *See, e.g.*, Plaintiff's Opposition to Defendants' Motion to Limit Claims filed July 16, 2007 [Doc. 80] at 3-6, 9, 12-15; Plaintiff's Opposition to Defendants' Second Motion to Limit Claims filed July 30, 2007 [Doc. 136] at 3-4, 6, 14-16.  Thus, RAKTL's present motion is nothing more than a thinly-veiled attempt to re-argue (in violation of this Court's own rules) the very issues already considered by this Court and decided by its August 31, 2007 Order.[1]

***First***, RAKTL argues that it should not be limited to selecting the 16 claims against individual ICP Defendants from a total set of 64 claims – and instead should have a subset of **103** claims from which to choose – simply because there are 27 ICP Defendant Groups, from a wide variety of industries, and with diverse systems and services.  *See* Mot. at 2 and 7.  This Court, however, issued its August 31, 2007 Order at a time when there were **57** Defendant Groups – which RAKTL then described to this Court as representing a wide variety of underlying businesses and as operating distinct interactive voice response systems and services.  *See, e.g.*, Plaintiff's Opposition to Defendants' Motion to Limit Claims [Doc. 80] at 3, 9; Plaintiff's Opposition to Defendants' Second Motion to Limit Claims [Doc. 136] at 6, 14-16.  Indeed, this Court recognized that "not every defendant group will be accused of infringing every category of claims."  August 31, 2007 Order [Doc. 221] at 4.  Since this Court's August 31, 2007

---

[1] According to Local Rule 7.16 of the Local Rules of the Central District of California, a motion may be made **only** on specific grounds and "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."  L.R. 7.16 (emphasis added).  RAKTL does not even attempt to meet this exacting standard.  RAKTL's Motion should be denied on this basis alone.

HOWREY LLP

-2-
ICP DEFENDANTS' OPPOSITION TO RAKTL'S MOTION FOR RELIEF
FROM THIS COURT'S AUGUST 31, 2007 ORDER LIMITING CLAIMS
DM_US:21048713_1

Order, there have been no new Defendants added to the ICP Defendant Group.  Rather, as RAKTL notes in its Motion, there are now only **27** ICP Defendant Groups remaining in the case – reducing by almost half the diversity of the underlying businesses and of the accused systems and services.  If anything, the limited number of remaining ICP Defendants should have made it simpler for RAKTL to select its claims.[2]

*Second*, RAKTL argues that the requirement that it select the 16 claims against individual ICP Defendants from a total set of 64 claims violates its due process rights.  Here again, RAKTL fully briefed its due process argument to this Court before the Court issued its August 31, 2007 Order.  *See, e.g.*, Plaintiff's Opposition to Defendants' Motion to Limit Claims [Doc. 80] at 12-15; Plaintiff's Opposition to Defendants' Second Motion to Limit Claims [Doc. 136] at 3-4.  And, here again, this Court took RAKTL's due process rights into consideration when issuing its Order.  *See, e.g.*, August 31, 2007 Order [Doc. 221] at 3.

Additionally, in an effort to further balance RAKTL's due process rights against the Court's (and Defendants') interest in having a manageable number of claims on which to proceed to trial, this Court granted RAKTL the right to file a motion "to add specific claims in excess of the 16 claims asserted **against any specific defendant group** and if applicable outside the 64 claim limit." Id. at 4.  (emphasis added).  Importantly, the Court's Order contemplates that, in seeking to add claims outside the 64 claim limit, RAKTL will need to make a specific showing against specific Defendants – not simply blanket arguments of the type RAKTL raises now.  This is further emphasized by the Order's Defendant-specific requirements that RAKTL must

---

[2]  As is evident from its briefs in Opposition to Defendants' Motion to Limit Claims, RAKTL has always been aware of the possible number of Defendants for which it would need to select claims, as well as the diversity of both the underlying industries in which they operate and the diversity of their accused systems.  RAKTL has had ample opportunity to raise issues concerning the 64-claim limit set in this Court's August 31, 2007 Order well before the same day on which its claim selection was due.

meet when making any such motion. Id. RAKTL's present Motion does not even attempt to meet these Court-Ordered requirements. For this reason alone, RAKTL's Motion should be denied.

## II. EXTENDING THE NUMBER OF TOTAL CLAIMS FROM 64 TO 103 SUBSTANTIALLY IMPACTS THE BURDEN ON THIS COURT TO MANAGE THE "B" CASES

In its Motion, RAKTL asserts that any "additional case management burden on this Court by inclusion of the [39] overflow claims is insubstantial . . .." Mot. at 9. Yet, RAKTL completely ignores the fact that, should these overflow claims be allowed, there will be 39 additional claims that this Court will need to construe before the cases are remanded back to their respective district courts for trial – nearly twice the number of claims that this Court partially construed in the Mini-*Markman* process.[3] In addition, the Court will need to consider many additional issues arising from these claims in the ICP Defendants' common summary judgment motions on prior art, lack of written description, lack of enablement, indefiniteness and prosecution laches (due March 15, 2008) and in their individual summary judgment motions. The burden on this Court in considering a 61% increase in the total number of claims cannot be underestimated.

