UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 07-ML-01816-B-RGK (FFMx) | Date | March, 3, 2008 |
|---|---|---|---|
| Title | IN RE KATZ INTERACTIVE CALL PROCESSING PATENT LITIGATION | | |

CV 07-2220 RGK (FFMx), CV 07-2250 RGK (FFMx)

| Present: The Honorable | R. GARY KLAUNSER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Lead Attorneys Present for Plaintiffs: | Lead Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   Order Denying Defendant T-Mobile's Motion to Consolidate (DE 1343)

### I.   INTRODUCTION

Due to an unusual procedural history, plaintiff Ronald A. Katz Technology Licensing, L.P. ("RAKTL") is currently asserting different patents from the same patent family against defendant T-Mobile USA Inc. ("T-Mobile") in two separate actions, CV 07-2220 RGK (FFMx) ("T-Mobile I") and CV 07-2250 RGK (FFMx) ("T-Mobile II").  T-Mobile filed this motion seeking to consolidate the two actions.  Both these actions are part of a larger group of cases being managed under the auspices of the multi-district litigation (MDL") process.  The T-Mobile actions are subject to various case management orders applicable to all the Group B cases.  Specifically, the Court has already issued discovery limits and limits on the number of claims that plaintiff may assert for the Group B cases.  These limits are couched on a per case basis.  By having two separate actions, plaintiff is allowed to take additional discovery and assert additional claims.  Thus, T-Mobile has filed this motion to consolidate in an attempt to avoid this additional burden.

### II.   PROCEDURAL BACKGROUND

RAKTL originally filed T-Mobile I in the Eastern District of Texas asserting approximately twenty two patents.  In an effort to manage the case, the Texas court ordered the plaintiff to select eighteen claims.  The Texas court also ordered that all patents-in-suit from which no asserted claims were selected by plaintiff were severed from the T-Mobile I case and placed in T-Mobile II.  The Texas Court stayed T-Mobile II.  Subsequently, both actions were consolidated with numerous other cases that plaintiff asserted and transferred to this Court for pretrial purposes.  This Court lifted the stay in the T-Mobile II; however, due to various procedural motions, the T-Mobile II case did not begin in earnest for a few months after it was transferred here.

As part of this Court's case management process, this Court issued an order limiting the number

of claims plaintiff could pursue in each case to sixteen per defendant group.  However, knowing that the cases would be returned to their original court, this Court did not disturb the Texas court's claim limit in T-Mobile I.  Thus, the Texas court's eighteen claim limit was retained for the T-Mobile I case.  However, the plaintiff now had two actions against the same defendant.  Recognizing that allowing the plaintiff to assert sixteen claims against T-Mobile II case would unfairly give plaintiff more than twice as many claims against T-Mobile than any other defendant group, this Court limited the final number of claims that plaintiff may assert in T-Mobile II to eight.

## III.    DISCUSSION

T-Mobile's motion to consolidate relies chiefly on two arguments.  First, T-Mobile argues that it is fundamentally unfair that RAKTL be allowed more claims against T-Mobile than any other defendant group.  Second, T-Mobile argues that by having two actions, plaintiff is also unfairly allowed twice the discovery.

As to the first issue, T-Mobile is under the mistaken impression that all the defendants are entitled to have precisely the same number of claims asserted against them.  That is not the case.  Indeed, different defendants often face the same patents in different lawsuits.  These lawsuits can have quite different case managements orders.  Moreover, if the cases in this MDL had not been consolidated, the various limits imposed on the different cases would have been even less homogenous.  In fact, in this MDL, the plaintiff still has the opportunity to request additional claims against specific defendants.

This Court is also mindful that these cases will return to their originating court after pretrial proceedings are complete.  Here, the Texas court has clearly indicated its desire to try T-Mobile I prior to T-Mobile II.  Therefore, our rulings need to respect that court's earlier decisions.  Otherwise, there is the risk that the cases are severed, consolidated and severed again. In sum, the current claim limits in the two T-Mobile actions reflect this Court's effort to treat defendants roughly the same, while respecting the Texas court's decisions to try a smaller case with eighteen claims prior to trying a later case with the remaining patents.

As for the different discovery limits, this Court is sympathetic to T-Mobile's problems.  It should not have to face twice as much discovery simply because plaintiff is asserting claims in two different suits.  However, this issue cannot be resolved simply by consolidating the cases or applying the discovery limits on one case to both cases.  For example, the plaintiff may have already asked contention interrogatories or taken depositions on patents in the T-Mobile I, but not T-Mobile II.  Under those circumstance, the plaintiff should be able to take more discovery and that discovery may be "verbatim copies" of earlier interrogatories with different definitions of patents in suit and accused services.  In other cases, the same discovery should suffice.  To the extent that disputes arise, the parties may seek relief from Special Master Quinn who has been appraised of the situation.

Based on the foregoing, this Court **DENIES** T-Mobile's motion to consolidate.

**IT IS SO ORDERED**.

_____ : _____

Initials of Preparer     slw