UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 07-ML-01816-B-RGK (FFMx) | Date | March 13, 2008 |
|---|---|---|---|
| Title | IN RE KATZ INTERACTIVE CALL PROCESSING PATENT LITIGATION | | |

ALL "B" TRACK ACTIONS
(except CV 07-02254 RGK (FFMx))

Case Nos. CV 07-2096 RGK (FFMx), CV 07-2099 RGK (FFMx), CV 07-2101 RGK (FFMx), CV 07-2134 RGK (FFMx), CV 07-2192 RGK (FFMx), CV 07-2196 RGK (FEMx), CV-07-2213 RGK (FFMx), CV 07-2220 RGK (FFMx), CV 07-2250 RGK (FFMx), CV 07-2257 RGK (FFMx), CV 07-2299 RGK (FFMx), CV 07-2322 RGK (FFMx), CV 07-2325 RGK (FFMx), CV 07-2336 RGK (FFMx), CV 07-2339 RGK (FFMx), CV 07-2340 RGK (FFMx), CV 07-2360 RGK (FFMx), CV 07-3002 RGK (FFMx)

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Lead Attorneys Present for Plaintiffs: | Lead Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers) Order Granting in Part Plaintiff's Motions for Relief from this Court's August 31, 2007 Order Limiting Claims (DE 1472, 1558) and Motions to Substitute Claims (DE 1544, 1545, 1549, 1550, 1552, 1553)

## I.    BACKGROUND

This Court's August 31, 2007 Order ("Order Limiting Claims") sought to balance case management concerns against the due process rights of Plaintiff Ronald A. Katz Technology Licensing, L.P. ("RAKTL") by ordering RAKTL to limit the number of patent claims asserted against the 27 "B-case" defendant groups in this MDL lawsuit. All of the asserted patents were related and many of the claims were clearly redundant. Thus, this Court ordered plaintiff to: 1) select a set of 40 preliminary claims to be asserted against each specific defendant group; 2) later to select 16 claims, from the initial 40, to assert against each specific defendant group; and 3) limit the total number of final claims to be asserted against all the defendants to 64 claims.

Since the parties did not provide an analysis of how many sets of truly distinct claims and accused services were at issue, the Court was forced to estimate what limits were appropriate. Recognizing limits based on such an estimate "*may* be unduly restrictive," the August 31, 2007 order also granted RAKTL the right to file a motion "to add specific claims in excess of the 16 claims asserted against any specific defendant group and, if applicable, outside the 64 claim limit." *Id.* at 4.  Taking advantage of this provision, the plaintiff filed several motions seeking to amend its list of asserted claims. The plaintiff does not challenge the 16 claim limit against each defendant group.  However, various motions seek relief from the limit on the total number claims the plaintiff may assert, and ask the Court to allow the plaintiff to substitute claims outside the forty preliminary claims that it initially

selected for each defendant group.

### A. Heller Cases[1]

In the Heller cases, RAKTL filed two motions for relief from the August 31, 2007 order. On February 22, 2008, the plaintiff filed a first motion asking permission to substitute claims outside the set of 64 claim limit.[2] (DE 1472.) Later on February 29, 2008, the plaintiff filed a second motion seeking permission to substitute claims outside the preliminary group of 40 claims it selected earlier. (DE 1558.) Thus, plaintiff now seeks to assert 16 claims against each defendant group from a total of 100 claims in the Heller cases.

### B. Cooley Cases[3]

In the Cooley cases, the plaintiff filed individual Motions for Leave to Substitute Claims on February 29, 2008. (DE 1544, 1545, 1549, 1550, 1552, 1553.) The substituted claims fall within three categories. First, RAKTL seeks to substitute claims "from which top forty claims depend." The term "top forty" refers to the preliminary forty claims that the plaintiff selected against each defendant group. Thus, the new claims will contain a subset of limitations that were already in dispute before the plaintiff selected its final sixteen claims. The plaintiff argues that defendants will suffer no prejudice because the defendants will already have prepared essentially the same defenses earlier.

