UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 07-ML-01816-B-RGK (FFMx) | Date | March 27, 2008 |
|---|---|---|---|
| Title | IN RE KATZ INTERACTIVE CALL PROCESSING PATENT LITIGATION | | |

ALL "B" TRACK ACTIONS
(except CV 07-02254 RGK (FFMx))

Case Nos. CV 07-2096 RGK (FFMx), CV 07-2099 RGK (FFMx), CV 07-2101 RGK (FFMx), CV 07-2134 RGK (FFMx), CV 07-2192 RGK (FFMx), CV 07-2196 RGK (FEMx), CV-07-2213 RGK (FFMx), CV 07-2220 RGK (FFMx), CV 07-2250 RGK (FFMx), CV 07-2257 RGK (FFMx), CV 07-2299 RGK (FFMx), CV 07-2322 RGK (FFMx), CV 07-2325 RGK (FFMx), CV 07-2336 RGK (FFMx), CV 07-2339 RGK (FFMx), CV 07-2340 RGK (FFMx), CV 07-2360 RGK (FFMx), CV 07-3002 RGK (FFMx)

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Lead Attorneys Present for Plaintiffs: | Lead Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**   (In Chambers) Order Denying Plaintiff's Motion to Sever and Stay Concerning Non-Selected Claims (DE 1551)

**I. Background**

   This Court's August 31, 2007 Order ("Order Limiting Claims") sought to balance case management concerns against the due process rights of Plaintiff Ronald A. Katz Technology Licensing, L.P. ("RAKTL") by ordering RAKTL to limit the number of patent claims asserted against each defendant group in this multi-district litigation proceeding ("MDL"). All of the asserted patents were related and many of the claims were clearly redundant. The Court found that ordering the plaintiff to select among duplicative claims did not violate due process. Thus, this Court ordered plaintiff to: 1) select a set of 40 preliminary claims to be asserted against each specific defendant group; 2) later to select 16 claims to assert against each specific defendant group; and 3) limit the total number of final claims to be asserted against all the defendants to 64 claims.

   Since the parties did not provide an analysis of how many sets of truly distinct claims and accused services were at issue, the Court selected limits based on the best information it had. The Court was cognizant that the limits it set might turn out to be too restrictive. To address this concern, the order provided a mechanism allowing the plaintiff to show that the limits restricted it from asserting claims that were not substantively duplicative of claims that it was already asserting. Specifically, the August 31, 2007 order granted RAKTL the right to file a motion "to add specific claims in excess of the 16 claims asserted against any specific defendant group and if applicable outside the 64 claim limit." *Id.* at 4.

Subsequently, the plaintiff did seek relief from some of the court ordered limits. The plaintiff filed motions to select claims outside the 64 claim limit and substitute them for previously selected claims. This Court granted plaintiff's motions, in part, by allowing the plaintiff to substitute a limited number of claims outside the 64 claim limit in each of the pending cases (DE 1712). Notably, the plaintiff did not seek to exceed the 16 claim limit (the number of claims plaintiff could assert against each defendant group).

Now the plaintiff has filed the current motion seeking to sever and stay non-selected claims. For each defendant group, the plaintiff asks this Court to sever and stay all claims from patents properly asserted in an original or amended pleading that were not part of the 16 claims that plaintiff selected.

## II. Discussion

Plaintiff argues that both constitutional due process and the patent statute provide plaintiff with the right to be heard on each and every claim it asserts against the defendants. In support of its argument, the plaintiff states:

> . . . the fundamental Due Process guarantee is that any party affected by government action must be afforded "the opportunity to be heard at a meaningful time and in a meaningful manner." (Order Limiting Claims, at 3 n.3 (*citing Southern Cal. Edison Co. v. Lynch*, 307 F.3d 794 (9th Cir. 2002) and *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

This Court has already held that due process does not grant the right to assert duplicative claims and plaintiff's briefs do not to challenge this notion. Thus, the question is whether this Court has given the plaintiff a meaningful opportunity to assert its non-duplicative claims or whether the Court must grant plaintiff's motion to sever and stay to do so.

This Court finds that it has provided plaintiff with a meaningful opportunity to be heard on all its non-duplicative claims by explicitly allowing plaintiff to file a motion to add claims. In particular, the order recognized that its limits might be too restrictive. In part, to safeguard plaintiff's due process rights, the August 31, 2007 order granted the plaintiff the right to file a motion to add non-duplicative claims. The Court even explained how the plaintiff could make such a showing.

> The Court will consider if any newly asserted claim raises issues of infringement/validity that are not duplicative of currently asserted claims. For example if the newly asserted claim purportedly raises a new infringement issue, RAKTL should be prepared to show that a non-infringement defense raised by a specific defendant group to a currently asserted claim does not apply in substantially the same manner to a newly asserted claim (August 31, 2007 Order).

Thus, this Court was mindful of due process when it ordered specific limits. Those limits were intended to allow plaintiff to assert a wide range of claims, but prohibit it from asserting duplicative claims. Since the parties did not provide a thorough analysis of the different categories of claims in their briefing, the Court allowed plaintiff to file a motion to add claims in excess of the limits. The order placed the burden on plaintiff to file the motion and show that it had additional non-duplicative claims to assert.[1] Plaintiff chose not to file such a motion, apparently because it understands it can only feasibly assert a limited number of claims at one time (Plaintiff's Reply at p. 3). At the same time, the plaintiff complains that the Court did not review the type of briefing that the August 31, 2007 order invited.

---

[1] Although this procedure made it more difficult for plaintiff to select more than 16 claims, it hardly denied the plaintiff a meaningful opportunity to be heard on those claims.

. . . this Court has neither received briefing on, nor conducted a detailed analysis of, the extent to which any of the claims asserted against particular defendants that fall outside their respective lists of sixteen claims are in fact "duplicative" of either the 64-claim superset or the individual lists of sixteen (Plaintiff' Memorandum in Supp of Mtn To Sever and Stay at p. 3).

Having failed to file a motion to add claims, the plaintiff cannot legitimately complain that it did not have a meaningful opportunity to be heard on those claims.

Even if the Court had not afforded the plaintiff the opportunity to add claims, plaintiff's motion does not justify severing and staying the unselected claims. The motion fails to identify any claims that are substantially different from the claims it is currently asserting. It does not identify any services or products that it could accuse of infringing non-selected claims, let alone, show that these services do not present the same issues for selected claims. Plaintiff's motion merely states that an order limiting it to 16 claims per defendant group violates due process. However, due process is not merely a theoretical concern, the plaintiff must be able show that it has lost some tangible right. In other words, plaintiff has not made any showing that it would have any greater chance of prevailing against any defendant if it were permitted to add additional claims.

In sum, the plaintiff is currently asserting a family of approximately twenty five patents that contain approximately 1950 claims against twenty seven defendant groups (at last count). The various orders this Court has issued are intended to provide plaintiff with a meaningful opportunity to assert its best set of claims against each defendant group. However, this Court will not permit the plaintiff to assert numerous substantially duplicative claims. To do so would not advance the issues in a efficient and meaningful manner. Accordingly, plaintiff's motion to sever and stay is DENIED.

**IT IS SO ORDERED**.

|  | : |
|---|---|
| Initials of Preparer | slw |