ROBERT T. HASLAM (CA Bar No. 71134)
rhaslam@cov.com
ANDREW C. BYRNES (CA Bar No. 191516)
abyrnes@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive
Redwood Shores, CA 94065
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

MICHAEL K. PLIMACK (CA Bar No. 133869)
mplimack@cov.com
DALE A. RICE (CA Bar No. 146249)
drice@cov.com
COVINGTON & BURLING LLP
One Front Street, 35th Flr.
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

Attorneys for Plaintiff
RONALD A. KATZ TECHNOLOGY LICENSING, L.P.

FILED
CLERK, U.S. DISTRICT COURT

SEP - 4 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Katz Interactive Call Processing Patent Litigation<br><br>This document relates to:<br><br>Ronald A. Katz Technology Licensing, L.P. v. Comcast Corporation, et al.<br>CV 07-6996 RGK (FFMx) | Case No. 07-ML-01816-RGK (FFMx)<br><br>PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT |

Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing"), states as follows for its second amended complaint against GEICO Corporation, Government Employees Insurance Company, GEICO General Insurance Company, GEICO Indemnity Company, GEICO Casualty Company, XM Satellite Radio Holdings, Inc., XM Satellite Radio, Inc., XM Radio, Inc., XM Equipment Leasing, LLC, Sirius Satellite Radio Inc. and Sirius XM Radio Inc.

## THE PARTIES

1. Plaintiff Katz Technology Licensing is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

2. On information and belief, Defendant GEICO Corporation is a Delaware corporation with its principal place of business at 1 GEICO Plaza, Washington, D.C. 20076.

3. On information and belief, Defendant Government Employees Insurance Company is (a) a Maryland corporation with its principal place of business at 1 GEICO Plaza, Washington, D.C. 20076, and (b) a subsidiary of GEICO Corporation.

4. On information and belief, Defendant GEICO General Insurance Company is an Iowa corporation with its principal place of business at 1 GEICO Plaza, Washington, D.C. 20076, and (b) a subsidiary of GEICO Corporation.

5. On information and belief, Defendant GEICO Indemnity Company is a Maryland corporation with its principal place of business at 1 GEICO Plaza, Washington, D.C. 20076, and (b) a subsidiary of GEICO Corporation.

6. On information and belief, Defendant GEICO Casualty Company is a Maryland corporation with its principal place of business at 1 GEICO Plaza, Washington, D.C. 20076, and (b) a subsidiary of GEICO Corporation.

7. On information and belief, Defendant XM Satellite Radio Holdings, Inc., is (a) a Delaware corporation with its principal place of business at 1500 Eckington

Place NE, Washington, D.C. 20002, and (b) a subsidiary of Sirius XM Radio Inc.

8. On information and belief, Defendant XM Satellite Radio, Inc. is (a) a Delaware corporation with its principal place of business at 1500 Eckington Place NE, Washington, D.C. 20002, and (b) a subsidiary of XM Satellite Radio Holdings, Inc. and Sirius XM Radio Inc.

9. On information and belief, Defendant XM Radio, Inc. is (a) a Delaware corporation with its principal place of business at 1500 Eckington Place NE, Washington, D.C. 20002, and (b) a subsidiary of XM Satellite Radio Holdings, Inc. and Sirius XM Radio Inc.

10. On information and belief, Defendant XM Equipment Leasing, LLC is (a) a Delaware corporation with its principal place of business at 1500 Eckington Place NE, Washington, D.C. 20002, and (b) a subsidiary of XM Satellite Radio Holdings, Inc. and Sirius XM Radio Inc.

11. On information and belief, Defendant Sirius Satellite Radio Inc. is (a) a Delaware corporation with its principal place of business at 1221 Avenue of the Americas, 36th Floor, New York, NY 10020, and (b) a subsidiary of Sirius XM Radio Inc.

12. On information and belief, Defendant Sirius XM Radio Inc. is a Delaware corporation with its principal place of business at 1221 Avenue of the Americas, 36th Floor, New York, NY 10020.

