1   COOLEY LLP
    FRANK PIETRANTONIO (PRO HAC VICE)
2   (FPIETRANTONIO@COOLEY.COM)
    JONATHAN G. GRAVES (PRO HAC VICE)
3   (JGRAVES@COOLEY.COM)
    One Freedom Square, Reston Town Center
4   11951 Freedom Drive
    Reston, VA  20190-5656
5   Telephone:   (703) 456-8000
    Facsimile:   (703) 456-8100
6
    Attorneys for Plaintiff
7   RONALD A. KATZ TECHNOLOGY LICENSING, L.P.

8   RICHARD SCOTT MANDARO, ESQ.
    rmandaro@arelaw.com
9   AMSTER, ROTHSTEIN & EBENSTEIN LLP
    90 Park Avenue
10  New York, New York 10016
    Telephone: (212)-336-8000
11  Facsimile: (212)-336-8001

12  LIAISON COUNSEL FOR
    TRACK C DEFENDANTS
13  [and with authorization by Track B Defendants]

14                  UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16

17

18  In Re KATZ INTERACTIVE CALL          Case No.  07-ML-1816-B RGK
    PROCESSING LITIGATION                (FFM)

19  This document relates to:            **JOINT CASE MANAGEMENT
                                         STATEMENT – GROUP B**
20  ALL GROUP B ACTIONS

21                                       Honorable R. Gary Klausner

22
                                         **ORAL HEARING REQUESTED**
23

24

25

26

27  **In Re Katz Interactive Call Processing Litigation,**
    **07-ML-01816-B RGK (FFMx)**              1.        **JOINT CASE MANAGEMENT STATEMENT –**
28                                                               **GROUP B**

    Austin 68993v1

    US2000 12225997.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   INTRODUCTION.

Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz") and the Defendants in the MDL Group B cases ("Defendants") respectfully submit this Joint Case Management Statement pursuant to the Court's August 1, 2011 Order. The issues raised by the Court's Order are addressed herein.  Where the parties have different views on certain issues, the parties' respective positions are set forth under separate headings.

## II.   IDENTITY OF THE REMAINING GROUP B DEFENDANTS

Attached hereto as Exhibit A is a chart identifying each remaining Defendant in the Group B cases and the claims currently asserted against each Defendant. Katz notes that the identification of currently asserted claims is subject to the further proceedings identified below.

## III.   DISPUTES THE COURT NEEDS TO ADDRESS.

### A.   Issues Remanded by the Federal Circuit.

The Federal Circuit identified several issues for this Court's consideration on remand.  The issues and the parties' proposed briefing schedules are summarized below.

### 1.   Remanded Claim Construction Issues.

The Federal Circuit directed further consideration of the following claim construction issues applicable to certain claims that this Court had previously ruled invalid on Section 112 grounds:

- Claim construction of certain "processing," "receiving," and "storing" element functions and "interface 20" as corresponding structure. *See* Federal Circuit Opinion, slip op. at 22, 24.
- Claim construction of "operating process format." *See* Federal Circuit Opinion, slip op. at 29.
- Claim construction of DNIS limitation. *See* Federal Circuit Opinion, slip op. at 40.

### a.      Katz's proposed schedule.

Katz proposes the following schedule for the claim construction issues to be considered on remand from the Federal Circuit.  Katz's proposal differs from Defendants' in several ways.

First, consistent with this Court's prior "mini-*Markman*" proceedings, the parties need not attempt to identify parties to whom claim terms "apply," as claim terms themselves are not specific to individual parties.  The parties need only identify the patent claims in which the terms appear.

Second, there is no need to allow surreply briefing as a matter of right.  If Katz raises new arguments or issues in Katz's reply brief, the Defendants may seek leave to file a surreply.

Finally, because both the MDL-B and MDL-C Defendants seek to participate in the claim construction proceedings, Katz proposes that all of the Group B and Group C Defendants coordinate to submit Defendants' responsive brief, consistent with the prior mini-*Markman* proceedings where all then-current Defendants submitted joint briefing.  (*See* D.I. 733.)

- No later than 7 days after issuance of the Court's Scheduling Order, the parties shall meet and confer to identify the claim terms to be construed and the claims in which those terms appear;

- No later than 14 days after issuance of the Court's Scheduling Order, the parties exchange proposed claim constructions (if any) and supporting evidence.  The parties shall meet and confer regarding their proposed claim constructions within 7 days after exchange of proposed claim constructions.

- No later than 21 days after exchange of proposed claim constructions, Katz files an opening Supplemental Claim Construction Brief of up to 30 pages in the main 1816 MDL case;

- No later than 21 days after service of Katz's opening brief, any Defendants that wish to address the issues may jointly file a Response of up to 30 pages.
- No later than 14 days after service of Defendants' brief, Katz may file a Reply of up to 15 pages.

### b.   Defendants' proposed schedule.

Defendants propose that the Court follow the briefing schedule that was used for the "mini-*Markman*" proceedings, which accommodated a sur-reply brief filed by the Defendants.  Defendants further propose that it would be beneficial for the parties to meet and confer prior to engaging in the claim construction briefing to identify the claims and parties to which the briefing will apply.  To that end, the Group B Defendants agree to coordinate any briefing with the Group C Defendants as proposed by Katz.  To avoid seeking an advisory opinion from the Court, however, the Defendants simply ask Katz to meet and confer on the identity of remaining Defendant(s), for example, that share a common asserted claim. It is self-evident, for example, that the Court need not entertain briefing on a claim term that will not be asserted against any Defendant in these proceedings. Conversely, coordination among the Defendants as proposed by Katz is best served where there is agreement that a claim is commonly asserted. Prior to the original "mini-*Markman*" briefing, Katz was required to identify preliminary infringement contentions for the claims to be construed.  (See D.I. 125 and 222).  Defendants simply seek a comparable clarification during the currently proposed meet and confer.  Accordingly, Defendants propose the following briefing schedule for the claim construction issues to be considered on remand from the Federal Circuit:

- No later than 7 days after issuance of the Court's Scheduling Order, the parties shall meet and confer to identify the claim terms to be construed and the parties to whom they apply;
- No later than 14 days after issuance of the Court's Scheduling Order,

the parties exchange proposed claim constructions (if any) and supporting evidence.  The parties shall meet and confer regarding their proposed claim constructions within 7 days after exchange of proposed claim constructions;

- No later than 21 days after exchange of proposed claim constructions, Katz files an opening Supplemental Claim Construction Brief of up to 30 pages in the main 1816 MDL case;

- No later than 21 days after service of Katz's opening brief, Defendants may jointly file a Common Response of up to 30 pages;

- No later than 14 days after service of Defendants' brief, Katz may file a Reply to the Common Response of up to 15 pages; and

- No later than 14 days after service of Katz's reply brief, Defendants may file a Common Surreply to Katz' reply of up to 15 pages.

In the event open claim construction issues remain prior to remand, Defendants may request leave to have the Court resolve them to avoid inconsistent claim constructions by the District Courts.

## 2. Remanded Issue Specific to Katz v. American Airlines.

The Federal Circuit suggested that this Court could revisit, "at its discretion," the timeliness of Katz's assertion of an infringement theory against American Airlines regarding a SABRE database.  *See* Federal Circuit Opinion, slip op. at 44.

In response to the Federal Circuit's decision, American Airlines seeks to file a motion to strike Katz's infringement theory.  Katz disputes the propriety and merits of American Airlines' motion.  The parties agree to the following briefing schedule for this issue:

- No later than 21 days after issuance of the Court's Scheduling Order, American Airlines files an opening brief in the American Airlines case;

- No later than 21 days after service of Katz's opening brief, Katz may

file a response; and

○ No later than 14 days after service of Katz's response, American Airlines may file a reply brief.

**B.     Identification of Claims Affected By Federal Circuit Opinion.**

The Federal Circuit Opinion addressed validity and claim construction issues that affect certain claims beyond those specifically at issue in the appeal.  The parties' positions on these claims and issues are set forth below.

**1.     Katz's Identification of Issues and Claims.**

The Federal Circuit Opinion notes that its analysis regarding certain claims may also apply to additional claims not directly addressed in the Opinion.  (Federal Circuit Opinion, slip op. at 44-45.)

Katz identifies the following invalidity rulings in this Court's June 19, 2008 Section 112 summary judgment order (D.I. 2330) that should be vacated, and additional claims whose validity is positively affected, in view of the Federal Circuit's reasoning:

- *Aristocrat* issues (Federal Circuit Opinion, slip op. at 20-22; D.I. 2330 at 59-61.)  The Federal Circuit vacated the Court's invalidity ruling as to '863 patent claims 96, 98, and 99, '547 patent claims 11 and 18, '551 patent claim 19, and '285 patent claim 61.  The Court's invalidity rulings as to other asserted claims, specifically '021 patent claim 11, '309 patent claims 41 and 42, and '547 patent claim 19, should be vacated under the same reasoning.  (*See* D.I. 2330 at 61; D.I. 6328 at 22, 34.)  The Federal Circuit's validity analysis also applies to additional claims in the Katz portfolio that are not currently asserted against any of the remaining Group B defendants.  To the extent Katz seeks to substitute or add any such claim against any Group B defendant, Katz will explain the impact of the Federal Circuit's validity analysis on such claim.

