COOLEY LLP
FRANK PIETRANTONIO (PRO HAC VICE)
(FPIETRANTONIO@COOLEY.COM)
JONATHAN G. GRAVES (PRO HAC VICE)
(JGRAVES@COOLEY.COM)
One Freedom Square, Reston Town Center
11951 Freedom Drive
Reston, VA  20190-5656
Telephone:  (703) 456-8000
Facsimile:   (703) 456-8100

Attorneys for Plaintiff
RONALD A. KATZ TECHNOLOGY LICENSING, L.P.

AMSTER, ROTHSTEIN & EBENSTEIN LLP
ANTHONY F. LO CICERO
(ALOCICERO@ARELAW.COM)
RICHARD SCOTT MANDARO
(RMANDARO@ARELAW.COM)
90 Park Avenue
New York, New York 10016
Telephone:  (212) 336-8000
Facsimile:  (212) 336-8001

LIAISON COUNSEL FOR
TRACK C DEFENDANTS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re KATZ INTERACTIVE CALL PROCESSING LITIGATION | Case No.  07-ML-1816-C RGK (FFM) |
| This document relates to: | **JOINT CASE MANAGEMENT STATEMENT – GROUP C** |
| ALL GROUP C ACTIONS | |
| | Honorable R. Gary Klausner |
| | **ORAL HEARING REQUESTED** |

**JOINT CASE MANAGEMENT STATEMENT – GROUP C**

1   **I.   INTRODUCTION.**

2          Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz") and the

3   Defendants in the MDL Group C cases ("Defendants") respectfully submit this

4   Joint Case Management Statement pursuant to the Court's August 1, 2011 Order.

5   The issues raised by the Court's Order are addressed herein.  Where the parties

6   have different views on certain issues, the parties' respective positions are set forth

7   under separate headings.

8   **II.   IDENTITY OF THE REMAINING GROUP C DEFENDANTS**

9   Attached hereto as Exhibit A is a chart identifying each remaining Defendant in the

10  Group C cases and the claims currently asserted against each Defendant.  Katz

11  notes that the identification of currently asserted claims is subject to the further

12  proceedings identified below.

13  **III.   DISPUTES THE COURT NEEDS TO ADDRESS.**

14         The parties identify the following disputes the Court needs to address, in

15  addition to motions already pending before the Court including summary judgment

16  motions in the *Katz v. GEICO* case (Case No. 07-CV-6996) and motions for

17  reconsideration in the *Katz v. Teligence* case (Case No. 2:07-CV-04965) and *Katz*

18  *v. Citizens Financial Group* case (Case No. 07-CV-04964).

19      **A.   Issues Remanded by the Federal Circuit.**

20             **1.   Katz's Identification of Issues.**

21         The Federal Circuit directed further consideration of the following claim

22  construction issues applicable to certain claims that this Court had previously ruled

23  invalid on Section 112 grounds:

24         • Claim construction of certain "processing," "receiving," and "storing"

25           element functions and "interface 20" as corresponding structure.  *See*

26           Federal Circuit Opinion, slip op. at 22, 24.

27         • Claim construction of "operating process format."  *See* Federal Circuit

28           Opinion, slip op. at 29.

In Re Katz Interactive Call Processing Litigation,
07-ML-01816-C RGK (FFMx)                          2.                    **JOINT CASE MANAGEMENT STATEMENT –
GROUP C**

491531.1

- Claim construction of DNIS limitation.  *See* Federal Circuit  Opinion, slip op. at 40.

Although the Federal Circuit appeal directly involved certain MDL-B Defendants, Katz agrees with the MDL-C Defendants that they may participate in the remanded claim construction proceedings.

### 2.    Defendants' Identification of Issues.

All of the claims construction issues for this Court's consideration on remand identified by Katz relate primarily to the B Track Defendants.  Certain C Track Defendants have remaining asserted claims that contain these claim limitations. The C Track Defendants, however, do not believe that they need to be involved in the claim construction briefing to the same extent as the B Track Defendants. Therefore, the C Track Defendants defer to the B Track Defendants' proposed briefing schedule.  The C Track Defendants believe that remand issues should be narrowly focused on the specific questions identified by the Federal Circuit.  For example, as to the "DNIS" claim construction issue that was remanded to this Court, the C Track Defendants believe that the issue should be limited to the Federal Circuit's specific remand instruction of determining "whether the court's construction of the DNIS limitation requires that the accused system use the full ten-digit called telephone number or merely some other representation that uniquely identifies the called number."  Federal Circuit Opinion, slip op. at 40.  Because the C Track Defendants may be affected by this claim construction issue, the C Track Defendants agree to work with the B Track Defendants to submit any required briefing.

In the event open claim construction issues remain prior to remand, Defendants may request leave to have the Court resolve them to avoid inconsistent claim construction by the District Courts.

### 3.    Katz's proposed schedule.

Katz proposes the following schedule for the claim construction issues to be

considered on remand from the Federal Circuit.  Katz's proposal differs from Defendants' in several ways.

First, consistent with this Court's prior "mini-*Markman*" proceedings, the parties need not attempt to identify parties to whom claim terms "apply," as claim terms themselves are not specific to individual parties.  The parties need only identify the patent claims in which the terms appear.

Second, there is no need to allow surreply briefing as a matter of right.  If Katz raises new arguments or issues in Katz's reply brief, the Defendants may seek leave to file a surreply.

Finally, because both the MDL-B and MDL-C Defendants seek to participate in the claim construction proceedings, Katz proposes that all of the Group B and Group C Defendants coordinate to submit Defendants' responsive brief, consistent with the prior mini-*Markman* proceedings where all then-current Defendants submitted joint briefing.  (*See* D.I. 733.)

- No later than 7 days after issuance of the Court's Scheduling Order, the parties shall meet and confer to identify the claim terms to be construed and the claims in which those terms appear;
- No later than 14 days after issuance of the Court's Scheduling Order, the parties exchange proposed claim constructions (if any) and supporting evidence.  The parties shall meet and confer regarding their proposed claim constructions within 7 days after exchange of proposed claim constructions.
- No later than 21 days after exchange of proposed claim constructions, Katz files an opening Supplemental Claim Construction Brief of up to 30 pages in the main 1816 MDL case;
- No later than 21 days after service of Katz's opening brief, any Defendants that wish to address the issues may jointly file a Response of up to 30 pages.

- No later than 14 days after service of Defendants' brief, Katz may file a Reply of up to 15 pages.

**4.     Defendants' proposed schedule.**

If the Court determines that claim construction briefing is necessary for the C Track, Defendants propose that the Court follow the briefing schedule that was used for the "mini-*Markman*" proceedings in the B Track, which accommodated a surreply brief filed by the Defendants.  Accordingly, Defendants propose the following briefing schedule for the claim construction issues to be considered on remand from the Federal Circuit:

•      No later than 7 days after issuance of the Court's Scheduling Order, the parties shall meet and confer to identify the claim terms to be construed, the claims in which the terms appear, and the parties to whom they apply;

•      No later than 14 days after issuance of the Court's Scheduling Order, the parties exchange proposed claim constructions (if any) and supporting evidence. The parties shall meet and confer regarding their proposed claim constructions within 7 days after exchange of proposed claim constructions;

•      No later than 21 days after exchange of proposed claim constructions, Katz files an opening Supplemental Claim Construction Brief of up to 30 pages in the main 1816 MDL case;

•      No later than 21 days after service of Katz's opening brief, Defendants that wish to address the issues may jointly file a Common Response of up to 30 pages;

•      No later than 14 days after service of Defendants' brief, Katz may file a Reply to the Common Response of up to 15 pages.

•      No later than 14 days after service of Katz's reply brief, Defendants may file a  Common Surreply to Katz' reply of up to 15 pages.

**B.**     **Identification of Claims Affected By Federal Circuit Opinion.**

The Federal Circuit Opinion addressed validity and claim construction issues that affect certain claims beyond those specifically at issue in the appeal.  The parties' positions on these claims and issues are set forth below.

**1.**     **Katz's Identification of Issues and Claims.**

The Federal Circuit Opinion notes that its analysis regarding certain claims may also apply to additional claims not directly addressed in the Opinion.  (Federal Circuit Opinion, slip op. at 44-45.)  Katz identifies the following invalidity rulings in this Court's June 19, 2008 Section 112 summary judgment order (D.I. 2330) that should be vacated, and additional claims whose validity is positively affected, in view of the Federal Circuit's reasoning:

- *Aristocrat* issues (Federal Circuit Opinion, slip op. at 20-22; D.I. 2330 at 59-61.)  The Federal Circuit vacated the Court's invalidity ruling as to '863 patent claims 96, 98, and 99, '547 patent claims 11 and 18, '551 patent claim 19, and '285 patent claim 61.  The Court's invalidity rulings as to '021 patent claim 11, '309 patent claim 41, and '547 patent claim 19 should be vacated under the same reasoning.  (*See* D.I. 2330 at 61.)  The Federal Circuit's validity analysis also applies to additional claims in the Katz portfolio that are not currently asserted against any of the remaining Group C defendants.  To the extent Katz seeks to substitute or add any such claim against any Group C defendant, Katz will explain the impact of the Federal Circuit's validity analysis on such claim.

