# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 07-ML-01816-RGK (FFMx) | Date | September 7, 2011 |
|---|---|---|---|
| Title | IN RE KATZ INTERACTIVE CALL PROCESSING PATENT LITIGATION | | |

Relates to ALL GROUP B ACTIONS: 07-CV-2134-RGK (FFMx), 07-CV-2192-RGK (FFMx),07-CV-2196-RGK (FFMx), 07-CV- 2299-RGK (FFMx), 07-CV-2322 -RGK (FFMx),07-CV-2325-RGK (FFMx), 07-CV-2160-RGK (FFMx) and
ALL GROUP C ACTIONS  07-CV-4955, 07-CV-4958-RGK (FFMx),07-CV-4960-RGK (FFMx), 07-CV-4964-RGK (FFMx), 07-CV-4965-RGK (FFMx), 07-CV-6222-RGK (FFMx)

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| R. Neal for Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Lead Attorneys Present for Plaintiffs: | Lead Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**     **(In Chambers)** Case Management Order (DE 7414, 7415)

    1.  In view of the Federal Circuit recent opinion, Katz has indicated that it wishes to add or substitute additional claims against some of the remaining defendants.  This Court has previously given Katz the opportunity to add claims, but Katz chose not to do so.  It is now too late for Katz to add or substitute claims.  Discovery has closed long ago.  Moreover, the Federal Circuit Opinion specifically affirmed this court's rulings preventing Katz from litigating new claims after this court's summary judgment decisions.  There is no reason why the Federal Circuit's decision should be treated any differently. Katz cannot have a claim selection "do over" simply because some of its arguments it has been advancing went better than expected on appeal and others did not. Accordingly, all the briefing discussed below shall only address claims currently asserted against the remaining defendants.

    2. The Court hereby orders that the parties brief the court on claim construction issues identified in the Federal Circuit opinion.

    A. No later than 7 days after the date this order is entered, the parties shall meet and confer to identify the claim terms to be construed and the claims in which those terms appear.

    B. No later than 14 days after the date this order is entered, the parties shall exchange proposed claim constructions (if any) and supporting evidence. The parties shall meet and confer regarding their proposed claim constructions within 7 days after exchange of proposed claim constructions.

    C. No later than 14 days after exchange of proposed claim constructions, Katz shall file an opening Supplemental Claim Construction Brief of up to 30 pages in the main MDL case;

    D. No later than 21 days after service of Katz's opening brief, any Group B or Group C defendants that wish to address the issues may jointly file a Response of up to 30 pages.

    E.  No later than 7 days after service of Defendants' brief, Katz may file a Reply of up to 15 pages.

3. The Federal Circuit reversed one of this Court's non-infringement rulings in the American Airlines case.  However, the opinion noted that this Court explicitly did not consider American Airlines's assertion that Katz's infringement theory regarding the SABRE database was brought too late. Accordingly, the Federal Circuit suggested that this Court could consider that argument on remand. This Court will permit American Airlines to file such a motion on the following schedule.

    A.  No later than 14 days after the date this Order is entered American Airlines may files an opening brief in the American Airlines case. The brief shall be no longer than 15 pages;

    B. No later than 14 days after service of American Airlines' opening brief, Katz may  file a response. The response shall be no longer than 15 pages; and

    C.  No later than 7 days after service of Katz's response, American Airlines may file a reply brief.  The reply brief shall be no longer than 10 pages.

4.  In reversing part of this Court's invalidity ruling, the Federal Circuit found that specific claims from the asserted patents were not invalid under 35 U.S.C. § 112.  To the extent that the Federal Circuit decision impacts the validity of any other claims asserted against the remaining defendants, Katz may file a motion for reconsideration of this Court's previous decisions.

    A. No later than 14 days after the date this order is entered, Katz may file a motion to reconsider this Court's prior invalidity findings.  The motion will be limited to claims that are directly affected by the Federal Circuit's validity analysis under § 112, and that are currently asserted against the remaining defendants.

    B.  No later than 14 days after the date of Katz's opening brief, any Group B or Group C defendants that wish to address the issues may jointly file a response.

    C.  No later than 7 days after service of the defendants' response, Katz may file a reply brief.

5. Defendants did not have an opportunity to file individual summary judgment motions on those claims that the Federal Circuit has revived.  In addition, this Court did not consider some common summary judgment issues with respect to these claims because the issues appeared to be moot.  The defendants now seek permission to address these issues. Moreover, to the extent that the Court reconsiders any claims pursuant to ¶ 4 of this order, the defendants seek the same opportunity.

    A. No later than 21  days after the date this Court's ruling on Katz's motion for reconsideration (pursuant to ¶ 4 of this order) is entered, any defendant may file an individual motion for summary judgment. In addition, the defendants may jointly file a common motion for summary judgment on validity issues that were previously raised but not ruled upon by reason of mootness.  Such motions will be limited to claims revived by the Federal Circuit or this Court. If Katz does not file motion for reconsideration, defendants' motions will be filed no later than 30 days after the date this order is entered.

    B.  No later than 21 days after the defendants' motion for summary judgment, Katz shall file its response.

    C.  No later than 7 days after Katz's response, the defendants will file any reply briefs.

6. In view of both this Court's rulings on various damages issues and the Federal Circuit decision in the *Uniloc* case, Katz proposes that the parties exchange supplemental damages expert reports.  This Court sees no need for additional expert discovery.  Katz bears the risk of failing to identify alternative damages theories.

7. Given that the Federal Circuit affirmed all of this Court's prior art based invalidity rulings, EchoStar and Teligence ask the Court to permit another round of prior art summary judgment motions. This Court has already given the defendants ample opportunity to raise prior art based summary judgment motions. Accordingly, this Court will not schedule another round of such motions.

**IT IS SO ORDERED**.

|  | : |  |
|---|---|---|
| Initials of Preparer | slw |  |