Moreover, the additional burden that RAKTL proposes to place on this Court does not stop here. As stated earlier, RAKTL also intends to file an additional motion to select claims outside the 40 identified against each ICP Defendant and has filed another motion to extend each of the remaining case deadlines by 90 days – pushing this case into September – thereby further burdening this Court's resources.

---

[3] One of the most significant benefits of managing these cases in a MDL case is to avoid multiple courts from construing the same claims terms and potentially reaching different results. To achieve these benefits, all of the claim construction issues must be resolved before any of these cases can be remanded.

## III. EXTENDING THE NUMBER OF TOTAL CLAIMS FROM 64 TO 103 PREJUDICES DEFENDANTS

RAKTL tries to convince this Court that because each ICP Defendant Group expected it would need to address infringement allegations and individual defenses on 16 claims, its inclusion of 39 overflow claims does not result in prejudice to any individual ICP Defendant. Mot. at 10. Here again, RAKTL completely ignores the fact that on March 15, 2008 – just over two weeks from now – the ICP Defendants are required to serve their common summary judgment motions on prior art, lack of written description, lack of enablement, indefiniteness and prosecution laches on the common set of claims asserted against all ICP Defendants. For RAKTL to now add an additional 39 claims to this common set drastically prejudices the ICP Defendants' ability to prepare their three common summary judgment briefs on this core set of claims. RAKTL, in fact, has only provided the ICP Defendants with a list of the collective set of 64 claims asserted against all ICP Defendants, not a list of the collective set of 103 claims – further prejudicing the ICP Defendants' ability to prepare their common summary judgment motions under this tight schedule. In essence, RAKTL's motion effectively deprives the ICP Defendants of a full and fair opportunity to file common summary judgment motions with regard to these 39 additional claims.

Moreover, pursuant to this Court's Discovery Case Management Order, the ICP Defendants are required to coordinate in seeking common discovery from RAKTL. *See* August 28, 2007 Order [Doc. 179] at 1-3. With just over six weeks left before the April 14, 2008 fact discovery deadline, for RAKTL to now add 39 more claims to those at issue, greatly impacts the ICP Defendants' ability to seek common discovery concerning these claims. There is barely enough time to draft and serve written discovery or document requests, let alone be able to seek depositions concerning whatever may be learned through that discovery.

1    Further, RAKTL is not only looking to expand this case in terms of the collective
2 set of 64 claims, RAKTL is also moving (in a separate motion) to add claims that were
3 not identified as part of the 40 claims asserted against individual ICP Defendant Groups
4 in early October.  Mot. at 5, fn. 4.  This would serve to only further prejudice the ICP
5 Defendants by asserting totally new claims against individual ICP Defendant Groups for
6 the first time – a little over two weeks before the deadline for common summary
7 judgment motions and only three weeks before the deadline for initial expert reports.
8 These ICP Defendant Groups, however, have had no opportunity to develop their
9 defenses with regard to these claims or to obtain the necessary discovery for these
10 defenses.  It is simply unfair for RAKTL to have had at least 8 months in the MDL case
11 (and more than a year in the Texas cases) to obtain discovery and to develop its case,
12 and to then provide the ICP Defendants with only a couple of weeks to prepare their
13 defenses.

14    While RAKTL may argue that any prejudice caused by allowing the additional 39
15 claims (including those never before asserted against individual ICP Defendant Groups)
16 will be addressed by its motion to extend the case management schedule – seeking to
17 push out the deadline for fact discovery 90 days (until mid-July) this does nothing to
18 address the prejudice caused by the impending common summary judgment deadline.
19 Moreover, RAKTL should not be entitled to simply file another schedule-changing
20 motion to avoid the prejudice its current motion creates.  In fact, there should be no
21 need to extend the schedule.  RAKTL has been given ample flexibility to select its
22 claims.  RAKTL should be prepared to bring its case now.

## **CONCLUSION**

For the foregoing reasons, the ICP Defendants respectfully request that this Court deny RAKTL's motion and preserve this Court's current case schedule.

Date: February 27, 2007                    Respectfully submitted,


/s/ Matthew J. Moore
Matthew J. Moore
Pamela S. Kane
**HOWREY LLP**
1299 Pennsylvania Avenue, NW
Washington, DC  20004
Telephone:  202-783-0800
Facsimile:    202-383-6610
Email:  moorem@howrey.com
            kanep@howrey.com