Second, plaintiff proposes to substitute "top forty" claims. Again, RAKTL argues that defendants will suffer no prejudice because those claims were at issue earlier.

Finally, plaintiff proposes to select new claims that are presumably unrelated to its "top forty." The plaintiff states that these claims have been selected on "good cause for discovery." In this category of claims, the plaintiff argues that new discovery justifies the substitution of these claims.

### C. Timeliness

The defendants argue that the second Heller motion for relief and the various motions to substitute claims were filed late in violation of this Court's scheduling order. The Court's January 15, Scheduling Order (DE 1154) permitted plaintiff to file motions to add or amend claims up until March 1, 2008. Plaintiff reasonably argues that its motions to substitute claims should be considered a motion to amend claims. Thus, the plaintiff's motions are not in violation of this Court's scheduling order.

## II. DISCUSSION

In this Court's August 31, 2007 Order limiting claims, the Court found that ordering the plaintiff to select among duplicative claims did not violate due process. The Court was cognizant that the specific limits it set may turn out to be too restrictive. To address this concern, the order provided a mechanism allowing the plaintiff to show that the limits restricted it from asserting claims that were not

---

[1] The "Heller cases" are cases where Heller Ehrman LLP represents plaintiff. They are case nos. 07-2096, 07-2099, 07-2101, 07-2134, 07-2192 and 07-3002.

[2] The plaintiff filed a belated joinder in the 07-2336 case. The Court allowed plaintiff to join in the motion to the extent that the Court order granted the same relief to all cases, but struck the individual arguments plaintiff made in that case.

[3] The "Cooley cases" are cases in which Cooley Godward and Kronish LLP represent plaintiff. They are case nos. 07-2196, 07-2213, 07-2220, 07-2257, 07-2299, 07-2322, 07,2325, 07-2339, 07-2340 and 07-2360. Plaintiff did not file a motion to substitute in 07-2250, which is also a Cooley case.

substantively duplicative of claims that it was already asserting. The Order informed plaintiff:

> The Court will consider if any newly asserted claim raises issues of infringement/validity that are not duplicative of currently asserted claims. For example if the newly asserted claim purportedly raises a new infringement issue, RAKTL should be prepared to show that a non-infringement defense raised by a specific defendant group to a currently asserted claim does not apply in substantially the same manner to a newly asserted claim.

In filing its various motions, the plaintiff has not made the type of showing expected by the August 31, 2007 Order. Indeed, defendants' opposition briefs repeatedly cite to the paragraph above and note that plaintiff has not even attempted to prove that the specific newly asserted claims raise new infringement/validity issues.

Instead, the plaintiff's motions advance four primary arguments: 1) the 64 claim limit was unduly limiting given the number of different defendants; 2) the Court's recent Claim Construction Order changed plaintiff's analysis and justifies the substitution of new claims; 3) new discovery warrants a substitution of some claims; and 4) the various defendants will not suffer prejudice because plaintiff provided some form of infringement contention earlier.

All of plaintiff's motions complain that this Court's 64 claim limit was unduly restrictive given the number of defendant groups (currently, twenty seven). However, the plaintiff has failed to show why 64 claims is not sufficient. The plaintiff never discusses what types of accused services can now be covered that were omitted by the original 64 claims. With respect to the Heller cases, the Court is asked to assume that 100 claims will provide the flexibility that the 64 claims cannot. Thus, this Court is left with the generalized notion that 64 was too few for the number of accused services at issue.

As to plaintiff's assertion that the Court's recent claim construction order entitles the plaintiff to substitute claims, this Court rejects that notion. To the extent that a claim construction order is available prior to claim selection, a plaintiff will doubtless rely on that construction. However, RAKTL is not *entitled* to have claim construction prior to the selection of claims. Similarly, a court's claim construction order does not give rise to a right to substitute claims regardless of timing. Such a scheme would be unworkable in a system where the Federal Circuit often revises claim construction on appeal. When selecting claims, plaintiff should take into account the risk that its interpretation may not prevail.