## JURISDICTION AND VENUE

13. This is an action arising under the patent laws of the United States, 35 U.S.C. sections 101 *et seq*. This Court and the transferor Court, the District Court for the District of Delaware, have subject matter jurisdiction over this action under 28 U.S.C. sections 1331 and 1338(a).

14. Defendants GEICO Corporation, Government Employees Insurance Company, GEICO General Insurance Company, GEICO Indemnity Company, GEICO

Casualty Company (collectively, the "GEICO" Defendants) are subject to this and the transferor Court's personal jurisdiction because, on information and belief, (1) they are Delaware corporations and/or have designated a registered agent in Delaware; (2) they do substantial business in this and the transferor district; (3) they operate infringing automated call processing systems that are available to their customers, including customers in this and the transferor district; and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this and the transferor district.

15. Defendants XM Satellite Radio Holdings, Inc., XM Satellite Radio Inc., XM Radio, Inc., XM Equipment Leasing, LLC, and Sirius Satellite Radio Inc. and Sirius XM Radio Inc. (collectively, the "XM/Sirius Defendants") are subject to this and the transferor Court's personal jurisdiction because, on information and belief, (1) they are Delaware corporations and have designated a registered agent in Delaware; (2) they do substantial business in this and the transferor district; (3) they operate infringing automated call processing systems that are available to their customers, including customers in this and the transferor district; and/or (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this and the transferor district.

16. Venue is proper in this and the transferor judicial district under 28 U.S.C. sections 1391(c) and 1400(b) because the Defendants are incorporated, reside, have designated a registered agent in, and/or engage in significant business activities in this and the transferor district as set forth in Paragraphs 14-15 above.

## BACKGROUND

17. Ronald A. Katz ("Mr. Katz"), founder of Katz Technology Licensing, is the sole inventor of each of the patents-in-suit. Mr. Katz has been widely

recognized as one of the most prolific and successful inventors of our time, and his inventions over the last forty-plus years have been utilized by literally millions of people.

18. In 1961, Mr. Katz co-founded Telecredit Inc. ("Telecredit"), the first company to provide online, real-time credit authorization, allowing merchants to verify checks over the telephone. Further innovations from Telecredit include the first online, real-time, point-of-sale credit verification terminal, which enabled merchants to verify checks without requiring the assistance of a live operator, and the first device that used and updated magnetically-encoded cards in automated teller machines. Multiple patents issued from these innovations, including patents co-invented by Mr. Katz.

19. Telecredit was eventually acquired by Equifax, and has now been spun off as Certegy, a public company traded on the New York Stock Exchange. Certegy continues to provide services in the credit and check verification field established by Mr. Katz and Telecredit.

20. Mr. Katz's inventions have not been limited to telephonic check verification. Indeed, Mr. Katz is responsible for advancements in many fields of technology. Among his most prominent and well-known innovations are those in the field of interactive call processing. Mr. Katz's inventions in that field are directed to the integration of telephonic systems with computer databases and live operator call centers to provide interactive call processing services.

21. The first of Mr. Katz's interactive call processing patents issued on December 20, 1988. More than fifty U.S. patents have issued to Mr. Katz for his inventions in the interactive call-processing field, including each of the patents-in-suit.

22. In 1988, Mr. Katz partnered with American Express to establish FDR Interactive Technologies, later renamed Call Interactive, to provide interactive call processing services based on Mr. Katz's inventions. The American

Express business unit involved in this joint venture later became known as First Data.

23. Early clients of Call Interactive included *The New York Times*, ABC's *Monday Night Football*, KABC Radio, CBS News, and Beatrice Foods (Hunt-Wesson division).

24. Many of these clients utilized Call Interactive technology for high-profile events. For example, CBS News hired Call Interactive to operate an interactive, real-time telephone poll to gauge viewer reaction to President George H.W. Bush's 1992 State of the Union address.

25. Mr. Katz sold his interest in Call Interactive to American Express in 1989 but continued to provide advisory services to Call Interactive until 1992. American Express later spun off the First Data business unit into a separate corporation, and with that new entity went Mr. Katz's interactive call processing patents and the Call Interactive call processing business. The former Call Interactive, now known as First Data Voice Services, continues to provide call processing solutions today.