- Dual Call Mode claims (Federal Circuit Opinion, slip op. at 28-29; D.I. 2330 at 5-10, 12).  The Federal Circuit vacated the Court's invalidity ruling as to claim 34 of the '120 patent.  The Court's invalidity rulings as to other asserted claims, specifically '223 patent claims 1, 7, 51, 58, and 86 and '120 patent claim 32, should be vacated under the same reasoning.  (*See* D.I. 2330 at 10, 12.)  The Federal Circuit's validity analysis also applies to additional claims in the Katz portfolio that are not currently asserted against any of the remaining Group B defendants.  To the extent Katz seeks to substitute or add any such claim against any Group B defendant, Katz will explain the impact of the Federal Circuit's validity analysis on such claim.

It is self-evident from the above-cited orders that the Federal Circuit's analysis as to the 8 claims it directly addressed applies with equal force to this Court's substantively identical rulings on the additional 10 claims identified above. The Court does not need briefing from the parties to make this assessment. Moreover, the remaining MDL-B Defendants filed the motions resulting in those additional claim invalidations, either collectively or individually.  (*See* D.I. 1867, 2230 (all Defendants); D.I. 6328 at 22, 34 (Cox as to '309 patent claim 42).)  The Federal Circuit's ruling mandates that the invalidity rulings these remaining Defendants sought and obtained should be vacated without delay.  There is no reason to defer vacatur of those rulings until <u>after</u> the Court's rulings on remanded claim construction issues, as Defendants propose.  Just as the Federal Circuit did for the 8 claims it addressed, the first step is to vacate the invalidity rulings, and then the claim construction issues can be addressed.

To the extent the Court requests briefing on this issue at this time, Katz proposes the following schedule:

- No later than 14 days after issuance of the Court's scheduling order, Katz shall provide to Defendants its bases for contending that any

invalidity ruling is subject to the Federal Circuit's analysis.  No later than 7 days after service of such bases, the parties will meet and confer;

- Should the Defendant dispute Katz's bases, then Katz shall file a motion no later than 21 days after completion of the meet and confer requesting that the Court vacate the previous invalidity holdings in question;

- No later than 21 days after service of Katz's motion, the Defendants may file an opposition to Katz's motion; and

- No later than 14 days after service of Defendants opposition, Katz may file a reply brief.

The Federal Circuit also modified one of Court's claim constructions:

- <u>Claim construction of "acknowledgement number"</u> (Federal Circuit Opinion, slip op. at 35-36).  The Federal Circuit modified the Court's construction of "acknowledgement number."  The modified construction affects infringement issues as to certain Defendants with respect to the claims of the '762 and '965 patents.

Katz proposes the following schedule to address this claim construction issue:

- No later than 14 days after issuance of the Court's scheduling order, Katz shall provide to Defendants Katz's view of the impact of the claim construction of "acknowledgement number."  No later than 7 days after service of such bases, the parties will meet and confer;

- Should the Defendants dispute Katz's position, then Katz shall file a motion or motions no later than 21 days after completion of the meet and confer seeking relief;

- No later than 21 days after service of Katz's motion, any affected Defendants may file an opposition to Katz's motion; and

- No later than 14 days after service of Defendants' opposition, Katz may file a reply brief.

### 2.      Defendants' Identification of Issues and Claims.

The Federal Circuit affirmed the vast majority of this Court's rulings, and thereby simplified the issues for the Track B Defendants. In contrast to Katz's assertions above, only the following eight (8) claims identified by the Federal Circuit—having been asserted against the following specific ten (10) Defendants during discovery—are expressly affected by the Federal Circuit order:

| Defendant Group | Claim expressly affected by Federal Circuit order | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 120:34 | 285:61 | 547:11 | 547:18 | 551:19 | 863:96 | 863:98 | 863:99 |
| AOL | | | | | X | | | |
| Cablevision | | | X | | | | | |
| TDS/US Cellular | | X | | | | | | |
| DHL | X | X | | | X | | X | |
| American Airlines | | | | | X | | X | |
| FedEx | X | | | X | X | | | |
| Cox | | | | | | | X | X |
| DirecTV | X | | | | X | | | |
| Earthlink | | | | | X | | X | |
| US Bancorp | | | | | | X | X | X |

The Track B Defendants maintain that issues associated with these claims can be disposed of pursuant to individual summary judgment briefing as described below in Sec. IV.

Katz further contends that this Court should address the effect of the Federal Circuit order on additional claims—including claims that Katz concedes are not asserted against any remaining Track B Defendant.  Defendants maintain, however, that only those claims previously asserted during discovery and invalidated pursuant to 35 U.S.C. § 112 can be affected.  If a previously asserted claim has no remaining Defendant in these proceedings, the claim is not in dispute and the Court need not entertain briefing on an advisory opinion.

To the extent Katz seeks to assert a previously asserted and invalidated claim against a particular Defendant, the Defendants propose the following briefing schedule:

- No later than 7 days after issuance of the Court's Claim Construction Order, Katz provides its basis (if any) to a Defendant that any of the previously asserted, and invalidated, claims identified above  is subject to the Federal Circuit order.  No later than 7 days after service of such basis, the respective parties will meet and confer regarding Katz's assertions;

- Should the Defendant dispute Katz's bases, then Katz shall file a motion no later than 30 days after issuance of the Court's Claim Construction Order seeking to vacate this Court's previous invalidity holding, serving its motion (if any) on the respective affected Defendant or Defendants;

- No later than 21 days after service of Katz's motion, the Defendant(s) may file an opposition to Katz's motion; and

- No later than 14 days after service of Defendant(s)' opposition, Katz may file a reply brief.

Katz's proposal regarding the construction of "acknowledgement number" in Section III.B was first provided to Defendants on Monday, August 15, 2011, after 12:30 PM EST.  Because Defendants have not had sufficient opportunity to consider Katz's proposal – such as the nature of Katz's proposed "motion seeking relief´– Defendants oppose it.  Nevertheless, should the Court decide to address the claim construction issue as framed by Katz, Defendants request the opportunity to provide briefing to the Court on this particular issue.

**C.  Additional Patent Claim Assertions.**

**1.  Katz's Position.**

In view of the Federal Circuit's rulings vacating summary judgment of

Section 112 invalidity as to certain patent claims, Katz proposes to assert against certain Defendants certain claims whose validity is affected by the Federal Circuit's analysis and certain other claims where substitution is warranted.

Katz understands the Court's August 1, 2011 Order to seek an identification of disputes, not the parties' substantive arguments on those disputes. Katz intends to present the justifications for the claim substitutions in the briefing addressed below.

Nevertheless, in view of the Defendants' argumentation below, Katz notes that limited claim assertion modifications are justified at this juncture. The justifications are somewhat different between these MDL-B cases and the MDL-C cases, as is apparent from the MDL-C parties' separate concurrent filing.

Of primary importance in the MDL-B cases, the Federal Circuit's confirmation that the Dual Call Mode patents disclose multiple formats is a watershed new ruling that unquestionably justifies certain limited new claim assertions. In 2003, this Court in the prior *Verizon California v. Katz* litigation ruled invalid certain Katz patent claims, including claims depending from claim 81 of the '734 patent, on the basis that the Dual Call Mode specification does not disclose multiple formats. In view of the Court's prior ruling, Katz did not include any '734 patent claims in its final sets of asserted claims before this Court. The Federal Circuit's recent ruling is effectively new law on this issue that was not previously available and justifies revisiting the limited set of claims affected by the ruling.

In addition, there are certain Defendant-specific justifications for limited claim substitutions at this stage, including substitutions that present unique issues as to liability or damages and/or previously-sought substitutions that may be revisited in view of the Federal Circuit decision. See, e.g., Federal Circuit Opinion, slip op. at 14 (suggesting propriety of substitution where "unselected claims presented unique issues as to liability or damages"); Katz's Motion for Reconsideration in the

*Citizens Financial* case (case no. 2:07-cv-4964), D.I. 846-1 at 6-8 (Federal Circuit decision may justify revisiting the Court's prior claim substitution decisions).

Katz will further explain the bases for proposed claim substitutions on a Defendant-by-Defendant basis in Katz's briefing on these issues.

Katz proposes the following briefing schedule for proposed additional/substitute claim assertions:

- No later than 30 days after issuance of the Court's Scheduling Order, Katz files Motions to Add Claims in cases where such substitution is currently warranted.
- No later than 30 days after service of Katz's opening briefs, any affected Defendants may file a response.
- No later than 14 days after service of Defendants' responses, Katz may file replies.

### 2.   Defendants' Position.

Under no circumstance should Katz be permitted to add or substitute any new claims against the Track B Defendants.  Katz already filed six separate motions for claim substitution and motions to "sever and stay" unselected claims against various Track B Defendants.  In total, the claim substitution briefing, appendices, and declarations spanned in excess of one thousand pages.  The Court previously ruled on each of Katz's motions and, even though Katz failed to timely request claim substitution or set forth a basis for any claim substitution, the Court did permit Katz to expand the set of selected and asserted claims on a limited basis.  Moreover, although it still failed to identify even a single claim raising any new or different issues that the Court's claim selection procedures precluded it from asserting, Katz appealed the Court's claim limitations to the Federal Circuit.  The Federal Circuit considered and rejected all of Katz's arguments in this regard.  The fact is, Katz cannot now undo his earlier failure to timely identify and assert additional claims—including any claims of the '734 patent referenced in Katz's

1   submission—in compliance with the Court's orders.