- Dual Call Mode claims (Federal Circuit Opinion, slip op. at 28-29; D.I. 2330 at 5-10, 12).  The Federal Circuit vacated the Court's invalidity ruling as to claim 34 of the '120 patent.  The Court's invalidity rulings as to '223 patent claims 1, 7, 51, 58, and 86 and '120 patent claim 32 should be vacated under the same reasoning.  (*See* D.I. 2330 at 10, 12.)

The Federal Circuit's validity analysis also applies to additional claims in the Katz portfolio that are not currently asserted against any of the remaining Group C defendants.  To the extent Katz seeks to substitute or add any such claim against any Group C defendant, Katz will explain the impact of the Federal Circuit's validity analysis on such claim.

The Federal Circuit also modified one of Court's claim constructions:

- Claim construction of "acknowledgement number" (Federal Circuit Opinion, slip op. at 35-36).  The Federal Circuit modified the Court's construction of "acknowledgement number."  The modified construction affects infringement issues as to certain Defendants with respect to the claims of the '762 and '965 patents.

Katz proposes the following schedule to address this claim construction issue:

- No later than 14 days after issuance of the Court's scheduling order, Katz shall provide to Defendants Katz's view of the impact of the claim construction of "acknowledgement number."  No later than 7 days after service of such bases, the parties will meet and confer;
- Should the Defendants dispute Katz's position, then Katz shall file a motion or motions no later than 21 days after completion of the meet and confer seeking relief;
- No later than 21 days after service of Katz's motion, any affected Defendants may file an opposition to Katz's motion; and
- No later than 14 days after service of Defendants' opposition, Katz may file a reply brief.

## 2.    Defendants' Identification of Issues and Claims.

The C Track Defendants do not believe that the Federal Circuit Opinion affected validity issues of any claims related to the C Track Defendants.

Katz's proposal regarding the construction of "acknowledgement number" in Section III.B was first provided to Defendants on Monday, August 15, 2011, after 12:30 PM EST.   Because Defendants have not had sufficient opportunity to consider Katz's proposal – such as the nature of Katz's proposed "motion seeking relief´– Defendants oppose it.  Nevertheless, should the Court decide to address the claim construction issue as framed by Katz, Defendants request the opportunity to provide briefing to the Court on this particular issue.

### C.    Additional Patent Claim Assertions.

#### 1.    Katz's Position and Proposed Briefing Schedule.

In view of the Federal Circuit's rulings vacating summary judgment of Section 112 validity as to certain patent claims, Katz proposes to assert against certain Defendants certain claims whose validity is affected by the Federal Circuit's analysis and certain other claims where substitution is warranted.

Katz understands the Court's August 1, 2011 Order to seek an identification of disputes, not the parties' substantive arguments on those disputes.  Katz intends to present the justifications for the claim substitutions in the briefing addressed below.

Nevertheless, in view of the Defendants' argumentation below, Katz notes that limited claim assertion modifications are justified at this juncture.  The justifications are somewhat different between these MDL-C cases and the MDL-B cases, as is apparent from the MDL-B parties' separate concurrent filing.

First, of particular importance to the MDL-C cases, Katz did not assert against the MDL-C Defendants the claims that this Court had already ruled invalid on Section 112 grounds in the MDL-B cases.  The Federal Circuit's subsequent decision vacating certain of the Court's Section 112 invalidity rulings therefore

presents a strong justification for allowing a limited and targeted assertion of such "revived" claims against the MDL-C Defendants.

Second, as noted in the MDL-B parties' filing, the Federal Circuit's confirmation that the Dual Call Mode patents disclose multiple formats is a watershed new ruling that unquestionably justifies certain limited new claim assertions. In 2003, this Court in the prior *Verizon California v. Katz* litigation ruled invalid certain Katz patent claims, including claims depending from claim 81 of the '734 patent, on the basis that the Dual Call Mode specification does not disclose multiple formats. In view of the Court's prior ruling, Katz did not include any '734 patent claims in its final sets of asserted claims before this Court. The Federal Circuit's recent ruling is effectively new law on this issue that was not previously available and justifies revisiting the limited set of claims affected by the ruling.

In addition, there are certain additional Defendant-specific justifications for limited claim substitutions at this stage. For example, some previously-sought substitutions may be revisited in view of the Federal Circuit decision. *See*, *e.g.*, Federal Circuit Opinion, slip op. at 14 (suggesting propriety of substitution where "unselected claims presented unique issues as to liability or damages"); Katz's Motion for Reconsideration in the *Citizens Financial* case (case no. 2:07-cv-4964), D.I. 846-1 at 6-8 (Federal Circuit decision may justify revisiting the Court's prior claim substitution decisions).

Katz will further explain the bases for proposed claim substitutions on a Defendant-by-Defendant basis in Katz's briefing on these issues.

Katz proposes the following briefing schedule for proposed additional/substitute claim assertions:

- No later than 30 days after issuance of the Court's Scheduling Order, Katz files Motions to Add Claims in cases where such substitution is currently warranted.

- No later than 30 days after service of Katz's opening briefs, any affected Defendants may file a response.
- No later than 14 days after service of Defendants' responses, Katz may file replies.

### 2. Defendants' Proposed Briefing Schedule.

The Track C Defendants object to Katz's proposed, unidentified claim substitutions. Despite a number of inquiries from Track C's liaison counsel, Katz has still not identified the claims it proposes to substitute against the C Track defendants. Defendants propose that Katz be prohibited from adding or substituting any claims. Defendants do not believe that there are any circumstances under which Katz should be permitted to add or substitute claims following the Federal Circuit's decision. If anything, the Federal Circuit decision made it quite clear that Katz has already had a full and fair opportunity to select its asserted claims. Federal Circuit Opinion, slip op. at 9-15. Should the Court permit Katz to add or substitute any claims, then the Defendants request an opportunity to address any claim construction issues relating to the newly added or substituted claims, supplemental expert reports to address any new claims, and also make any appropriate summary judgment motions relating to invalidity and non-infringement which the Defendants have never had an opportunity to address.

### D. Damages Discovery Supplementation.

#### 1. Katz's Proposal.

Katz proposes that the parties exchange supplemental damages expert reports to account for significant changes in the law and for the Court's rulings applicable to the asserted claims since the time damages reports were first exchanged. In particular, the Federal Circuit's subsequent decision in *Uniloc* materially changed

1  the law on patent infringement damages theories.[1]  Similarly, this Court's

2  subsequent rulings on claim invalidity and non-infringement have materially

3  impacted the legal and factual circumstances underlying the damages analysis for

4  each Defendant.

5        Therefore, contrary to Defendants' suggestion, the supplementation is not a

6  matter of timeliness or any "failure" by Katz.  It is a matter of accounting for new

7  law and circumstances not present at the time of the original reports, and the

8  Court's resumption of proceedings following the Federal Circuit's ruling is an

9  appropriate time to assess the supplementation.  Nor will there be any undue

10  burden; the supplementation is not a complete re-do of all damages discovery, but

11  merely a limited supplementation.

12        At this juncture, Katz only requests that the Court acknowledge that damages

13  discovery supplementation may be warranted to the extent new law and/or new

14  circumstances affect the damages analysis.  As for the specific timing of such

15  supplementation, Katz proposes that such supplementation may take place on a

16  defendant-by-defendant basis at an appropriate stage for each defendant, which can

17  be discussed and coordinated between Katz and each individual defendant.

18            **2.**     **Defendants' Proposal.**

19        Defendants object to the supplementation of damages expert reports. The

20  *Uniloc* decision cited by Katz issued over 7 months ago, on January 4, 2011.

21  *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292 (Fed. Cir. 2011).  Katz made

22  no effort to supplement its affected damages reports until it raised the issue in

23  connection with this case management statement.  In some cases, Katz's damages

24  expert did not even rely as a basis for his opinion on the so-called "25% Rule" that

25  was repudiated in *Uniloc*.  In those cases, Katz should not be able to use the Federal

26   

27  [1] In *Uniloc*, the Federal Circuit rejected the way in which one of the parties used the well-known "Goldscheider 25% rule of thumb."  *Uniloc USA, Inc. v. Microsoft*

28  *Corp.*, 632 F.3d 1292, 1311-18 (Fed. Cir. 2011).

**In Re Katz Interactive Call Processing Litigation, 07-ML-01816-C RGK (FFMx)**     11.     **JOINT CASE MANAGEMENT STATEMENT – GROUP C**

491531.1

1   Circuit's *Uniloc* decision as a pretext to supplement/amend its damages opinions

2   absent good cause.