The plaintiff also asserts that newly discovered information necessitated some of the claim substitution. Although appendixes A-J of the second Heller motion, and the individual Cooley motions describe which specific claims were purportedly selected on the basis of new discovery, the papers do not provide the Court with the underlying evidence. Moreover, the defendants' various oppositions consistently challenge plaintiff's characterization of when it discovered information that justified the new claims. Although this Court assumes that the plaintiff must have learned some new facts in discovery that entitle it to substitute some claims, the papers do not allow the Court to determine which claims were or were not justifiably substituted based on newly discovered information.

Finally, all the motions argue that defendants are not prejudiced either because plaintiff has previously provided notice of the new claims or because the claims are related to previously asserted claims. Given that fact discovery is closing and expert reports are due shortly, defendants are clearly disadvantaged by substituting claims now. However, there is far less prejudice when the substitution comes from the forty preliminary claims (or their related claims) because plaintiff did not narrow its list of claims from forty to sixteen until February 22, 2008. Thus, defendants have been preparing their defenses against the preliminary 40 claims until recently.

In sum, the Court makes two basic conclusions. First, although the plaintiff has failed to justify

the total number of claims that plaintiff seeks to assert against the various accused services, the Court acknowledges that the sixty four claim limit may be too restrictive. Second, although plaintiff has not made a specific showing of "good cause" to substitute particular claims, the Court is persuaded that the plaintiff should be entitled to substitute some claims based on newly discovered evidence. At the same time, this relief must be balanced against the defendants' right to have reasonable notice of which claims are at issue. Wholesale claim substitution at this point in the litigation would not be fair to the defendants. For example, plaintiff now asks to substitute nine claims against the Rite Aid Defendants outside of the preliminary 40 claims they identified (CV 07-2101-RGK (FFMx)). That is simply too many substitutions too late in the case.

In order to balance these factors, the Court will grant the plaintiff the right to substitute a limited number of claims and those substitutions will not be limited by the 64 claim limit. The relief has been structured so that plaintiff may substitute a larger number of claims when asserting those claims that would be less prejudicial to the defendants (either those claims included in the preliminary 40 claims or claims that are substantially similar because of dependency). As a result, the Court grants the following relief.

### III.    SPECIFIC RELIEF

In all group B call processing cases except 07-2220, this Court GRANTS plaintiff's motions for relief and motions to substitute claims to the extent that they comply with the following requirements.

1. Plaintiff may replace a currently selected claim with a claim that the currently selected claim depends from. Since the new claim will merely contain a subset of limitations already in dispute, there is no prejudice to the defendants. Such a substitution will not count against any limits set forth below and does not need to fall within the 64 claim limit the Court previously imposed.

2. Second, for each defendant group, plaintiff may replace three asserted claims with different claims from: a) the preliminary list of forty claims that plaintiff identified, or b) claims from which the previously selected forty claims depend from, or c) claims that depend on the previously selected forty claims. Again, the different claims do not need to fall within the 64 claim limit the Court previously imposed.

3. Third, for each defendant group, plaintiff may also replace one asserted claim with any claim so long as the substitution was identified in plaintiff's moving papers. Again, the claim does not need to fall within the 64 claim limit.

4. To the extent that plaintiff has requested to substitute claims in excess of the limits imposed by this order, plaintiff will narrow its list of substituted claims and serve its final selections on each defendant group by no later than five (5) court days from the date of this Court order. Plaintiff may not select substitute claims that fall outside the requests made in plaintiff's moving papers. To avoid confusion, for each substitute claim, plaintiff will identify which of the three categories listed above the claim falls within.

5. To account for the substituted claims, the last day to file joint summary judgment motions will be extended. Such motions shall be filed within ten (10) court days of plaintiff's final selections.

Finally, with respect to 07-2220, this Court DENIES plaintiff's motion to substitute claims. This case is far more advanced than the other cases. Moreover, plaintiff has not identified any new discovery that justifies substituting claims at this point. As stated earlier, the claim construction order does not provide a justification for substituting new claims at this date.

**IT IS SO ORDERED**.

|  | : |
|---|---|
| Initials of Preparer | slw |