26. In 1994, Mr. Katz formed Katz Technology Licensing, which acquired the rights to the entire interactive call processing patent portfolio, including the rights to each of the patents-in-suit, from First Data, the owner of all of the Katz interactive call processing patents at that time.

27. The marketplace has clearly recognized the value of Mr. Katz's inventions. Indeed, over one hundred fifty companies have licensed the patents-in-suit. Licensees include IBM, Hewlett-Packard, Bank of America, JPMorgan Chase, Wells Fargo, HSBC, Verizon, Sprint, Microsoft, Delta Airlines, Merck, Sears, Citibank, and the Home Shopping Network. These licensees and others acknowledge the applicability of the patents-in-suit to multiple fields of use, including but not limited to financial services call processing, automated securities transactions, automated credit card authorization services, automated

wireless telecommunication services and support, automated health care services, and product and service support.

28. Each of the defendants employs the inventions of certain of the patents-in-suit. Katz Technology Licensing, through its licensing arm A2D, L.P., has repeatedly attempted to engage each defendant in licensing negotiations, but to date, none of the defendants has agreed to take a license to any of the patents-in-suit.

## THE ASSERTED PATENTS

29. On December 20, 1988, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,792,968 (the "'968 Patent") to Ronald A. Katz for an invention entitled "Statistical Analysis System for Use With Public Communication Facility." The '968 Patent expired on December 20, 2005.

30. On May 29, 1990, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,930,150 (the "'150 Patent") to Ronald A. Katz for an invention entitled "Telephonic Interface Control System." The '150 Patent expired on December 20, 2005.

31. On July 7, 1992, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,128,984 (the "'984 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity." The '984 Patent expired on July 7, 2009.

32. On October 5, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,251,252 (the "'252 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity." The '252 Patent expired on July 7, 2009.

33. On October 19, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,255,309 (the "'309 Patent") to Ronald

A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '309 Patent expired on December 20, 2005.

34. On September 27, 1994, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,351,285 (the "'285 Patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System." The '285 Patent expired on December 20, 2005.

35. On October 1, 1996, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,561,707 (the "'707 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '707 Patent expired on December 20, 2005.

36. On November 4, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,684,863 (the "'863 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '863 Patent expired on December 20, 2005.

37. On September 29, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,815,551 (the "'551 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '551 Patent expired on December 20, 2005.

38. On October 27, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,828,734 (the "'734 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity." The '734 Patent expired on July 7, 2009.

39. On November 10, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,835,576 (the "'576 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery Device." The '576 Patent expired on July 10, 2005.

40. On April 27, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,898,762 (the "'762 Patent") to

Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '762 Patent expired on December 20, 2005.

41. On June 29, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,917,893 (the "'893 Patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System." The '893 Patent expired on December 20, 2005.

42. On October 26, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,974,120 (the "'120 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity." The '120 Patent expired on July 7, 2009.

43. On March 7, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,035,021 (the "'021 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '021 Patent expired on December 20, 2005.

44. On November 14, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,148,065 (the "'065 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '065 Patent expired on July 10, 2005.

45. On September 18, 2001, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,292,547 (the "'547 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '547 Patent expired on July 10, 2005.

46. On January 1, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,335,965 (the "'965 Patent") to Ronald A. Katz for an invention entitled "Voice-Data Telephonic Interface Control System." The '965 Patent expired on December 20, 2005.

47. On February 19, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,349,134 (the "'134 Patent") to

Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '134 Patent expired on December 20, 2005.

48. On July 23, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,424,703 (the "'703 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery System." The '703 Patent expired on July 10, 2005.

49. On August 13, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,434,223 (the "'223 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity." The '223 Patent expired on July 10, 2005.

50. On January 28, 2003, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,512,415 (the "'415 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Game Control System." The '415 Patent expired on July 10, 2005.

51. On January 13, 2004, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,678,360 (the "'360 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '360 Patent expired on July 10, 2005.