2   Additionally, in selecting the claims to assert against the Track B defendants,

3   Katz presumably assumed that its claims would survive Defendants' Section 112

4   challenge as the Court's Section 112 ruling only issued after Katz had selected its

5   claims.  As such, Defendants submit that the Federal Circuit's remand of certain

6   issues previously decided by this Court do not provide any basis for Katz to seek to

7   add or substitute claims.  *Cf.* D.I. 1712 (Mar. 13, 2008 Order) at 3 ("As to

8   plaintiff's assertion that the court's recent claim construction order entitles the

9   plaintiff to substitute claims, the Court rejects that notion.  To the extent that a

10  claim construction order is available prior to claim selection, a plaintiff will

11  doubtless rely on that construction.  However, RAKTL is not *entitled* to have claim

12  construction prior to the selection of claims.  Similarly, a court's claim construction

13  order does not give rise to a right to substitute claims regardless of timing. Such a

14  scheme would be unworkable in a system where the Federal Circuit often revises

15  claim construction on appeal.  When selecting claims, plaintiff should take into

16  account the risk that its interpretation may not prevail.")

17  Moreover, there have been no intervening changes in the governing law or

18  rulings in the Track C cases that would support Katz's position on this issue.

19  Accordingly, the Track B Defendants submit that there is no basis for any claim

20  substitution or even any further briefing on claim substitution.

21  In the absence of any basis for adding claims, Defendants do not propose a

22  briefing schedule.  To the extent Katz's assertions in this Section relate to the

23  previously asserted, and invalidated, claims as discussed above in Section III.B.2,

24  then the Defendants refer to the proposed briefing schedule in Section III.B.2.

25  **D.    Damages Discovery Supplementation.**

26  **1.    Katz's Proposal.**

27  Katz proposes that the parties exchange supplemental damages expert reports

28  to account for significant changes in the law and for the Court's rulings applicable

to the asserted claims since the time damages reports were first exchanged.  In particular, the Federal Circuit's subsequent decision in *Uniloc* materially changed the law on patent infringement damages theories.[1]  Similarly, this Court's subsequent rulings on claim invalidity and non-infringement have materially impacted the legal and factual circumstances underlying the damages analysis for each Defendant.

Therefore, contrary to Defendants' suggestion, the supplementation is not a matter of timeliness or any "failure" by Katz.  It is a matter of accounting for new law and circumstances not present at the time of the original reports, and the Court's resumption of proceedings following the Federal Circuit's ruling is an appropriate time to assess the supplementation.  Nor will there be any undue burden; the supplementation is not a complete re-do of all damages discovery, but merely a limited supplementation.

At this juncture, Katz only requests that the Court acknowledge that damages discovery supplementation may be warranted to the extent new law and/or new circumstances affect the damages analysis.  As for the specific timing of such supplementation, Katz proposes that such supplementation may take place on a defendant-by-defendant basis at an appropriate stage for each defendant, which can be discussed and coordinated between Katz and each individual defendant.

### 2.   Defendants' Proposal.

There is no basis for Katz to again supplemental its expert reports because expert discovery has long-since concluded.  Indeed, Katz has already attempted to untimely supplement its damages expert report in many cases during expert discovery and should not be permitted to further burden the Defendants with additional expense due to its failure to properly prepare reports as previously

---

[1] In *Uniloc*, the Federal Circuit rejected the way in which one of the parties used the well-known "Goldscheider 25% rule of thumb."  *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1311-18 (Fed. Cir. 2011).

1    required.

2          However, if the Court is inclined to allow supplementation, it should be

3    considered on a per Defendant basis.  Because each Defendant is differently

4    situated, the parties should be allowed to supplement only to the extent that leave of

5    Court is sought and good cause shown.  In some cases, Katz's damages expert did

6    not even rely as a basis for his opinion on the so-called "25% Rule" that was

7    repudiated in *Uniloc*.  In those cases, Katz should not be able to use the Federal

8    Circuit's *Uniloc* decision as a pretext to supplement/amend its damages opinions

9    absent good cause.

10   **IV.    SUMMARY JUDGMENT MOTIONS ON REMANDED CLAIMS.**

11          **1.    Defendants' Proposal.**

12          Although the Federal Circuit affirmed the vast majority of the Court's

13   rulings, it did vacate several of the Court's invalidity rulings under 35 U.S.C. § 112,

14   ¶ 2.  Defendants did not file party-individual summary judgment motions on those

15   claims on the grounds that those issues were moot.  *See* D.I. 2330, footnote 27.  The

16   Court also did not rule on certain common summary judgment issues on the

17   grounds that those issues were moot.  *See* D.I. 2380*; see also* D.I. 2547 at 19 ("This

18   Court's decision on defendants' Joint Motion for Summary Judgment under § 112

19   found that these claims were invalid as indefinite under 35 U.S.C. § 112, ¶ 2. As a

20   result, this Court does not reach the issue of obviousness raised in this motion.".)

21   The Defendants now request the opportunity to file individual summary judgment

22   motions as to the claims previously held invalid under 35 U.S.C. § 112: 120:34;

23   547:11; 547:18; 551:19; 863:96; 863:98; 863:99.  Should the Court decide that the

24   Federal Circuit Order also affects additional claims as described above in Section

25   III.B.2, then the affected Defendant seeks to file an individual summary judgment

26   motion as to such affected claim on this same basis.

27          In addition, the Defendants request an opportunity to file supplemental

28   summary judgment briefing on any issue that is affected by the Federal Circuit

order.

## 2. Defendants' proposed briefing schedule.

This Court's prior rulings held certain claims indefinite and, therefore, invalid under 35 U.S.C. § 112, ¶ 2.  The Federal Circuit vacated certain of those rulings and remanded for further claim construction.  *See* Sec. IV, above.  Those claim construction issues should be resolved before the Defendants can file their individual summary judgment motions on those claims because the proper scope of those claims must be ascertained before they can be applied to either an accused device or a piece of prior art.  *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370, (1996) ("An infringement analysis entails two steps. The first step is determining the meaning and scope of the patent claims asserted to be infringed.  The second step is comparing the properly construed claims to the device accused of infringing." (internal citations omitted)); *Akamai Techs., Inc. v. Cable & Wireless Internet Services, Inc.*, 344 F.3d 1186, 1192 (Fed. Cir. 2003) ("The first step in any invalidity analysis is claim construction…."). Accordingly, Defendants propose that the briefing schedule for these motions be primarily triggered by the Court's order on the remanded claim construction issues.

As a practical matter, however, the issues raised by Katz's identification of additional claims and discussed in Section III.B.2 above should be resolved prior to any individual motion.

o  No later than 21 days after issuance of the Court's last order on the set of affected claims as described above in Section III.B. 2, Defendants' file their motion.  Should there be no dispute on the set of affected claims, then no later than 21 days after issuance of the Court's order on the remanded claim construction issues, Defendants' file their individual motions;

o  No later than 21 days after service of Defendants' motion, Katz may

1    file its responses; and

2       ○   No later than 14 days after service of Katz's responses, Defendants

3           may file their reply briefs.

4

5

6           **3.    Katz's Proposal.**

7           Katz does not dispute that both Katz and the Defendants should have an

8   opportunity to seek claim-specific summary judgment rulings on the claims

9   effectively "revived" by the Federal Circuit's rulings, where such motions were not

10  previously filed.

11          Where the Defendants already filed motions for Section 102/103 invalidity as

12  to certain claims that the Court did not rule on due to Section 112 rulings, the Court

13  should rule on the as-filed motions rather than permitting the Defendants to start

14  over with new section 102/103 motions as to those claims.   In particular,

15  Defendants' collective motions on Section 102/103 invalidity are fully briefed as to

16  claims '551:19 and '863:96 and 98.  (See D.I. 2547 at 4 ('863:96, 98); D.I. 2779 at

17  2-3 ('551:19).)  To the extent Defendants still seek to challenge those claims on

18  Section 102/103 grounds, the Court should rule on their motions as filed and should

19  not permit additional, seriatim Section 102/103 challenges as to those particular

20  claims.  This is consistent with the Court's prior orders that if the Defendants take

21  advantage of the opportunity to collectively file Section 102/103 motions as to

22  certain claims, the Defendants may not also individually file Section 102/103

23  motions as to those same claims.

24          As for other claim-specific summary judgment issues, it is premature and

25  unnecessary to set briefing schedules at this stage given the large number of issues

26  to be addressed and ruled upon beforehand, as noted above.  Katz proposes that the

27  Court schedule summary judgment motions and briefing after it has ruled on all of

28  the predicate issues identified above.