3          However, if the Court is inclined to allow supplementation, this issue is

4   highly specific to each of the individual defendants and so it should be considered

5   on a per Defendant basis.  Because each Defendant is differently situated, the

6   parties should be allowed to supplement only to the extent that leave of Court is

7   sought, and there is a showing by Katz that the change in the law relating to

8   damages affects a prior damages analysis in a previously issued expert report for a

9   specific defendant.

10   **E.      EchoStar's and Teligence's Position Regarding Prior Art Invalidity**

11   **         Motions:**

12          Both EchoStar and Teligence believe that the Court's resolution of prior art

13   invalidity issues has already effectively narrowed the issues that remain in the

14   MDL.  Continuing that process would further narrow issues for trial and would

15   likely result in final judgments for certain defendants.

16          The Federal Circuit affirmed each and every one of this Court's Track B

17   rulings on prior art-based invalidity:

18                Katz next appeals the district court's rulings on obviousness.

19          The court held that several of the Voice–Data claims from the '965

20          patent would have been obvious in view of a prior art patent to Szlam

21          and a prior art reference known as "Yoshizawa."  The court also

22          invalidated several of the Dual Call Mode claims from the '120 patent

23          in view of two prior art references known as "Student Registration"

24          and "Moosemiller."  Finally, the court invalidated one other claim

25          from the '120 patent in view of Szlam and Student Registration.  We

26          affirm all of those rulings.

27          Id. at .1321.

28          In affirming all of those rulings, the Federal Circuit rejected the arguments

that RAKTL has advanced in response to virtually every prior art invalidity motion, including the Track C motions, namely that there was no motivation to combine the references and/or that the references "taught away" from the RAKTL claims. Moreover, the law regarding motivation to combine prior art from related fields of endeavor has evolved since the parties filed their summary judgment motions — defendants now have a lower burden on this point.  See, e.g., Innovation Toys v. MGA Entertainment et al., Case No. 10-1290 (Fed. Cir. 2011); Media Technologies Licensing, LLC v. Upper Deck Co., 596 F.3d 1334 (Fed. Cir. 2010); Wyers v. Master Lock Co., 616 F.3d 1231, 1242 (Fed.Cir.2010).  Because most or all of the limitations in the RAKTL claims are disclosed in the prior art and the Federal Circuit has rejected virtually all of RAKTL's arguments against combining IVR references, an additional round of prior art invalidity motions would further streamline these cases and would account for the Federal Circuit decision and recent changes in the law.

There are but a handful of claims remaining asserted against many defendants, so invalidating even a few claims may resolve all issues as to specific defendants.  Moreover, the Court will already be addressing issues that were specifically remanded by the Federal Circuit for the Track B defendants.  Because any further Track C summary judgment motions at this stage would only address invalidity arguments that have been disclosed in expert reports, no further fact or expert discovery would be required.  Thus, the potential upside of a further round of prior art summary judgment motions is high, whereas the downsides are minimal. The summary judgment briefing schedule could be the same as that proposed by the Track B defendants or the parties could meet and confer on a schedule.

## F.    Katz's Response to EchoStar's and Teligence's Position Regarding Prior Art Invalidity Motions.

Katz strongly disagrees with EchoStar's and Teligence's improper request to raise new Section 102/103 summary judgment challenges long after discovery and

summary judgment rulings have been completed with respect to those Defendants. Even their fellow Group C Defendants refuse to join in their proposal.

EchoStar, Teligence, and the other Group C Defendants had more than a full and fair opportunity to develop Section 102/103 defenses and to seek summary judgment on those defenses. The Group C Defendants received the benefit of many years of prior litigation on the Katz patents, including Section 102/103 expert discovery and summary judgment proceedings in the Group B cases. The Group C Defendants had a full and fair opportunity to brief anticipation and obviousness issues in 2008 and 2009 in connection with their joint Section 102/103 motion and again in 2010 when they sought reconsideration of the Court's order on that motion, and both EchoStar and Teligence included Section 102/103 challenges in their individual summary judgment motions.

None of EchoStar's and Teligence's cited cases presents any justification for giving these defendants another bite at the apple. Those cases are merely fact-specific decisions addressing issues such as non-analogous art and the proper level of skill of a POSITA. None of the cases changes the law to reduce the high burden of proof required to prove a claim invalid for obviousness, particularly at summary judgment. To the contrary, the Supreme Court's recent *i4i* opinion affirmed a prior art invalidity challenger's "clear and convincing" evidentiary burden. *Microsoft Corp. v. i4i L.P.*, __ U.S. __, No. 10–290, June 9, 2011.

EchoStar's and Teligence's suggestion that "another round" of Section 102/103 motions would be justified to "streamline" the proceedings, with minimal "downsides," is likewise baseless. The "downside" is the significant prejudice to Katz that would result from allowing yet further Section 102/103 motions. If EchoStar and Teligence (or the Group C Defendants generally) were permitted to file yet another round of invalidity motions, Katz would be forced to expend significant resources responding to invalidity arguments that should have been made nearly three years ago. In addition, remand of the EchoStar and Teligence

In Re Katz Interactive Call Processing Litigation, 07-ML-01816-C RGK (FFMx)          14.          JOINT CASE MANAGEMENT STATEMENT – GROUP C

491531.1

cases to the trial courts would be further delayed.

If the Court has any inclination to entertain EchoStar's and Teligence's request, Katz respectfully requests an opportunity for full briefing on this issue.

## IV.   CASES THAT ARE READY FOR REMAND FOR TRIAL.

Katz respectfully submits that certain Group C cases are or will soon be ready for remand by the MDL Panel for trial in their originating courts.   The C Track Defendants do not believe that any of the C Track cases are ready to be remanded.   The parties' respective positions are set forth below.

### A.   Katz's Position.

The following case is currently ready to be remanded to its originating trial court for trial:

- **Katz v. EchoStar**: *Ronald A. Katz Technology Licensing L P v. EchoStar Communications Corporation et al*, C.D. Cal. Case No. 2:07-cv-6222; N.D. Cal. Case No. 3:07-cv-3151 (Judge Martin Jenkins).

This case has triable issues remaining after summary judgment, and the Federal Circuit ruling does not present any reason to delay the case from proceeding to trial.   Katz respectfully requests that the Court issue a suggestion to remand this case pursuant to 28 U.S.C. §1407, as will be set forth in Katz's Motion for Suggestion to Remand to be filed separately.

Although Katz's reasoning will be set forth in Katz's motion, Katz notes in response to EchoStar's arguments below that Katz disagrees with the position that no MDL case should be remanded to trial until all MDL proceedings are completed. The Court's August 1, 2011 Order specifically contemplates the possibility of individual cases being remanded to trial at this point.   In addition, the "DNIS" claim construction issue presents no basis to delay the case from proceeding to trial, in view of EchoStar's asserted non-infringement arguments.

Katz anticipates that its case against at least the following Defendant will be ready for remand to trial after the Court rules on a pending motion for

reconsideration of the Court's summary judgment ruling, to the extent that triable issues remain after the Court's ruling on the motion for reconsideration:

- **Katz v. Teligence**: *Ronald A. Katz Technology Licensing, L.P. v. Continental Airlines, Inc. et al*, C.D. Cal. Case No. 2:07-CV-04965; E.D. Tex. Case No. 2:07-cv-232 (Judge David Folsom).

Again, Katz disagrees with the suggestion that no MDL case should proceed to trial until all MDL activities are completed. Katz acknowledges that the *Teligence* case should not proceed to trial until after resolution of Teligence's motion for reconsideration.

**B. Defendants' Position(s).**

All of the C Track Defendants state that their C Track cases are not ready for remand to their home courts. The unresolved claim construction issues identified by the Federal Circuit in the Track B could affect these C Track cases. Further, additional summary judgment briefing is being proposed by the B track defendants to address non-infringement and other issues affecting the remanded claims. The C Track Defendants reserve the right, upon resolution of the issues relating to the Federal Circuit's remand, to request the opportunity (either at the MDL level or at their home courts) to address individual issues impacted by new claim constructions or changes to the claim constructions that were in effect as of the date the C Track Defendants filed their individual summary judgment motions. As for the two specific cases which Katz identified as being ready for remand, EchoStar and Teligence each respond as follows:

- **Katz v. EchoStar**: *Ronald A. Katz Technology Licensing L P v. EchoStar Communications Corporation et al*, C.D. Cal. Case No. 2:07-cv-6222; N.D. Cal. Case No. 3:07-cv-3151 (Judge Martin Jenkins).

**EchoStar's Position:**

After the Court's summary judgment rulings and the Federal Circuit decision, there are four claims pending against EchoStar: 150:10, 285:71, 576:1

In Re Katz Interactive Call Processing Litigation, 07-ML-01816-C RGK (FFMx)    16.    JOINT CASE MANAGEMENT STATEMENT – GROUP C

491531.1

1  and 415:24.  Because the Court has been tasked with ensuring consistent rulings

2  regarding the asserted RAKTL patents (*In re Katz Interactive Call Processing*

3  *Patent Litigation*, 481 F. Supp. 2d 1353 (J.P.M.L. 2007)), none of the individual

4  cases, including this one, should be remanded until all of the MDL activities are

5  complete.