## FIRST CLAIM
### (PATENT INFRINGMENT BY THE GEICO DEFENDANTS)

52. Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-51 of this Complaint as if fully set forth herein.

53. The GEICO Defendants provide insurance products and services throughout the United States.

54. On information and belief, the GEICO Defendants have used infringing call processing systems to offer automated customer service to their customers. Using an automated system, in some instances in connection with operators, the GEICO Defendants allowed their customers to access information about their

policies, make payments, order new identification cards, establish or change their personal identification numbers, verify insurance coverage, and perform various other functions.

55. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '223, '252, '285, '360, '547, '551, '576, '703, '707, '734, '863, '893, '965, '968 and '984 Patents.

56. On information and belief, in their automated customer service operations described in Paragraph 54 (collectively, the "Accused GEICO Services"), the GEICO Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of the patents identified in Paragraph 55 of this Complaint by making, using, offering to sell, or selling the Accused GEICO Services.

57. The GEICO Defendants' infringement of the patents identified in Paragraph 55 of this Complaint has been willful.

## SECOND CLAIM
## (PATENT INFRINGEMENT BY THE XM/SIRIUS DEFENDANTS)

58. Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-51 of this Complaint as if fully set forth herein.

59. The XM/Sirius Defendants provide satellite radio subscription services.

60. On information and belief, the XM/Sirius Defendants have used infringing call processing systems to offer automated customer service to their customers. Using an automated system, in some instances in connection with operators, the XM/Sirius Defendants allowed their customers to access account information, sign up for new service, activate a radio, send a radio activation signal, make a payment for an account, manage an account, access technical support, and perform various other functions.

61. Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '223, '252, '285, '360, '551, '703, '707, '734, '762, '863, '893, '965, and '984 Patents.

62. On information and belief, in their automated customer service operations described in paragraph 60 (collectively, the "Accused XM/Sirius Services'), the XM/Sirius Defendants have been infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of the patents identified in paragraph 61 of this Complaint by making, using, offering to sell, or selling the Accused XM/Sirius Services.

63. The XM/Sirius Defendants' infringement of the patents identified in Paragraph 61 of this Complaint has been willful.

## PRAYER FOR RELIEF

WHEREFORE, Ronald A. Katz Technology Licensing, L.P., respectfully requests that this Court enter judgment in its favor and against the defendants and grant the following relief:

1. Adjudge that the GEICO Defendants have infringed one or more claims of the patents identified in Paragraph 55 of this Complaint by offering the Accused GEICO Services;

2. Adjudge that the GEICO Defendants' infringement has been willful;

3. Order an accounting for damages resulting from the GEICO Defendants' infringement of the patents identified in Paragraph 55 of this Complaint;

4. Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the GEICO Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

5. Enter an order, pursuant to 35 U.S.C. § 284, and based on the GEICO Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the GEICO Defendants;

6. Adjudge that the XM/Sirius Defendants have infringed one or more claims of the patents identified in Paragraph 61 of this Complaint by offering the Accused XM/Sirius Services;

7. Adjudge that the XM/Sirius Defendants' infringement has been willful;

8. Order an accounting for damages resulting from the XM/Sirius Defendants' infringement of the patents identified in Paragraph 61 of this Complaint;

9. Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the XM/Sirius Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

10. Enter an order, pursuant to 35 U.S.C. § 284, and based on the XM/Sirius Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the XM/Sirius Defendants;

11. Enter an order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to Katz Technology Licensing its reasonable attorneys' fees incurred in this action; and

12. Award such other relief as the Court may deem appropriate and just under the circumstances.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution of the United States, Plaintiff demands a trial by jury of all claims and all issues triable as of right by jury in this action.

DATE: July 15, 2009                 COVINGTON & BURLING LLP


By:    */s/ Andrew C. Byrnes*
       Andrew C. Byrnes
Attorneys for Plaintiff
Ronald A. Katz Technology Licensing, L.P.

12

KATZ'S SECOND AMENDED COMPLAINT                 CASE NO. 07-ML-1816-RGK (FFMx)