## V.    APPLICABILITY OF PRIOR INVALIDITY RULINGS TO ALL DEFENDANTS

### 1.    Defendants' Proposal.

In this coordinated proceeding, the Court has entered various Orders holding numerous claims invalid as part of summary judgment in both Track B and Track C. Defendants submit that the prior invalidity rulings must apply to any case in which the same claim is asserted by Katz in order to avoid potentially inconsistent pretrial rulings and further the objectives of coordinated pretrial rulings as part of managing this multi-district litigation. *See In re Cygnus Telecommunications Tech., LLC*, 536 F.3d 1343, 1349 (Fed. Cir. 2008) ("for purposes of analysis of preclusion doctrines, the [MDL] proceeding is most logically viewed as a single, multi-defendant lawsuit."). Thus, this Court can apply its prior invalidity rulings across all Defendants in the MDL proceeding, which is considered nothing more than a single, multi-defendant lawsuit, in order to avoid potentially duplicative efforts by the various individual trial courts and/or potentially inconsistent rulings. This Court may utilize various alternative procedural vehicles for this purpose, including by entry of an Order or through the entry of judgments per Federal Rule of Civil Procedure 54(b), for example.

Since Katz disagrees with Defendants' position on the matter, Defendants propose that the issue be resolved through briefing on the issue, rather than through separate motions in each of the individual cases affected by the prior rulings of invalidity in selected cases. Defendants submit the following briefing schedule:

- o No later than 21 days after issuance of the Court's issuance of the Scheduling Order, Defendants jointly file their motion;
- o No later than 21 days after service of Defendants' motion, Katz may file a response; and
- o No later than 14 days after service of Katz's response, Defendants may file a reply brief.

### 2.    Katz's Proposal.

Katz disagrees with Defendants' apparent position regarding the alleged preclusive effects of invalidity rulings among these different cases, where no case is currently subject to a final judgment. As this Court has previously affirmed, collateral estoppel does not apply absent a final judgment. (D.I. 4131 at 2; 6946 at 6-7.)

*In re Cygnus* does not support Defendants' position. For example, there the court entered final judgment against one MDL defendant, and the patentee did not appeal that judgment. *In re Cygnus*, 536 F.3d at 1349-50. Even under those circumstances, the Federal Circuit declined to apply collateral estoppel due to the "strong policy reasons for not applying collateral estoppel in this context," where a contrary ruling "would require appellants to prosecute appeals against every defendant in a multi-defendant case, even if there were strong practical or legal reasons for narrowing the scope of the appeal." *Id*. at 1350

Katz agrees that the issue may be decided through briefing. However, given the importance of the issue, Katz should have more than 14 days to file Katz's response. Katz proposes the following briefing schedule:

   o No later than 14 days after issuance of the Court's issuance of the Scheduling Order, Defendants jointly file their motion;

   o No later than 21 days after service of Defendants' motion, Katz may file a response; and

   o No later than 7 days after service of Katz's response, Defendants may file a reply brief.

## VI.    GROUP B DEFENDANTS' LIAISON COUNSEL

Given the Federal Circuit's holding that affirmed the vast majority of the Court's rulings, the resulting simplification of the issues, and the late state of the case, Defendants believe that the only common briefing that might benefit from lead liaison counsel is the proposed claim construction briefing. However, the

1
2
3
4
5
6

Track B Defendants believe that this issue can be administratively handled without lead liaison counsel, and does not—by itself—justify the added expense of implementing such lead liaison counsel for the remaining Track B defendants.  *See, e.g.,* Manual for Complex Litigation, Fourth at § 10.22 (addressing the role of Lead/Liaison Counsel: "In some cases the attorneys coordinate their activities without the court's assistance, and such efforts should be encouraged.")

7
8
9

If the court should decide to appoint lead liaison counsel from among counsel for the Track B defendants, however, the Track B defendants would welcome the Court's appointment.

10

## VII.   REQUEST FOR ORAL HEARING.

11

### A.    Katz's Position.

12
13
14
15
16
17

Katz requests an in-person status conference regarding the foregoing issues.  The Court has not conducted a status conference since shortly after these MDL cases were first coordinated before this Court four years ago.  Katz would appreciate the opportunity for a colloquy with the Court to discuss the status and next steps in these cases, to address any questions or concerns that the Court might have, and to receive the Court's guidance.

18
19

To the extent the Court seeks additional briefing or information on any points or issues, Katz would be happy to provide it.

20

### B.    Defendants' Position.

21
22

Defendants agree that an in-person status conference is appropriate and preferable under the circumstances.

23

24

Respectfully submitted,

25
26
27
28

1

Dated:  August 15, 2011                    COOLEY LLP

2

3                                          */s/ Frank V. Pietrantonio*

4                                          Frank Pietrantonio (pro hac vice)
                                           Attorneys for Plaintiff

5

6   Dated: August 15, 2011                 AMSTER ROTHSTEIN & EBENSTEIN
                                           LLP

7

8                                          /s/ *Richard S. Mandaro*

9                                          LIASON COUNSEL FOR C TRACK
                                           DEFENDANTS
10                                         [and with authorization by Track B
                                           Defendants]

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1   COOLEY GODWARD KRONISH LLP
    STEPHEN C. NEAL (CA BAR NO. 170085)
2   (nealsc@cooley.com)
    Five Palo Alto Square
3   3000 El Camino Real
    Palo Alto, CA  94306-2155
4   Telephone:  (650) 843-5000
    Facsimile:   (650) 857-0663
5

6   FRANK PIETRANTONIO (pro hac vice)
    (fpietrantonio@cooley.com)
    JONATHAN G. GRAVES (pro hac vice)
7   (jgraves@cooley.com)
    One Freedom Square, Reston Town Center
8   11951 Freedom Drive
    Reston, VA  20190-5656
9   Telephone:  (703) 456-8000
    Facsimile:   (703) 456-8100
10

11   Attorneys for Plaintiff
    RONALD A. KATZ TECHNOLOGY LICENSING, L.P.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| In Re KATZ INTERACTIVE CALL PROCESSING LITIGATION | Case 07-ML-1816-B RGK (FFMx)<br>Case 07-ML-1816-C RGK (FFMx) |
| ALL MDL CASES | **JOINT STATUS REPORT LISTING THE PENDING AND DISMISSED CASES AND DEFENDANTS** |
| | **Honorable R. Gary Klausner** |
| | Courtroom:       850 |

**In Re Katz Interactive Call Processing Litigation,**
**07-ML-1816-B RGK (FFMx)**
**07-ML-1816-C RGK (FFMx)**

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

1

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS

491529.1

Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz") and Defendants provide this Joint Status Report regarding both the MDL cases that are currently pending and those that have been dismissed.

## I.     PENDING CASES

This Joint Status Report includes: (1) the name of each defendant group that has not settled; and (2) the status of each defendant with respect to the Federal Circuit decision (for defendants that were parties to the Federal Circuit appeal) and with respect to summary judgment rulings by this Court and pending motions for reconsideration of summary judgment rulings where applicable.

The pending cases have been organized into four groups:  (a) cases potentially ready for remand for trial at this time; (b) Group B cases pending post Federal Circuit appeal and post summary judgment rulings; (c) Group C cases pending post summary judgment rulings; and (d) cases in which the Court has yet to adjudicate motions for summary judgment.

## A.     GROUP B CASES PENDING POST FEDERAL CIRCUIT APPEAL AND POST SUMMARY JUDGMENT RULINGS

### 1.     KATZ V. COX COMMUNICATIONS, INC., ET AL, MDL: CV 07-2299 RGK (FFMX) (EDTX: 9:06-CV-00191-RHC)

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| Cox Communications, Inc. | Case pending post-summary judgment | '863:43, '863:49, '863:98, '863:99 |
| CoxCom, Inc. | Case pending post-summary judgment | '863:43, '863:49, '863:98, '863:99 |

### 2.     KATZ V. DIRECTV GROUP, INC., ET AL, MDL: CV 07-2322 RGK (FFMx) (EDTX: 9:06-CV-00192-RHC)

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| DirecTV Customer Services, Inc. | Case pending post-summary judgment | '415:02, '551:19, '120:34 |

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW

In Re Katz Interactive Call Processing Litigation,
07-ML-1816-B RGK (FFMx)
07-ML-1816-C RGK (FFMx)

2.