6        Regardless, the EchoStar case is not ready for remand because MDL actions

7  on the claims remaining against EchoStar are not complete.  The Federal Circuit

8  remanded an issue of claim construction regarding 285:71 (as to "DNIS").  *See In*

9  *re Katz Interactive Call Processing Patent Litigation*, 639 F.3d 1303, 1325-25

10  (Fed. Cir. 2011) ("we vacate the court's summary judgment order as to these claims

11  and remand for the district court to resolve this issue of claim construction.").

12  Thus, regardless of whether any cases should be remanded at this time, the

13  EchoStar case should not remanded until the issue of claim construction regarding

14  285:71 remanded from the Federal Circuit is resolved by the Court.

15    • **Katz v. Teligence**:  *Ronald A. Katz Technology Licensing, L.P. v.*

16        *Continental Airlines, Inc. et al*, C.D. Cal. Case No. 2:07-CV-04965; E.D.

17        Tex. Case No. 2:07-cv-232 (Judge David Folsom).

18    **Teligence's Position:**

19        Following the Federal Circuit decision and rulings from the Court on various

20  summary judgment motions in the Track B and Track C cases, six surviving

21  RAKTL claims continue to be asserted against Teligence:  150:11, 309:32, 309:46,

22  285:1, 707:24 and 415:24.  Because the Court has been tasked with insuring

23  consistent decisions regarding the asserted RAKTL patents (*In re Katz Interactive*

24  *Call Processing Patent Litigation*, 481 F. Supp. 2d 1353 (J.P.M.L. 2007)), none of

25  the individual cases, including the Teligence case, should be remanded until all of

26  the MDL activities are complete.

27        Moreover, Teligence seeks reconsideration of the Court's ruling on

28  Teligence's individual motion for summary judgment of non-infringement and

**In Re Katz Interactive Call Processing Litigation,**
07-ML-01816-C RGK (FFMx)                                    17.                      **JOINT CASE MANAGEMENT STATEMENT –**
                                                                                                            **GROUP C**

491531.1

invalidity (*see*, DI 684, DI 7333).  Teligence's motion for reconsideration is pending.  Remand of the Teligence case prior to resolution of Teligence's motion for reconsideration would thus be premature in any event.

## V.    REQUEST FOR ORAL HEARING.

### A.    Katz's Position.

Katz requests an in-person status conference regarding the foregoing issues in the Group C cases.  Katz would appreciate the opportunity for a colloquy with the Court to discuss the status and next steps in these cases, to address any questions or concerns that the Court might have, and to receive the Court's guidance.

To the extent the Court seeks additional briefing or information on any points or issues, Katz would be happy to provide it.

### B.    Defendants' Position.

Defendants agree that a status conference would be beneficial.


Respectfully submitted,


Dated:  August 15, 2011          COOLEY LLP


                                  */s/ Frank V. Pietrantonio*
                                  Frank Pietrantonio (pro hac vice)
                                  Attorneys for Plaintiff

Dated:  August 15, 2011          AMSTER ROTHSTEIN & EBENSTEIN LLP


                                  /s/ *Richard S. Mandaro*
                                  Anthony F. Lo Cicero
                                  Richard S. Mandaro

                                  LIAISON COUNSEL FOR
                                  C TRACK DEFENDANTS

In Re Katz Interactive Call Processing Litigation,
07-ML-01816-C RGK (FFMx)                    18.          JOINT CASE MANAGEMENT STATEMENT –
                                                                             GROUP C

491531.1

# EXHIBIT A

1 | COOLEY GODWARD KRONISH LLP
2 | STEPHEN C. NEAL (CA BAR NO. 170085)
  | (nealsc@cooley.com)
  | Five Palo Alto Square
3 | 3000 El Camino Real
  | Palo Alto, CA  94306-2155
4 | Telephone:  (650) 843-5000
  | Facsimile:   (650) 857-0663
5 |
6 | FRANK PIETRANTONIO (pro hac vice)
  | (fpietrantonio@cooley.com)
7 | JONATHAN G. GRAVES (pro hac vice)
  | (jgraves@cooley.com)
8 | One Freedom Square, Reston Town Center
  | 11951 Freedom Drive
9 | Reston, VA  20190-5656
  | Telephone:  (703) 456-8000
10 | Facsimile:   (703) 456-8100

11 | Attorneys for Plaintiff
   | RONALD A. KATZ TECHNOLOGY LICENSING, L.P.

12 |                    UNITED STATES DISTRICT COURT
13 |                  CENTRAL DISTRICT OF CALIFORNIA
14 |                         WESTERN DIVISION
15 |
16 |

| In Re KATZ INTERACTIVE CALL PROCESSING LITIGATION | Case 07-ML-1816-B RGK (FFMx)<br>Case 07-ML-1816-C RGK (FFMx) |
| ALL MDL CASES | **JOINT STATUS REPORT LISTING THE PENDING AND DISMISSED CASES AND DEFENDANTS** |
| | **Honorable R. Gary Klausner** |
| | Courtroom:      850 |

**In Re Katz Interactive Call Processing Litigation,**
**07-ML-1816-B RGK (FFMx)**
**07-ML-1816-C RGK (FFMx)**

1

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS

491529.1

Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz") and Defendants provide this Joint Status Report regarding both the MDL cases that are currently pending and those that have been dismissed.

## I.     PENDING CASES

This Joint Status Report includes: (1) the name of each defendant group that has not settled; and (2) the status of each defendant with respect to the Federal Circuit decision (for defendants that were parties to the Federal Circuit appeal) and with respect to summary judgment rulings by this Court and pending motions for reconsideration of summary judgment rulings where applicable.

The pending cases have been organized into four groups:  (a) cases potentially ready for remand for trial at this time; (b) Group B cases pending post Federal Circuit appeal and post summary judgment rulings; (c) Group C cases pending post summary judgment rulings; and (d) cases in which the Court has yet to adjudicate motions for summary judgment.

## A.     GROUP B CASES PENDING POST FEDERAL CIRCUIT APPEAL AND POST SUMMARY JUDGMENT RULINGS

### 1.     KATZ V. COX COMMUNICATIONS, INC., ET AL, MDL: CV 07-2299 RGK (FFMX) (EDTX: 9:06-CV-00191-RHC)

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| Cox Communications, Inc. | Case pending post-summary judgment | '863:43, '863:49, '863:98, '863:99 |
| CoxCom, Inc. | Case pending post-summary judgment | '863:43, '863:49, '863:98, '863:99 |

### 2.     KATZ V. DIRECTV GROUP, INC., ET AL, MDL: CV 07-2322 RGK (FFMx) (EDTX: 9:06-CV-00192-RHC)

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| DirecTV Customer Services, Inc. | Case pending post-summary judgment | '415:02, '551:19, '120:34 |

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW

In Re Katz Interactive Call Processing Litigation,
07-ML-1816-B RGK (FFMx)
07-ML-1816-C RGK (FFMx)

2.

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS

| DirecTV Enterprises, LLC | Case pending post-summary judgment | '415:02, '551:19, '120:34 |
|---|---|---|
| DirecTV Group, Inc., The | Case pending post-summary judgment | '415:02, '551:19, '120:34 |
| DirecTV Holdings, LLC | Case pending post-summary judgment | '415:02, '551:19, '120:34 |
| DirecTV, Inc. | Case pending post-summary judgment | '415:02, '551:19, '120:34 |

### 3.   KATZ V. EARTHLINK, INC., MDL: CV 07-2325 RGK (FFMX) (EDTX: 9:06-CV-00193-RHC)

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| EarthLink, Inc. | Case pending post-summary judgment | '551:19, '863:98 |

### 4.   KATZ V. TIME WARNER, ET AL., MDL: CV 07-2134 RGK (FFMX) (D DEL: 1:06-CV-00546)

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| America On-Line LLC | Case pending post-summary judgment | '551:19, '703:72, '863:32, '863:43 |
| Cablevision Systems Corporation | Case pending post-Federal Circuit ruling | '547:11 |
| CSC Holdings, Inc. | Case pending post-Federal Circuit ruling | '547:11 |
| Cablevision Systems New York City Corporation | Case pending post-Federal Circuit ruling | '547:11 |
| Cablevision of Brookhaven, Inc. | Case pending post-Federal Circuit ruling | '547:11 |
| Cablevision of Connecticut Corporation | Case pending post-Federal Circuit ruling | '547:11 |
| Cablevision of Hudson County, Inc. | Case pending post-Federal Circuit ruling | '547:11 |
| Cablevision of Litchfield, Inc. | Case pending post-Federal Circuit ruling | '547:11 |
| Cablevision of Monmouth, Inc. | Case pending post-Federal Circuit ruling | '547:11 |
| Cablevision of New Jersey, Inc. | Case pending post-Federal Circuit ruling | '547:11 |
| Cablevision of Oakland, LLC | Case pending post-Federal Circuit ruling | '547:11 |
| Cablevision of Rockland/Ramapo, LLC | Case pending post-Federal Circuit ruling | '547:11 |
| Charter Communications | Case pending post-summary judgment | '150:10, '150:11, '285:01, '415:02, |

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW

In Re Katz Interactive Call Processing Litigation,
07-ML-1816-B RGK (FFMx)
07-ML-1816-C RGK (FFMx)

3.