JOINT STATUS REPORT LISTING THE PENDING AND DISMISSED CASES AND DEFENDANTS

| DirecTV Enterprises, LLC | Case pending post-summary judgment | '415:02, '551:19, '120:34 |
|---|---|---|
| DirecTV Group, Inc., The | Case pending post-summary judgment | '415:02, '551:19, '120:34 |
| DirecTV Holdings, LLC | Case pending post-summary judgment | '415:02, '551:19, '120:34 |
| DirecTV, Inc. | Case pending post-summary judgment | '415:02, '551:19, '120:34 |

### 3.    KATZ V. EARTHLINK, INC., MDL: CV 07-2325 RGK (FFMX) (EDTX: 9:06-CV-00193-RHC)

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| EarthLink, Inc. | Case pending post-summary judgment | '551:19, '863:98 |

### 4.    KATZ V. TIME WARNER, ET AL., MDL: CV 07-2134 RGK (FFMX) (D DEL: 1:06-CV-00546)

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| America On-Line LLC | Case pending post-summary judgment | '551:19, '703:72, '863:32, '863:43 |
| Cablevision Systems Corporation | Case pending post-Federal Circuit ruling | '547:11 |
| CSC Holdings, Inc. | Case pending post-Federal Circuit ruling | '547:11 |
| Cablevision Systems New York City Corporation | Case pending post-Federal Circuit ruling | '547:11 |
| Cablevision of Brookhaven, Inc. | Case pending post-Federal Circuit ruling | '547:11 |
| Cablevision of Connecticut Corporation | Case pending post-Federal Circuit ruling | '547:11 |
| Cablevision of Hudson County, Inc. | Case pending post-Federal Circuit ruling | '547:11 |
| Cablevision of Litchfield, Inc. | Case pending post-Federal Circuit ruling | '547:11 |
| Cablevision of Monmouth, Inc. | Case pending post-Federal Circuit ruling | '547:11 |
| Cablevision of New Jersey, Inc. | Case pending post-Federal Circuit ruling | '547:11 |
| Cablevision of Oakland, LLC | Case pending post-Federal Circuit ruling | '547:11 |
| Cablevision of Rockland/Ramapo, LLC | Case pending post-Federal Circuit ruling | '547:11 |
| Charter Communications | Case pending post-summary judgment | '150:10, '150:11, '285:01, '415:02, |

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW

In Re Katz Interactive Call Processing Litigation,
07-ML-1816-B RGK (FFMx)
07-ML-1816-C RGK (FFMx)

3.

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS

| | | '762:30, '762:45, '762:67, '707:129 |
|---|---|---|
| **Charter Communications Entertainment I, LLC** | Case pending post-summary judgment | '150:10, '150:11, '285:01, '415:02, '762:30, '762:45, '762:67, '707:129 |
| **Charter Communications Holding Co., LLC** | Case pending post-summary judgment | '150:10, '150:11, '285:01, '415:02, '762:30, '762:45, '762:67, '707:129 |
| **Charter Communications Operating, LLC** | Case pending post-summary judgment | '150:10, '150:11, '285:01, '415:02, '762:30, '762:45, '762:67, '707:129 |
| **Charter Communications, Inc.** | Case pending post-summary judgment | '150:10, '150:11, '285:01, '415:02, '762:30, '762:45, '762:67, '707:129 |
| **Compuserve Interactive Services, Inc.** | Case pending post-summary judgment | '551:19, '703:72, '863:32, '863:43 |
| **Netscape Communications Corp.** | Case pending post-summary judgment | '551:19, '703:72, '863:32, 863:43 |
| **TDS Metrocom, LLC** | Case pending post-summary judgment | '285:61, |
| **TDS Telecommunications Corp.** | Case pending post-summary judgment | '285:61, |
| **Time Warner Cable Inc.** | Case pending post-summary judgment | '150:10, '150:11, '415:02, '762:45 |
| **Time Warner Entertainment Co., LP** | Case pending post-summary judgment | '150:10, '150:11, '415:02, '762:45 |
| **Time Warner NY Cable LLC** | Case pending post-summary judgment | '150:10, '150:11, '415:02, '762:45 |
| **United States Cellular Corp.** | Case pending post-summary judgment | '150:10, ,'285:61, '415:02, '762:30, '762:45, '762:57 |
| Qwest Communications International Inc. | Dismissed | |
| Qwest Wireless, L.L.C. | Dismissed | |
| Qwest Communications Corporation | Dismissed | |
| Qwest LD Corp. | Dismissed | |
| Qwest Broadband Services, Inc. | Dismissed | |
| Qwest Interprise America, Inc. | Dismissed | |

## 5.   KATZ V. AMERICAN INTERNATIONAL GROUP INC., ET AL., MDL: CV 07-2192 RGK (FFMX) (D DEL: 1:06-CV-0547)

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|

| | | |
|---|---|---|
| 21st Century Casualty Co. | Dismissed | |
| 21st Century Insurance Co. | Dismissed | |
| 21st Century Insurance Group | Dismissed | |
| AIG Annuity Insurance Co. | Dismissed | |
| AIG Federal Savings Bank | Dismissed | |
| AIG Life Insurance Co. | Dismissed | |
| AIG Marketing, Inc. | Dismissed | |
| AIG Retirement Services, Inc. | Dismissed | |
| AIG SunAmerica Asset Management Corp. | Dismissed | |
| American General Assurance Co. | Dismissed | |
| American General Indemnity Co. | Dismissed | |
| American General Life & Accident Insurance Co. | Dismissed | |
| American General Life Insurance Co. | Dismissed | |
| American International Group, Inc. | Dismissed | |
| Aquila, Inc. | Dismissed | |
| Cigna Corp. | Dismissed | |
| Cigna Health Corp. | Dismissed | |
| Cigna Healthcare of Delaware, Inc. | Dismissed | |
| **DHL Express (USA), Inc.** | **Case pending post-Federal Circuit ruling** | '120:34, '285:61, '551:19, '863:98 |
| **DHL Holdings (USA) Inc.** | **Case pending post-Federal Circuit ruling** | '120:34, '285:61, '551:19, '863:98 |
| National City Bank | Dismissed | |
| National City Bank of Indiana | Dismissed | |
| National City Corp. | Dismissed | |
| **Sky Courier, Inc.** | **Case pending post-Federal Circuit ruling** | |
| Tel-Drug of Pennsylvania, LLC | Dismissed | |
| Tel-Drug, Inc. | Dismissed | |
| United States Life Insurance Co. in the City of New York, The | Dismissed | |
| VALIC Financial Advisors, Inc. | Dismissed | |
| VALIC Retirement Services Co. | Dismissed | |
| Variable Annuity Life Insurance Co., The | Dismissed | |
| Wilmington Brokerage Services Co. | Dismissed | |
| Wilmington Trust Co. | Dismissed | |

## 6.    KATZ V. AMERICAN AIRLINES, INC., ET AL., MDL: CV 07-02196 RGK (FFMX) (EDTX: 2:06-CV-00334-DF)

**In Re Katz Interactive Call Processing Litigation, 07-ML-1816-B RGK (FFMx) 07-ML-1816-C RGK (FFMx)**

5.

JOINT STATUS REPORT LISTING THE PENDING AND DISMISSED CASES AND DEFENDANTS

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| **American Airlines, Inc.** | **Case pending post-Federal Circuit ruling** | '551:19, '863:43, '863:98 |
| American Beacon Advisors, Inc. | Dismissed | |
| **Federal Express Corporation** | **Case pending post-Federal Circuit ruling** | '120:34, '547:18, '551:19 |
| **FedEx Corporate Services, Inc.** | **Case pending post-Federal Circuit ruling** | '120:34, '547:18, '551:19 |
| **FedEx Corporation** | **Case pending post-Federal Circuit ruling** | '120:34, '547:18, '551:19 |
| **FedEx Customer Information Services, Inc.** | **Case pending post-Federal Circuit ruling** | '120:34, '547:18, '551:19 |
| Hilton Honors Worldwide, LLC | Dismissed | |
| Hilton Hotels Corporation | Dismissed | |
| Hilton Reservations Worldwide, LLC | Dismissed | |
| Marriott International, Inc. | Dismissed | |
| Marriott Worldwide Reservations Services, LLC | Dismissed | |
| National Railroad Passenger Corporation, d/b/a Amtrak | Dismissed | |

## 7.   KATZ V. GENERAL MOTORS CORPORATION, ET AL., MDL: CV 07-2339 RGK (FFMX) (EDTX: 9:06-CV-00198-RHC)

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| **General Motors Corporation** | **Pending Appeal but stayed for Bankruptcy Proceedings** | |
| GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation | Dismissed | |
| GMAC, LLC f/k/a General Motors Acceptance Corporation | Dismissed | |
| GMAC Residential Capital, LLC f/k/a Residential Capital Corporation | Dismissed | |

## 8.   KATZ V. US BANCORP, ET AL., MDL: CV 07-2360 RGK (FFMX) (EDTX: 9:06-CV-00203-RHC)

**In Re Katz Interactive Call Processing Litigation, 07-ML-1816-B RGK (FFMx) 07-ML-1816-C RGK (FFMx)**

6.

JOINT STATUS REPORT LISTING THE PENDING AND DISMISSED CASES AND DEFENDANTS

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| U.S. Bancorp | Case pending post-Federal Circuit ruling | '285:19, '285:49, '285:71, '863:43, '863:49, '863:96, '863:98, '863:99 |
| U.S. Bank, N.A. | Case pending post-Federal Circuit ruling | '285:19, '285:49, '285:71, '863:43, '863:49, '863:96, '863:98, '863:99 |

## B.    GROUP C CASES PENDING POST SUMMARY JUDGMENT

### 1.    KATZ V. AMEREN, ET AL., MDL: CV 07-4955 RGK (FFMX) (ED MO: 4:07-CV-1083)

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| Ameren Corp. | Case pending post-summary judgment | '863:31 |
| Union Electric Co., (d/b/a Ameren UE) | Case pending post-summary judgment | '863:31 |
| Central Illinois Public Service Company d/b/a AmerenCIPS | Case pending post-summary judgment | '863:31 |
| CILCORP, Inc. | Case pending post-summary judgment | '863:31 |
| Central Illinois Light Company d/b/a AmerenCILCO | Case pending post-summary judgment | '863:31 |

### 2.    KATZ V. CITIZENS FINANCIAL GROUP, INC., ET AL., MDL: CV 07-4964 RGK (FFMX) (D RI: 1:07-CV-210-ML-LDA)[1]

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| Citizens Financial Group, Inc. | Case pending post-summary judgment. Motions for reconsideration pending. | '150:10, '150:11; '156:11, '156:26; '285:71; '309:46, '309:51; '707:75, '707:83; '863:22, '863:32, '863:39 |

[1]    The Court has granted summary judgment in Citizens' favor on all of these claims as to literal infringement.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW

In Re Katz Interactive Call Processing Litigation,
07-ML-1816-B RGK (FFMx)
07-ML-1816-C RGK (FFMx)

7.