JOINT STATUS REPORT LISTING THE PENDING AND DISMISSED CASES AND DEFENDANTS

| | | '762:30, '762:45, '762:67, '707:129 |
|---|---|---|
| **Charter Communications Entertainment I, LLC** | Case pending post-summary judgment | '150:10, '150:11, '285:01, '415:02, '762:30, '762:45, '762:67, '707:129 |
| **Charter Communications Holding Co., LLC** | Case pending post-summary judgment | '150:10, '150:11, '285:01, '415:02, '762:30, '762:45, '762:67, '707:129 |
| **Charter Communications Operating, LLC** | Case pending post-summary judgment | '150:10, '150:11, '285:01, '415:02, '762:30, '762:45, '762:67, '707:129 |
| **Charter Communications, Inc.** | Case pending post-summary judgment | '150:10, '150:11, '285:01, '415:02, '762:30, '762:45, '762:67, '707:129 |
| **Compuserve Interactive Services, Inc.** | Case pending post-summary judgment | '551:19, '703:72, '863:32, '863:43 |
| **Netscape Communications Corp.** | Case pending post-summary judgment | '551:19, '703:72, '863:32, 863:43 |
| **TDS Metrocom, LLC** | Case pending post-summary judgment | '285:61, |
| **TDS Telecommunications Corp.** | Case pending post-summary judgment | '285:61, |
| **Time Warner Cable Inc.** | Case pending post-summary judgment | '150:10, '150:11, '415:02, '762:45 |
| **Time Warner Entertainment Co., LP** | Case pending post-summary judgment | '150:10, '150:11, '415:02, '762:45 |
| **Time Warner NY Cable LLC** | Case pending post-summary judgment | '150:10, '150:11, '415:02, '762:45 |
| **United States Cellular Corp.** | Case pending post-summary judgment | '150:10, ,'285:61, '415:02, '762:30, '762:45, '762:57 |
| Qwest Communications International Inc. | Dismissed | |
| Qwest Wireless, L.L.C. | Dismissed | |
| Qwest Communications Corporation | Dismissed | |
| Qwest LD Corp. | Dismissed | |
| Qwest Broadband Services, Inc. | Dismissed | |
| Qwest Interprise America, Inc. | Dismissed | |

## 5. KATZ V. AMERICAN INTERNATIONAL GROUP INC., ET AL., MDL: CV 07-2192 RGK (FFMX) (D DEL: 1:06-CV-0547)

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

In Re Katz Interactive Call Processing Litigation,
07-ML-1816-B RGK (FFMx)
07-ML-1816-C RGK (FFMx)

4.

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS

| | | |
|---|---|---|
| 21st Century Casualty Co. | Dismissed | |
| 21st Century Insurance Co. | Dismissed | |
| 21st Century Insurance Group | Dismissed | |
| AIG Annuity Insurance Co. | Dismissed | |
| AIG Federal Savings Bank | Dismissed | |
| AIG Life Insurance Co. | Dismissed | |
| AIG Marketing, Inc. | Dismissed | |
| AIG Retirement Services, Inc. | Dismissed | |
| AIG SunAmerica Asset Management Corp. | Dismissed | |
| American General Assurance Co. | Dismissed | |
| American General Indemnity Co. | Dismissed | |
| American General Life & Accident Insurance Co. | Dismissed | |
| American General Life Insurance Co. | Dismissed | |
| American International Group, Inc. | Dismissed | |
| Aquila, Inc. | Dismissed | |
| Cigna Corp. | Dismissed | |
| Cigna Health Corp. | Dismissed | |
| Cigna Healthcare of Delaware, Inc. | Dismissed | |
| **DHL Express (USA), Inc.** | **Case pending post-Federal Circuit ruling** | '120:34, '285:61, '551:19, '863:98 |
| **DHL Holdings (USA) Inc.** | **Case pending post-Federal Circuit ruling** | '120:34, '285:61, '551:19, '863:98 |
| National City Bank | Dismissed | |
| National City Bank of Indiana | Dismissed | |
| National City Corp. | Dismissed | |
| **Sky Courier, Inc.** | **Case pending post-Federal Circuit ruling** | |
| Tel-Drug of Pennsylvania, LLC | Dismissed | |
| Tel-Drug, Inc. | Dismissed | |
| United States Life Insurance Co. in the City of New York, The | Dismissed | |
| VALIC Financial Advisors, Inc. | Dismissed | |
| VALIC Retirement Services Co. | Dismissed | |
| Variable Annuity Life Insurance Co., The | Dismissed | |
| Wilmington Brokerage Services Co. | Dismissed | |
| Wilmington Trust Co. | Dismissed | |

## 6.    KATZ V. AMERICAN AIRLINES, INC., ET AL., MDL: CV 07-02196 RGK (FFMX) (EDTX: 2:06-CV-00334-DF)

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

**In Re Katz Interactive Call Processing Litigation,**
**07-ML-1816-B RGK (FFMx)**
**07-ML-1816-C RGK (FFMx)**

5.

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| **American Airlines, Inc.** | **Case pending post-Federal Circuit ruling** | '551:19, '863:43, '863:98 |
| American Beacon Advisors, Inc. | Dismissed | |
| **Federal Express Corporation** | **Case pending post-Federal Circuit ruling** | '120:34, '547:18, '551:19 |
| **FedEx Corporate Services, Inc.** | **Case pending post-Federal Circuit ruling** | '120:34, '547:18, '551:19 |
| **FedEx Corporation** | **Case pending post-Federal Circuit ruling** | '120:34, '547:18, '551:19 |
| **FedEx Customer Information Services, Inc.** | **Case pending post-Federal Circuit ruling** | '120:34, '547:18, '551:19 |
| Hilton Honors Worldwide, LLC | Dismissed | |
| Hilton Hotels Corporation | Dismissed | |
| Hilton Reservations Worldwide, LLC | Dismissed | |
| Marriott International, Inc. | Dismissed | |
| Marriott Worldwide Reservations Services, LLC | Dismissed | |
| National Railroad Passenger Corporation, d/b/a Amtrak | Dismissed | |

## 7.  KATZ V. GENERAL MOTORS CORPORATION, ET AL., MDL: CV 07-2339 RGK (FFMX) (EDTX: 9:06-CV-00198-RHC)

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| **General Motors Corporation** | **Pending Appeal but stayed for Bankruptcy Proceedings** | |
| GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation | Dismissed | |
| GMAC, LLC f/k/a General Motors Acceptance Corporation | Dismissed | |
| GMAC Residential Capital, LLC f/k/a Residential Capital Corporation | Dismissed | |

## 8.  KATZ V. US BANCORP, ET AL., MDL: CV 07-2360 RGK (FFMX) (EDTX: 9:06-CV-00203-RHC)

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

**In Re Katz Interactive Call Processing Litigation,
07-ML-1816-B RGK (FFMx)
07-ML-1816-C RGK (FFMx)**

6.

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| U.S. Bancorp | Case pending post-Federal Circuit ruling | '285:19, '285:49, '285:71, '863:43, '863:49, '863:96, '863:98, '863:99 |
| U.S. Bank, N.A. | Case pending post-Federal Circuit ruling | '285:19, '285:49, '285:71, '863:43, '863:49, '863:96, '863:98, '863:99 |

## B.    GROUP C CASES PENDING POST SUMMARY JUDGMENT

### 1.    KATZ V. AMEREN, ET AL., MDL: CV 07-4955 RGK (FFMX) (ED MO: 4:07-CV-1083)

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| Ameren Corp. | Case pending post-summary judgment | '863:31 |
| Union Electric Co., (d/b/a Ameren UE) | Case pending post-summary judgment | '863:31 |
| Central Illinois Public Service Company d/b/a AmerenCIPS | Case pending post-summary judgment | '863:31 |
| CILCORP, Inc. | Case pending post-summary judgment | '863:31 |
| Central Illinois Light Company d/b/a AmerenCILCO | Case pending post-summary judgment | '863:31 |

### 2.    KATZ V. CITIZENS FINANCIAL GROUP, INC., ET AL., MDL: CV 07-4964 RGK (FFMX) (D RI: 1:07-CV-210-ML-LDA)[1]

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| Citizens Financial Group, Inc. | Case pending post-summary judgment. Motions for reconsideration pending. | '150:10, '150:11; '156:11, '156:26; '285:71; '309:46, '309:51; '707:75, '707:83; '863:22, '863:32, '863:39 |

[1]    The Court has granted summary judgment in Citizens' favor on all of these claims as to literal infringement.