JOINT STATUS REPORT LISTING THE PENDING AND DISMISSED CASES AND DEFENDANTS

| | | |
|---|---|---|
| **Citizens Bank of Pennsylvania** | **Case pending post-summary judgment. Motions for reconsideration pending.** | **'150:10, '150:11; '156:11, '156:26; '285:71; '309:46, '309:51; '707:75, '707:83; '863:22, '863:32, '863:39** |
| **RBS Citizens, N.A.** | **Case pending post-summary judgment. Motions for reconsideration pending.** | **'150:10, '150:11; '156:11, '156:26; '285:71; '309:46, '309:51; '707:75, '707:83; '863:22, '863:32, '863:39** |
| **CCO Investment Services Corporation** | **Case pending post-summary judgment. Motions for reconsideration pending.** | |

## 3.   KATZ V. CONSOLIDATED EDISON CO. OF NEW YORK, INC., ET AL., MDL: CV 07-4958 RGK (FFMX) (SDNY: 1:07-CV-5392-RMB)

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| Consolidated Edison Co. of New York, Inc. | Dismissed | |
| **Macy's, Inc. f/k/a Federated Department Stores, Inc.** | **Case pending post-summary judgment.** | **'309:46, '707:44** |
| **FACS Group, Inc.** | **Case pending post-summary judgment.** | |
| **FDS Bank** | **Case pending post-summary judgment.** | |
| **Bloomingdales by Mail Ltd.** | **Case pending post-summary judgment.** | |
| **Bloomingdales, Inc.** | **Case pending post-summary judgment.** | |
| Webster Bank, N.A. | Dismissed | |

## 4.   KATZ V. CONTINENTAL AIRLINES, INC., ET AL., MDL: CV 07-4965 RGK (FFMX) (EDTX: 2:07-CV-232-DF)

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| Continental Airlines, Inc. | Dismissed | |
| Exxon Mobil Corp. | Dismissed | |

| | | |
|---|---|---|
| United Parcel Service, Inc. | Dismissed | |
| **UTEL Networks, Inc.** | **Case pending post-summary judgment. Motion for reconsideration pending.** | |
| **Teligence (U.S.), Inc.** | **Case pending post-summary judgment. Motion for reconsideration pending.** | '150:11, '309:32, '309:46, '285:1, '707:24, '415:24, 965:63 |
| **Teligence Holdings (U.S.), Inc.** | **Case pending post-summary judgment. Motion for reconsideration pending.** | '150:11, '309:32, '309:46, '285:1, '707:24, '415:24, 965:63 |

## 5.    KATZ V. FIFTH THIRD, ET AL., MDL: CV 07-4960 RGK (FFMX) (SD OHIO: 1:07-CV-451)

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| **Fifth Third Bancorp** | **Case pending post-summary judgment.** | '285:01, '285:03; '707:24; '863:31, '863:32, '863:39, '863:43, '863:44, '863:50 |
| **Fifth Third Bank** | **Case pending post-summary judgment.** | '285:01, '285:03; '707:24; '863:31, '863:32, '863:39, '863:43, '863:44, '863:50 |
| **Fifth Third Bank (Central Ohio)** | **Case pending post-summary judgment.** | '285:01, '285:03; '707:24; '863:31, '863:32, '863:39, '863:43, '863:44, '863:50 |
| Huntington Bancshares Incorporated | Dismissed | |
| The Huntington National Bank | Dismissed | |
| The Huntington Investment Company | Dismissed | |
| Huntington Insurance Agency Services, Inc. | Dismissed | |
| Sky Financial Services, Inc. | Dismissed | |
| Sky Bank | Dismissed | |

## C.   CASES IN WHICH SUMMARY JUDGMENT MOTIONS ARE PENDING.

### 1.   KATZ V. COMCAST, ET AL., MDL: CV 07-6996 RGK (FFMX) (CD CAL: 1:07-CV-0361-GMS)

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| Comcast Cable Communications LLC | Dismissed | |
| Comcast Corp. | Dismissed | |
| Comcast of Arkansas/Florida/Louisiana/Minnesota/Mississippi/Tennessee Inc. | Dismissed | |
| Comcast of California /Colorado LLC | Dismissed | |
| Comcast of California II LLC | Dismissed | |
| Comcast of Colorado /Pennsylvania/West Virginia LLC | Dismissed | |
| Comcast of Delmarva Inc. | Dismissed | |
| Comcast of Eastern Shore LLC | Dismissed | |
| Comcast of Florida /Illinois/Michigan Inc. | Dismissed | |
| Comcast of Garden State L.P. | Dismissed | |
| Comcast of Houston LLC | Dismissed | |
| Comcast of New Castle County LLC | Dismissed | |
| **GEICO Casualty Co.** | **Summary judgment motions pending** | |
| **GEICO Corporation** | **Summary judgment motions pending** | |
| **GEICO General Insurance Co.** | **Summary judgment motions pending** | |
| **GEICO Indemnity Co.** | **Summary judgment motions pending** | |
| **Government Employees Insurance Co.** | **Summary judgment motions pending** | |
| XM Equipment Leasing LLC | Dismissed | |
| XM Radio Inc. | Dismissed | |
| XM Satellite Radio Holdings Inc. | Dismissed | |
| XM Satellite Radio Inc. | Dismissed | |

## II.   DISMISSED CASES

The following cases in this MDL have been completely dismissed.

## A.    GROUP B CASES

Katz v. Ahold U.S.A., Inc., et al.
MDL: CV 07-2101 RGK (FFMx)
D Del: 06-cv-545
**ENTIRE CASE DISMISSED**

| Defendant | Defendant Status |
|---|---|
| Ahold U.S.A., Inc. | Dismissed |
| The Stop & Shop Supermarket Company LLC | Dismissed |
| Giant Food Stores, LLC | Dismissed |
| Giant Food LLC | Dismissed |
| Giant Food Inc. | Dismissed |
| Rite Aid Corporation | Dismissed |
| Rite Aid of Delaware, Inc. | Dismissed |
| Rite Aid HDQTRS. Corp. | Dismissed |
| The Jean Coutu Group (PJC) USA, Inc. | Dismissed |
| Eckerd Corporation | Dismissed |
| Brooks Pharmacy, Inc. | Dismissed |
| Maxi Drug, Inc. | Dismissed |
| Maxi Drug North, Inc. | Dismissed |
| Express Scripts, Inc. | Dismissed |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

**In Re Katz Interactive Call Processing Litigation,
07-ML-1816-B RGK (FFMx)
07-ML-1816-C RGK (FFMx)**

11.

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS

### Katz v. Aetna, Inc., et al.
### MDL: CV 07-02213 RGK (FFMx)
### EDTX: 2:06-cv-00335-TJW
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Aetna RX Home Delivery, LLC | Dismissed |
| Aetna, Inc. | Dismissed |
| Anthem Prescription Management, LLC | Dismissed |
| Caremark RX, Inc. | Dismissed |
| Caremark, Inc., d/b/a Caremark Prescription Services | Dismissed |
| Healthy Options, Inc., d/b/a Postal Prescription Services | Dismissed |
| Kroger Texas L.P. | Dismissed |
| Kroger Co., The | Dismissed |
| Petmed Express, Inc., d/b/a 1-800-Petmeds | Dismissed |
| Precision RX, Inc. | Dismissed |
| Professional Claim Services, Inc., d/b/a Wellpoint Pharmacy Management, Inc. | Dismissed |
| Randall's Food & Drugs LP | Dismissed |
| Randall's Food Markets, Inc. | Dismissed |
| Safeway, Inc. | Dismissed |
| Wellpoint, Inc. | Dismissed |

### Katz v. Alltel Corporation, et al.
### MDL: CV 07-02269 RGK (FFMx)
### EDTX: 9:06-cv-00177-RHC
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Alltel Communications of Texarkana, Inc. | Dismissed |
| Alltel Communications Wireless, Inc. | Dismissed |
| Alltel Corporation | Dismissed |

### Katz v. American Electric Power, Inc., et al.
### MDL: CV 07-2257 RGK (FFMx)
### EDTX: 5:06-cv-00188-DF-CMC
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| American Electric Power Company, Inc. | Dismissed |
| Southwestern Electric Power Company | Dismissed |
| CenterPoint Energy Houston Electric LLC | Dismissed |

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW

In Re Katz Interactive Call Processing Litigation,
07-ML-1816-B RGK (FFMx)
07-ML-1816-C RGK (FFMx)

12.