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW

In Re Katz Interactive Call Processing Litigation,
07-ML-1816-B RGK (FFMx)
07-ML-1816-C RGK (FFMx)

7.

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS

| | Case pending post-summary judgment. Motions for reconsideration pending. | '150:10, '150:11; '156:11, '156:26; '285:71; '309:46, '309:51; '707:75, '707:83; '863:22, '863:32, '863:39 |
|---|---|---|
| **Citizens Bank of Pennsylvania** | Case pending post-summary judgment. Motions for reconsideration pending. | '150:10, '150:11; '156:11, '156:26; '285:71; '309:46, '309:51; '707:75, '707:83; '863:22, '863:32, '863:39 |
| **RBS Citizens, N.A.** | Case pending post-summary judgment. Motions for reconsideration pending. | '150:10, '150:11; '156:11, '156:26; '285:71; '309:46, '309:51; '707:75, '707:83; '863:22, '863:32, '863:39 |
| **CCO Investment Services Corporation** | Case pending post-summary judgment. Motions for reconsideration pending. | |

## 3.   KATZ V. CONSOLIDATED EDISON CO. OF NEW YORK, INC., ET AL., MDL: CV 07-4958 RGK (FFMX) (SDNY: 1:07-CV-5392-RMB)

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| Consolidated Edison Co. of New York, Inc. | Dismissed | |
| **Macy's, Inc. f/k/a Federated Department Stores, Inc.** | **Case pending post-summary judgment.** | '309:46, '707:44 |
| **FACS Group, Inc.** | **Case pending post-summary judgment.** | |
| **FDS Bank** | **Case pending post-summary judgment.** | |
| **Bloomingdales by Mail Ltd.** | **Case pending post-summary judgment.** | |
| **Bloomingdales, Inc.** | **Case pending post-summary judgment.** | |
| Webster Bank, N.A. | Dismissed | |

## 4.   KATZ V. CONTINENTAL AIRLINES, INC., ET AL., MDL: CV 07-4965 RGK (FFMX) (EDTX: 2:07-CV-232-DF)

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| Continental Airlines, Inc. | Dismissed | |
| Exxon Mobil Corp. | Dismissed | |

| United Parcel Service, Inc. | Dismissed | |
|---|---|---|
| **UTEL Networks, Inc.** | **Case pending post-summary judgment. Motion for reconsideration pending.** | |
| **Teligence (U.S.), Inc.** | **Case pending post-summary judgment. Motion for reconsideration pending.** | '150:11, '309:32, '309:46, '285:1, '707:24, '415:24, 965:63 |
| **Teligence Holdings (U.S.), Inc.** | **Case pending post-summary judgment. Motion for reconsideration pending.** | '150:11, '309:32, '309:46, '285:1, '707:24, '415:24, 965:63 |

## 5.    KATZ V. FIFTH THIRD, ET AL., MDL: CV 07-4960 RGK (FFMX) (SD OHIO: 1:07-CV-451)

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| **Fifth Third Bancorp** | **Case pending post-summary judgment.** | '285:01, '285:03; '707:24; '863:31, '863:32, '863:39, '863:43, '863:44, '863:50 |
| **Fifth Third Bank** | **Case pending post-summary judgment.** | '285:01, '285:03; '707:24; '863:31, '863:32, '863:39, '863:43, '863:44, '863:50 |
| **Fifth Third Bank (Central Ohio)** | **Case pending post-summary judgment.** | '285:01, '285:03; '707:24; '863:31, '863:32, '863:39, '863:43, '863:44, '863:50 |
| Huntington Bancshares Incorporated | Dismissed | |
| The Huntington National Bank | Dismissed | |
| The Huntington Investment Company | Dismissed | |
| Huntington Insurance Agency Services, Inc. | Dismissed | |
| Sky Financial Services, Inc. | Dismissed | |
| Sky Bank | Dismissed | |

## C.   CASES IN WHICH SUMMARY JUDGMENT MOTIONS ARE PENDING.

### 1.   KATZ V. COMCAST, ET AL., MDL: CV 07-6996 RGK (FFMX) (CD CAL: 1:07-CV-0361-GMS)

| Defendant | Defendant Status | Remaining Asserted Claims |
|---|---|---|
| Comcast Cable Communications LLC | Dismissed | |
| Comcast Corp. | Dismissed | |
| Comcast of Arkansas/Florida/Louisiana/Minnesota/Mississippi/Tennessee Inc. | Dismissed | |
| Comcast of California /Colorado LLC | Dismissed | |
| Comcast of California II LLC | Dismissed | |
| Comcast of Colorado /Pennsylvania/West Virginia LLC | Dismissed | |
| Comcast of Delmarva Inc. | Dismissed | |
| Comcast of Eastern Shore LLC | Dismissed | |
| Comcast of Florida /Illinois/Michigan Inc. | Dismissed | |
| Comcast of Garden State L.P. | Dismissed | |
| Comcast of Houston LLC | Dismissed | |
| Comcast of New Castle County LLC | Dismissed | |
| **GEICO Casualty Co.** | **Summary judgment motions pending** | |
| **GEICO Corporation** | **Summary judgment motions pending** | |
| **GEICO General Insurance Co.** | **Summary judgment motions pending** | |
| **GEICO Indemnity Co.** | **Summary judgment motions pending** | |
| **Government Employees Insurance Co.** | **Summary judgment motions pending** | |
| XM Equipment Leasing LLC | Dismissed | |
| XM Radio Inc. | Dismissed | |
| XM Satellite Radio Holdings Inc. | Dismissed | |
| XM Satellite Radio Inc. | Dismissed | |

## II.   DISMISSED CASES

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

In Re Katz Interactive Call Processing Litigation,
07-ML-1816-B RGK (FFMx)
07-ML-1816-C RGK (FFMx)

10.

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS

1    The following cases in this MDL have been completely dismissed.

2    **A.    GROUP B CASES**

3                 Katz v. Ahold U.S.A., Inc., et al.
                    MDL: CV 07-2101 RGK (FFMx)
4                        D Del: 06-cv-545
                    **ENTIRE CASE DISMISSED**
5

6

7

8

9

10

11

12

13

14

15

16

| Defendant | Defendant Status |
|---|---|
| Ahold U.S.A., Inc. | Dismissed |
| The Stop & Shop Supermarket Company LLC | Dismissed |
| Giant Food Stores, LLC | Dismissed |
| Giant Food LLC | Dismissed |
| Giant Food Inc. | Dismissed |
| Rite Aid Corporation | Dismissed |
| Rite Aid of Delaware, Inc. | Dismissed |
| Rite Aid HDQTRS. Corp. | Dismissed |
| The Jean Coutu Group (PJC) USA, Inc. | Dismissed |
| Eckerd Corporation | Dismissed |
| Brooks Pharmacy, Inc. | Dismissed |
| Maxi Drug, Inc. | Dismissed |
| Maxi Drug North, Inc. | Dismissed |
| Express Scripts, Inc. | Dismissed |

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW

**In Re Katz Interactive Call Processing Litigation,
07-ML-1816-B RGK (FFMx)
07-ML-1816-C RGK (FFMx)**

11.

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS

Katz v. Aetna, Inc., et al.
MDL: CV 07-02213 RGK (FFMx)
EDTX: 2:06-cv-00335-TJW
**ENTIRE CASE DISMISSED**

| Defendant | Defendant Status |
|---|---|
| Aetna RX Home Delivery, LLC | Dismissed |
| Aetna, Inc. | Dismissed |
| Anthem Prescription Management, LLC | Dismissed |
| Caremark RX, Inc. | Dismissed |
| Caremark, Inc., d/b/a Caremark Prescription Services | Dismissed |
| Healthy Options, Inc., d/b/a Postal Prescription Services | Dismissed |
| Kroger Texas L.P. | Dismissed |
| Kroger Co., The | Dismissed |
| Petmed Express, Inc., d/b/a 1-800-Petmeds | Dismissed |
| Precision RX, Inc. | Dismissed |
| Professional Claim Services, Inc., d/b/a Wellpoint Pharmacy Management, Inc. | Dismissed |
| Randall's Food & Drugs LP | Dismissed |
| Randall's Food Markets, Inc. | Dismissed |
| Safeway, Inc. | Dismissed |
| Wellpoint, Inc. | Dismissed |

Katz v. Alltel Corporation, et al.
MDL: CV 07-02269 RGK (FFMx)
EDTX: 9:06-cv-00177-RHC
**ENTIRE CASE DISMISSED**

| Defendant | Defendant Status |
|---|---|
| Alltel Communications of Texarkana, Inc. | Dismissed |
| Alltel Communications Wireless, Inc. | Dismissed |
| Alltel Corporation | Dismissed |

Katz v. American Electric Power, Inc., et al.
MDL: CV 07-2257 RGK (FFMx)
EDTX: 5:06-cv-00188-DF-CMC
**ENTIRE CASE DISMISSED**

| Defendant | Defendant Status |
|---|---|
| American Electric Power Company, Inc. | Dismissed |
| Southwestern Electric Power Company | Dismissed |
| CenterPoint Energy Houston Electric LLC | Dismissed |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

In Re Katz Interactive Call Processing Litigation,
07-ML-1816-B RGK (FFMx)
07-ML-1816-C RGK (FFMx)

12.