JOINT STATUS REPORT LISTING THE PENDING AND DISMISSED CASES AND DEFENDANTS

| CenterPoint Energy Resources Corp. | Dismissed |
|---|---|
| CenterPoint Energy, Inc. | Dismissed |
| Target Bank | Dismissed |
| Target Corporation | Dismissed |
| Target National Bank | Dismissed |
| Whirlpool Corporation | Dismissed |

### Katz v. Chevron Corporation, et al.
### MDL: CV 07-2295-ABC-FFM
### EDTX: 9:06-cv-00178-RHC
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Chevron Corporation | Dismissed |
| Chevron Credit Bank, N.A. | Dismissed |
| Chevron Products Company | Dismissed |
| Chevron U.S.A., Inc. | Dismissed |

### Katz v. Citibank, N.A., et al.
### MDL: CV 07-2220 RGK (FFMx)
### EDTX: 5:05-cv-142-DF
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Citibank , N.A. | Dismissed |
| Citibank (South Dakota), N.A. | Dismissed |
| Citibank (West), F.S.B. | Dismissed |
| Citibank USA, N.A. | Dismissed |
| Citibank, F.S.B. | Dismissed |
| Citicorp Investment Services | Dismissed |
| Discover Bank | Dismissed |
| Discover Financial Services, Inc. | Dismissed |
| Sam's East, Inc. | Dismissed |
| Sam's West, Inc. | Dismissed |
| T-Mobile USA, Inc. | Dismissed |
| Wal-Mart Stores East, L.P. | Dismissed |
| Wal-Mart Stores Texas, L.P. | Dismissed |
| Wal-Mart Stores, Inc. | Dismissed |
| Wal-Mart.com, Inc. | Dismissed |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Katz v. Cullen Frost/Bankers, Inc., et al.
### MDL: CV 07-2328 RGK (FFMx)
### EDTX: 9:06-cv-00196-RHC
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Cullen/Frost Bankers, Inc. | Dismissed |
| The Frost National Bank, N.A. | Dismissed |

## Katz v. Discover Financial Services, et al.
### MDL: CV 07-2250 RGK (FFMx)
### EDTX: 5:06-cv-00182-DF
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Discover Bank | Dismissed |
| Discover Financial Services, Inc. | Dismissed |
| Sam's East, Inc. | Dismissed |
| Sam's West, Inc. | Dismissed |
| T-Mobile USA, Inc. | Dismissed |
| Wal-Mart Stores East, L.P. | Dismissed |
| Wal-Mart Stores Texas, L.P. | Dismissed |
| Wal-Mart Stores, Inc. | Dismissed |
| Wal-Mart.com, Inc. | Dismissed |

## Katz v. Ford Motor Company, et al.
### MDL: CV 07-2327 RGK (FFMx)
### EDTX: 9:06-cv-00195-RHC
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Ford Motor Company | Dismissed |
| Ford Motor Credit Company | Dismissed |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

**In Re Katz Interactive Call Processing Litigation,**
**07-ML-1816-B RGK (FFMx)**
**07-ML-1816-C RGK (FFMx)**

14.

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS

1
2
3

## Katz v. Genesys Conferencing, Inc. et al.
### MDL: CV 07-2254 RGK (FFMx)
### EDTX: 5:06-cv-00187-DF
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| American Teleconferencing Services, Ltd. | Dismissed |
| Genesys Conferencing, Inc. | Dismissed |
| Global Crossing Telecommunications, Inc. d/b/a Global Crossing Conferencing | Dismissed |
| Premiere Global Services, Inc. | Dismissed |

4
5
6
7
8
9
10

## Katz v. Humana, Inc.
### MDL: CV 07-2340 RGK (FFMx)
### EDTX: 9:06-cv-00199-RHC
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Humana Military Healthcare Services, Inc. | Dismissed |
| Humana, Inc. | Dismissed |

11
12
13
14
15
16

## Katz v. PNC Financial Services Group, Inc., et al.
### MDL: n/a
### EDTX: 9:06-cv-00200-RHC
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| PNC Bank, N.A. | Dismissed |
| PNC Financial Services Group, Inc. | Dismissed |

17
18
19
20
21
22

## Katz v. Regions Financial Corporation, et al.
### MDL: CV 07-2356 RGK (FFMx)
### EDTX: 9:06-cv-00201-RHC
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Regions Bank, N.A. | Dismissed |
| Regions Financial Corporation | Dismissed |

23
24
25
26
27
28

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW

**In Re Katz Interactive Call Processing Litigation,**
**07-ML-1816-B RGK (FFMx)**
**07-ML-1816-C RGK (FFMx)**

15.

JOINT STATUS REPORT LISTING THE PENDING AND DISMISSED CASES AND DEFENDANTS

Katz v. Reliant Energy, Inc., et al.,
MDL: CV 07-2096 RGK (FFMx)
D Del: 06-cv-543
**ENTIRE CASE DISMISSED**

| Defendant | Defendant Status |
|---|---|
| Reliant Energy, Inc. | Dismissed |
| Reliant Energy Retail Services, LLC | Dismissed |
| Pepco Holdings, Inc. | Dismissed |
| PHI Service Company | Dismissed |
| Delmarva Power & Light Company | Dismissed |
| Duke Energy Corporation | Dismissed |
| Cinergy Corp. | Dismissed |
| Atlantic City Electric Company | Dismissed |
| Potomac Electric Power Company | Dismissed |

Katz v. Safeco Corp., et al.
MDL: CV 07-2358 RGK (FFMx)
EDTX: 9:06-cv-00202-RHC
**ENTIRE CASE DISMISSED**

| Defendant | Defendant Status |
|---|---|
| Safeco Corp. | Dismissed |
| Safeco Insurance Company of America | Dismissed |

Katz v. TD Banknorth Inc., et al.,
MDL: CV 07-2099 RGK (FFMx)
D Del: 06-cv-544
**ENTIRE CASE DISMISSED**

| Defendant | Defendant Status |
|---|---|
| TD Banknorth Inc. | Dismissed |
| Experian Information Solutions, Inc. | Dismissed |
| Comerica Incorporated | Dismissed |
| Comerica Bank & Trust, National Association | Dismissed |
| Comerica Securities, Inc. | Dismissed |
| Dillard's, Inc. | Dismissed |
| Dillard Investment Co., Inc. | Dismissed |
| Ceridian Corporation | Dismissed |
| Comdata Corporation | Dismissed |
| LaSalle Bank Corporation | Dismissed |
| LaSalle Bank, N.A. | Dismissed |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

In Re Katz Interactive Call Processing Litigation,
07-ML-1816-B RGK (FFMx)
07-ML-1816-C RGK (FFMx)

16.

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS

| LaSalle Financial Services, Inc. | Dismissed |
|---|---|
| ABN AMRO Mortgage Group, Inc. | Dismissed |

**Katz v. Qwest Services, et al.,**
**MDL: CV 07-8142 RGK (FFMx)**
**D Col: 1:07-CV-02354-LTB**
**ENTIRE CASE DISMISSED**

| Defendant | Defendant Status |
|---|---|
| Qwest Services Corporation | Dismissed |
| Qwest Corporation | Dismissed |
| Qwest Information Technologies, Inc. | Dismissed |
| Qwest Business Resources, Inc. | Dismissed |

**Katz v. Tracfone Wireless, Inc.**
**MDL: CV 07-2326 RGK (FFMx)**
**EDTX: 9:06-cv-00194-RHC**
**ENTIRE CASE DISMISSED**

| Defendant | Defendant Status |
|---|---|
| Tracfone Wireless, Inc. | Dismissed |

**CVS Corporation v. Katz**
**MDL: CV 07-3002 RGK (FFMx)**
**DDE: 06-cv-775**
**ENTIRE CASE DISMISSED**

| Defendant | Defendant Status |
|---|---|
| CVS Corporation | Dismissed |

**B.    GROUP C CASES**

**Katz v. Bank of the West, et al.**
**MDL: CV 07-4923 RGK (FFMx)**
**ND Cal: 3:07-cv-3004-MJJ**
**ENTIRE CASE DISMISSED**

| Defendant | Defendant Status |
|---|---|
| Bank of the West | Dismissed |
| Pacificorp | Dismissed |
| Kaiser Foundation Health Plan, Inc. | Dismissed |
| Kaiser Foundation Hospitals, Inc. | Dismissed |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

**In Re Katz Interactive Call Processing Litigation,**
**07-ML-1816-B RGK (FFMx)**
**07-ML-1816-C RGK (FFMx)**

17.