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS

| | |
|---|---|
| CenterPoint Energy Resources Corp. | Dismissed |
| CenterPoint Energy, Inc. | Dismissed |
| Target Bank | Dismissed |
| Target Corporation | Dismissed |
| Target National Bank | Dismissed |
| Whirlpool Corporation | Dismissed |

### Katz v. Chevron Corporation, et al.
### MDL: CV 07-2295-ABC-FFM
### EDTX: 9:06-cv-00178-RHC
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Chevron Corporation | Dismissed |
| Chevron Credit Bank, N.A. | Dismissed |
| Chevron Products Company | Dismissed |
| Chevron U.S.A., Inc. | Dismissed |

### Katz v. Citibank, N.A., et al.
### MDL: CV 07-2220 RGK (FFMx)
### EDTX: 5:05-cv-142-DF
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Citibank , N.A. | Dismissed |
| Citibank (South Dakota), N.A. | Dismissed |
| Citibank (West), F.S.B. | Dismissed |
| Citibank USA, N.A. | Dismissed |
| Citibank, F.S.B. | Dismissed |
| Citicorp Investment Services | Dismissed |
| Discover Bank | Dismissed |
| Discover Financial Services, Inc. | Dismissed |
| Sam's East, Inc. | Dismissed |
| Sam's West, Inc. | Dismissed |
| T-Mobile USA, Inc. | Dismissed |
| Wal-Mart Stores East, L.P. | Dismissed |
| Wal-Mart Stores Texas, L.P. | Dismissed |
| Wal-Mart Stores, Inc. | Dismissed |
| Wal-Mart.com, Inc. | Dismissed |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Katz v. Cullen Frost/Bankers, Inc., et al.
### MDL: CV 07-2328 RGK (FFMx)
### EDTX: 9:06-cv-00196-RHC
## ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Cullen/Frost Bankers, Inc. | Dismissed |
| The Frost National Bank, N.A. | Dismissed |

## Katz v. Discover Financial Services, et al.
### MDL: CV 07-2250 RGK (FFMx)
### EDTX: 5:06-cv-00182-DF
## ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Discover Bank | Dismissed |
| Discover Financial Services, Inc. | Dismissed |
| Sam's East, Inc. | Dismissed |
| Sam's West, Inc. | Dismissed |
| T-Mobile USA, Inc. | Dismissed |
| Wal-Mart Stores East, L.P. | Dismissed |
| Wal-Mart Stores Texas, L.P. | Dismissed |
| Wal-Mart Stores, Inc. | Dismissed |
| Wal-Mart.com, Inc. | Dismissed |

## Katz v. Ford Motor Company, et al.
### MDL: CV 07-2327 RGK (FFMx)
### EDTX: 9:06-cv-00195-RHC
## ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Ford Motor Company | Dismissed |
| Ford Motor Credit Company | Dismissed |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Katz v. Genesys Conferencing, Inc. et al.
### MDL: CV 07-2254 RGK (FFMx)
### EDTX: 5:06-cv-00187-DF
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| American Teleconferencing Services, Ltd. | Dismissed |
| Genesys Conferencing, Inc. | Dismissed |
| Global Crossing Telecommunications, Inc. d/b/a Global Crossing Conferencing | Dismissed |
| Premiere Global Services, Inc. | Dismissed |

## Katz v. Humana, Inc.
### MDL: CV 07-2340 RGK (FFMx)
### EDTX: 9:06-cv-00199-RHC
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Humana Military Healthcare Services, Inc. | Dismissed |
| Humana, Inc. | Dismissed |

## Katz v. PNC Financial Services Group, Inc., et al.
### MDL: n/a
### EDTX: 9:06-cv-00200-RHC
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| PNC Bank, N.A. | Dismissed |
| PNC Financial Services Group, Inc. | Dismissed |

## Katz v. Regions Financial Corporation, et al.
### MDL: CV 07-2356 RGK (FFMx)
### EDTX: 9:06-cv-00201-RHC
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Regions Bank, N.A. | Dismissed |
| Regions Financial Corporation | Dismissed |

### Katz v. Reliant Energy, Inc., et al.,
### MDL: CV 07-2096 RGK (FFMx)
### D Del: 06-cv-543
### **ENTIRE CASE DISMISSED**

| Defendant | Defendant Status |
|---|---|
| Reliant Energy, Inc. | Dismissed |
| Reliant Energy Retail Services, LLC | Dismissed |
| Pepco Holdings, Inc. | Dismissed |
| PHI Service Company | Dismissed |
| Delmarva Power & Light Company | Dismissed |
| Duke Energy Corporation | Dismissed |
| Cinergy Corp. | Dismissed |
| Atlantic City Electric Company | Dismissed |
| Potomac Electric Power Company | Dismissed |

### Katz v. Safeco Corp., et al.
### MDL: CV 07-2358 RGK (FFMx)
### EDTX: 9:06-cv-00202-RHC
### **ENTIRE CASE DISMISSED**

| Defendant | Defendant Status |
|---|---|
| Safeco Corp. | Dismissed |
| Safeco Insurance Company of America | Dismissed |

### Katz v. TD Banknorth Inc., et al.,
### MDL: CV 07-2099 RGK (FFMx)
### D Del: 06-cv-544
### **ENTIRE CASE DISMISSED**

| Defendant | Defendant Status |
|---|---|
| TD Banknorth Inc. | Dismissed |
| Experian Information Solutions, Inc. | Dismissed |
| Comerica Incorporated | Dismissed |
| Comerica Bank & Trust, National Association | Dismissed |
| Comerica Securities, Inc. | Dismissed |
| Dillard's, Inc. | Dismissed |
| Dillard Investment Co., Inc. | Dismissed |
| Ceridian Corporation | Dismissed |
| Comdata Corporation | Dismissed |
| LaSalle Bank Corporation | Dismissed |
| LaSalle Bank, N.A. | Dismissed |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

In Re Katz Interactive Call Processing Litigation,
07-ML-1816-B RGK (FFMx)
07-ML-1816-C RGK (FFMx)

16.

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS

| | |
|---|---|
| LaSalle Financial Services, Inc. | Dismissed |
| ABN AMRO Mortgage Group, Inc. | Dismissed |

### Katz v. Qwest Services, et al.,
### MDL: CV 07-8142 RGK (FFMx)
### D Col: 1:07-CV-02354-LTB
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Qwest Services Corporation | Dismissed |
| Qwest Corporation | Dismissed |
| Qwest Information Technologies, Inc. | Dismissed |
| Qwest Business Resources, Inc. | Dismissed |

### Katz v. Tracfone Wireless, Inc.
### MDL: CV 07-2326 RGK (FFMx)
### EDTX: 9:06-cv-00194-RHC
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Tracfone Wireless, Inc. | Dismissed |

### CVS Corporation v. Katz
### MDL: CV 07-3002 RGK (FFMx)
### DDE: 06-cv-775
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| CVS Corporation | Dismissed |

## B.    GROUP C CASES

### Katz v. Bank of the West, et al.
### MDL: CV 07-4923 RGK (FFMx)
### ND Cal: 3:07-cv-3004-MJJ
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Bank of the West | Dismissed |
| Pacificorp | Dismissed |
| Kaiser Foundation Health Plan, Inc. | Dismissed |
| Kaiser Foundation Hospitals, Inc. | Dismissed |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

**In Re Katz Interactive Call Processing Litigation,
07-ML-1816-B RGK (FFMx)
07-ML-1816-C RGK (FFMx)**

17.

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS

| | |
|---|---|
| Permanente Co., LLC | Dismissed |
| Permanente Federation, LLC | Dismissed |
| Permanente Medical Group, Inc. | Dismissed |

### Katz v. BMG Columbia House, Inc., et al.
### MDL: CV 07-4967 RGK (FFMx)
### EDTX: 2:07-cv-237-TJW
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Direct Group North American, Inc. f/k/a BMG Columbia House, Inc. | Dismissed |
| Costco Wholesale Corp. | Dismissed |
| Kohl's Corp. | Dismissed |

### Katz v. Cincinnati Bell, Inc., et al.
### MDL: CV 07-4961 RGK (FFMx)
### ND Ohio: 1:07-cv-1706-SO
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Cincinnati Bell Wireless LLC | Dismissed |
| Cincinnati Bell, Inc. | Dismissed |
| Cincinnati Bell Any Distance, Inc. | Dismissed |
| Cincinnati Bell Extended Territories LLC | Dismissed |
| Cincinnati Bell Entertainment, Inc. | Dismissed |
| Cincinnati Bell Telephone Company, LLC | Dismissed |
| BRCOM, Inc. | Dismissed |
| IXC Internet Services, Inc. | Dismissed |
| FirstMerit Bank, N.A. | Dismissed |
| FirstMerit Corp. | Dismissed |
| FirstMerit Mortgage Corp. | Dismissed |

### Katz v. Citizens Communications, et al.
### MDL: CV 07-5061 RGK (FFMx)
### D Del: 1:07-cv-368-GMS
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Citizens Communications | Dismissed |
| Cricket Communications Inc. | Dismissed |
| Frontier Communications of America, Inc. | Dismissed |
| Frontier Subsidiary Telco, LLC | Dismissed |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

**In Re Katz Interactive Call Processing Litigation,**
**07-ML-1816-B RGK (FFMx)**
**07-ML-1816-C RGK (FFMx)**

18.

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS

| Leap Wireless International, Inc. | Dismissed |
|---|---|

### Katz v. CMS Energy Corporation, et al.
### MDL: CV 07-4954 RGK (FFMx)
### ED Mich: 2:07-cv-12459
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| CMS Energy Corporation | Dismissed |
| Consumers Energy Company | Dismissed |
| Detroit Edison Company | Dismissed |
| DTE Energy Company | Dismissed |
| Michigan Consolidated Gas Company | Dismissed |

### Katz v. Colonial Bank, N.A., et al.
### MDL: CV 07-4968 RGK (FFMx)
### EDTX: 6:07-cv-260-LED
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Colonial Bank, N.A. | Dismissed |
| Compass Bank | Dismissed |
| Morgan Stanley & Co., Inc. | Dismissed |
| Morgan Stanley Credit Corp. | Dismissed |
| Echostar Satellite LLC | Now in member case no. 07-6222.  Case pending post-summary judgment. |
| Echostar Communications Corp. | Now in member case no. 07-6222 and Dismissed |

### Katz v. Dominion Resources, et al.
### MDL: CV 07-6237 RGK (FFMx)
### ED Va: 2:07-cv-00263 HCM
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Dominion Resources Inc. | Dismissed |
| East Ohio Gas Co. | Dismissed |
| Hope Gas Inc. | Dismissed |
| Peoples Natural Gas Co. | Dismissed |

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW

**In Re Katz Interactive Call Processing Litigation,
07-ML-1816-B RGK (FFMx)
07-ML-1816-C RGK (FFMx)**

19.

JOINT STATUS REPORT LISTING THE PENDING AND DISMISSED CASES AND DEFENDANTS

| Virginia Electric & Power Co. | Dismissed |
|---|---|

### Katz v. Exelon Corp., et al.
### MDL: CV 07-4932 RGK (FFMx)
### ND Ill: 1:07-cv-3235
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Exelon Corp. | Dismissed |
| Commonwealth Edison Co. | Dismissed |
| PECO Energy Co. | Dismissed |
| Shopko Stores Operating Co., LLC | Dismissed |

### Katz v. First Hawaiian Bank
### MDL: CV 07-4927 RGK (FFMx)
### D Hi: 1:07-cv-314-SPK-KSC
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| First Hawaiian Bank | Dismissed |

### Katz v. United Airlines, et al.
### MDL: CV 07-6238 RGK (FFMx)
### EDTX: 2:07-cv-00317
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| United Airlines Corp. | Dismissed |
| United Airlines, Inc. | Dismissed |
| UAL Loyalty Services, LLC | Dismissed |
| Mileage Plus, Inc. | Dismissed |
| Mileage Plus Holdings, Inc. | Dismissed |
| Mileage Plus Marketing, Inc. | Dismissed |

### Katz v. TXU Corp., et al.,
### MDL: CV 07-4966 RGK (FFMx)
### EDTX: 2:07-cv-233
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| TXU Corp. | Dismissed |
| Oncor Electric Delivery Company (f/k/a TXU Electric Delivery Company) | Dismissed |
| TXU Energy Holdings Company | Dismissed |
| TXU Energy Company LLC | Dismissed |

| TXU Energy Retail Management Company LLC, | Dismissed |
|---|---|
| TXU Energy Retail Company LP | Dismissed |
| Capgemini Energy LP | Dismissed |

### Katz v. PPL Corporation, et al.,
### MDL: CV 07-4963 RGK (FFMx)
### EDPA: 2:07-cv-02313
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| PPL Corporation | Dismissed |
| PPL Electric Utilities Corporation | Dismissed |
| PPL Gas Utilities Corporation | Dismissed |
| PPL Solutions, LLC | Dismissed |

### Katz v. OGE Energy Corporation, et al.,
### MDL: CV 07-4962 RGK (FFMx)
### WDOK: 5:07-cv-00650
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| OGE Energy Corp. | Dismissed |
| Oklahoma Gas and Electric Company | Dismissed |

### Katz v. New York Life Insurance Company, et al.,
### MDL: CV 07-4959 RGK (FFMx).,
### SDNY: 07-cv-5442
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| New York Life Insurance Company | Dismissed |
| New York Life Insurance and Annuity Corporation | Dismissed |
| NYLIFE Insurance Company of Arizona | Dismissed |
| NYLIFE Securities LLC | Dismissed |
| M&T Bank Corporation | Dismissed |
| Manufacturers and Traders Trust Company | Dismissed |
| M&T Bank, N.A. | Dismissed |
| The Hartford Financial Services Group, Inc. | Dismissed |
| Hartford Life, Inc. | Dismissed |
| Hartford Life and Accident Insurance Company | Dismissed |
| Hartford Life Insurance Company | Dismissed |
| Hartford Fire Insurance Company | Dismissed |
| Hartford Casualty Insurance Company | Dismissed |
| Hartford Accident and Indemnity Company | Dismissed |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

**In Re Katz Interactive Call Processing Litigation,**
**07-ML-1816-B RGK (FFMx)**
**07-ML-1816-C RGK (FFMx)**

21.

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS

| Hartford Underwriters Insurance Company | Dismissed |
|---|---|
| Hartford Insurance Company of Illinois | Dismissed |
| The Hartford Mutual Funds, Inc. | Dismissed |

### Katz v. Progress Energy Inc., et al.,
### MDL: CV 07-4956 RGK (FFMx)
### EDNC: 5:07-cv-00202
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Progress Energy Inc. | Dismissed |
| Carolina Power & Light d/b/a Progress Energy Carolinas, Inc. | Dismissed |
| Progress Energy Service Company, LLC | Dismissed |
| Florida Power Corporation d/b/a Progress Energy Florida, Inc. | Dismissed |
| RBC Centura Banks, Inc. | Dismissed |
| RBC Centura Bank | Dismissed |

### Katz v. Old National Bancorp, Inc., et al.,
### MDL: CV 07-4933 RGK (FFMx)
### SDIN: 1:07-cv-0071
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Old National Bancorp, Inc. | Dismissed |
| Old National Bank | Dismissed |

### Katz v. The Southern Company, et al.,
### MDL: CV 07-4924 RGK (FFMx)
### NDGA: 07-cv-1325
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| The Southern Company | Dismissed |
| Southern Company Services, Inc. | Dismissed |
| Southern Communications Services d/b/a SouthernLINC Wireless | Dismissed |
| Georgia Power Company | Dismissed |

### Katz v. Sierra Pacific Resources, et al.
### MDL: CV 2:07-4957 RGK (FFMx)
### DNV: 2:07-cv-00737
### ENTIRE CASE DISMISSED

| Defendant | Defendant Status |
|---|---|
| Sierra Pacific Resources | Dismissed |

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

In Re Katz Interactive Call Processing Litigation,
07-ML-1816-B RGK (FFMx)
07-ML-1816-C RGK (FFMx)

22.

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS

| Sierra Pacific Power Company | Dismissed |
|---|---|
| Nevada Power Company | Dismissed |

Dated:    July   , 2011                    Respectfully submitted,


/s/ *Jonathan G. Graves*

Jonathan G. Graves (pro hac vice)

COOLEY GODWARD KRONISH)
JONATHAN G. GRAVES (pro hac vice)
(jgraves@cooley.com)
Reston Town Center
11951 Freedom Drive
Reston, VA  20190-5656
Telephone:  (703) 456-8000
Facsimile:  (703) 456-8100

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW

**In Re Katz Interactive Call Processing Litigation,**
**07-ML-1816-B RGK (FFMx)**
**07-ML-1816-C RGK (FFMx)**

23.

JOINT STATUS REPORT LISTING THE PENDING AND
DISMISSED CASES AND DEFENDANTS