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS

| Permanente Co., LLC | Dismissed |
|---|---|
| Permanente Federation, LLC | Dismissed |
| Permanente Medical Group, Inc. | Dismissed |

## Katz v. BMG Columbia House, Inc., et al.
### MDL: CV 07-4967 RGK (FFMx)
### EDTX: 2:07-cv-237-TJW
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Direct Group North American, Inc. f/k/a BMG Columbia House, Inc. | Dismissed |
| Costco Wholesale Corp. | Dismissed |
| Kohl's Corp. | Dismissed |

## Katz v. Cincinnati Bell, Inc., et al.
### MDL: CV 07-4961 RGK (FFMx)
### ND Ohio: 1:07-cv-1706-SO
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Cincinnati Bell Wireless LLC | Dismissed |
| Cincinnati Bell, Inc. | Dismissed |
| Cincinnati Bell Any Distance, Inc. | Dismissed |
| Cincinnati Bell Extended Territories LLC | Dismissed |
| Cincinnati Bell Entertainment, Inc. | Dismissed |
| Cincinnati Bell Telephone Company, LLC | Dismissed |
| BRCOM, Inc. | Dismissed |
| IXC Internet Services, Inc. | Dismissed |
| FirstMerit Bank, N.A. | Dismissed |
| FirstMerit Corp. | Dismissed |
| FirstMerit Mortgage Corp. | Dismissed |

## Katz v. Citizens Communications, et al.
### MDL: CV 07-5061 RGK (FFMx)
### D Del: 1:07-cv-368-GMS
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Citizens Communications | Dismissed |
| Cricket Communications Inc. | Dismissed |
| Frontier Communications of America, Inc. | Dismissed |
| Frontier Subsidiary Telco, LLC | Dismissed |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

**In Re Katz Interactive Call Processing Litigation,**
**07-ML-1816-B RGK (FFMx)**
**07-ML-1816-C RGK (FFMx)**

18.

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS

| Leap Wireless International, Inc. | Dismissed |
|---|---|

## Katz v. CMS Energy Corporation, et al.
### MDL: CV 07-4954 RGK (FFMx)
### ED Mich: 2:07-cv-12459
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| CMS Energy Corporation | Dismissed |
| Consumers Energy Company | Dismissed |
| Detroit Edison Company | Dismissed |
| DTE Energy Company | Dismissed |
| Michigan Consolidated Gas Company | Dismissed |

## Katz v. Colonial Bank, N.A., et al.
### MDL: CV 07-4968 RGK (FFMx)
### EDTX: 6:07-cv-260-LED
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Colonial Bank, N.A. | Dismissed |
| Compass Bank | Dismissed |
| Morgan Stanley & Co., Inc. | Dismissed |
| Morgan Stanley Credit Corp. | Dismissed |
| Echostar Satellite LLC | Now in member case no. 07-6222.  Case pending post-summary judgment. |
| Echostar Communications Corp. | Now in member case no. 07-6222 and Dismissed |

## Katz v. Dominion Resources, et al.
### MDL: CV 07-6237 RGK (FFMx)
### ED Va: 2:07-cv-00263 HCM
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Dominion Resources Inc. | Dismissed |
| East Ohio Gas Co. | Dismissed |
| Hope Gas Inc. | Dismissed |
| Peoples Natural Gas Co. | Dismissed |

COOLEY GODWARD KRONISH LLP ATTORNEYS AT LAW

In Re Katz Interactive Call Processing Litigation,
07-ML-1816-B RGK (FFMx)
07-ML-1816-C RGK (FFMx)

19.

JOINT STATUS REPORT LISTING THE PENDING AND DISMISSED CASES AND DEFENDANTS

| Virginia Electric & Power Co. | Dismissed |
|---|---|

### Katz v. Exelon Corp., et al.
### MDL: CV 07-4932 RGK (FFMx)
### ND Ill: 1:07-cv-3235
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Exelon Corp. | Dismissed |
| Commonwealth Edison Co. | Dismissed |
| PECO Energy Co. | Dismissed |
| Shopko Stores Operating Co., LLC | Dismissed |

### Katz v. First Hawaiian Bank
### MDL: CV 07-4927 RGK (FFMx)
### D Hi: 1:07-cv-314-SPK-KSC
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| First Hawaiian Bank | Dismissed |

### Katz v. United Airlines, et al.
### MDL: CV 07-6238 RGK (FFMx)
### EDTX: 2:07-cv-00317
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| United Airlines Corp. | Dismissed |
| United Airlines, Inc. | Dismissed |
| UAL Loyalty Services, LLC | Dismissed |
| Mileage Plus, Inc. | Dismissed |
| Mileage Plus Holdings, Inc. | Dismissed |
| Mileage Plus Marketing, Inc. | Dismissed |

### Katz v. TXU Corp., et al.,
### MDL: CV 07-4966 RGK (FFMx)
### EDTX: 2:07-cv-233
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| TXU Corp. | Dismissed |
| Oncor Electric Delivery Company (f/k/a TXU Electric Delivery Company) | Dismissed |
| TXU Energy Holdings Company | Dismissed |
| TXU Energy Company LLC | Dismissed |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

In Re Katz Interactive Call Processing Litigation,
07-ML-1816-B RGK (FFMx)
07-ML-1816-C RGK (FFMx)

20.

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS

| TXU Energy Retail Management Company LLC, | Dismissed |
|---|---|
| TXU Energy Retail Company LP | Dismissed |
| Capgemini Energy LP | Dismissed |

### Katz v. PPL Corporation, et al.,
### MDL: CV 07-4963 RGK (FFMx)
### EDPA: 2:07-cv-02313
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| PPL Corporation | Dismissed |
| PPL Electric Utilities Corporation | Dismissed |
| PPL Gas Utilities Corporation | Dismissed |
| PPL Solutions, LLC | Dismissed |

### Katz v. OGE Energy Corporation, et al.,
### MDL: CV 07-4962 RGK (FFMx)
### WDOK: 5:07-cv-00650
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| OGE Energy Corp. | Dismissed |
| Oklahoma Gas and Electric Company | Dismissed |

### Katz v. New York Life Insurance Company, et al.,
### MDL: CV 07-4959 RGK (FFMx).,
### SDNY: 07-cv-5442
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| New York Life Insurance Company | Dismissed |
| New York Life Insurance and Annuity Corporation | Dismissed |
| NYLIFE Insurance Company of Arizona | Dismissed |
| NYLIFE Securities LLC | Dismissed |
| M&T Bank Corporation | Dismissed |
| Manufacturers and Traders Trust Company | Dismissed |
| M&T Bank, N.A. | Dismissed |
| The Hartford Financial Services Group, Inc. | Dismissed |
| Hartford Life, Inc. | Dismissed |
| Hartford Life and Accident Insurance Company | Dismissed |
| Hartford Life Insurance Company | Dismissed |
| Hartford Fire Insurance Company | Dismissed |
| Hartford Casualty Insurance Company | Dismissed |
| Hartford Accident and Indemnity Company | Dismissed |

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW

In Re Katz Interactive Call Processing Litigation,
07-ML-1816-B RGK (FFMx)
07-ML-1816-C RGK (FFMx)

21.

JOINT STATUS REPORT LISTING THE PENDING AND DISMISSED CASES AND DEFENDANTS

| Hartford Underwriters Insurance Company | Dismissed |
|---|---|
| Hartford Insurance Company of Illinois | Dismissed |
| The Hartford Mutual Funds, Inc. | Dismissed |

## Katz v. Progress Energy Inc., et al.,
### MDL: CV 07-4956 RGK (FFMx)
### EDNC: 5:07-cv-00202
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Progress Energy Inc. | Dismissed |
| Carolina Power & Light d/b/a Progress Energy Carolinas, Inc. | Dismissed |
| Progress Energy Service Company, LLC | Dismissed |
| Florida Power Corporation d/b/a Progress Energy Florida, Inc. | Dismissed |
| RBC Centura Banks, Inc. | Dismissed |
| RBC Centura Bank | Dismissed |

## Katz v. Old National Bancorp, Inc., et al.,
### MDL: CV 07-4933 RGK (FFMx)
### SDIN: 1:07-cv-0071
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Old National Bancorp, Inc. | Dismissed |
| Old National Bank | Dismissed |

## Katz v. The Southern Company, et al.,
### MDL: CV 07-4924 RGK (FFMx)
### NDGA: 07-cv-1325
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| The Southern Company | Dismissed |
| Southern Company Services, Inc. | Dismissed |
| Southern Communications Services d/b/a SouthernLINC Wireless | Dismissed |
| Georgia Power Company | Dismissed |

## Katz v. Sierra Pacific Resources, et al.
### MDL: CV 2:07-4957 RGK (FFMx)
### DNV: 2:07-cv-00737
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Sierra Pacific Resources | Dismissed |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

In Re Katz Interactive Call Processing Litigation,
07-ML-1816-B RGK (FFMx)
07-ML-1816-C RGK (FFMx)

22.

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS

| Sierra Pacific Power Company | Dismissed |
|---|---|
| Nevada Power Company | Dismissed |

Dated:    July  , 2011                    Respectfully submitted,

/s/ *Jonathan G. Graves*

Jonathan G. Graves (pro hac vice)

COOLEY GODWARD KRONISH)
JONATHAN G. GRAVES (pro hac vice)
(jgraves@cooley.com)
Reston Town Center
11951 Freedom Drive
Reston, VA  20190-5656
Telephone:   (703) 456-8000
Facsimile:    (703) 456-8100

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

**In Re Katz Interactive Call Processing Litigation,**
**07-ML-1816-B RGK (FFMx)**
**07-ML-1816-C RGK (FFMx)**

23.

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS