1  WILLIAM H. BOICE
   bboice@kilpatricktownsend.com
2  Vaibhav P. Kadaba
   wkadaba@kilpatricktownsend.com
3  Taylor H. Ludlam
   taludlam@kilpatricktownsend.com
4  KILPATRICK TOWNSEND & STOCKTON LLP
   1100 Peachtree Street, NE, Suite 2800
5  Atlanta, GA  30309-4530
   Telephone:  404.815.6500
6  Facsimile:  404.815.6555

7  Tonya R. Deem
   tdeem@kilpatricktownsend.com
8  Matias Ferrario
   mferrario@kilpatricktownsend.com
9  KILPATRICK TOWNSEND & STOCKTON LLP
   1001 West Fourth Street
10 Winston-Salem, NC  27101-2400
   Telephone:  336.607.7300
11 Facsimile:  336.607.7500

12 Attorneys for Defendants Cox Communications, Inc., CoxCom, Inc. and EarthLink, Inc.

13 Attorneys for Additional Defendants Listed on Last Page

14

15          IN THE UNITED STATES DISTRICT COURT

16          FOR THE CENTRAL DISTRICT OF CALIFORNIA

17          WESTERN DIVISION AT LOS ANGELES

| | |
|---|---|
| IN RE: KATZ INTERACTIVE CALL PROCESSING PATENT LITIGATION | Case No. 07-ML-01816-B-RGK (FFMx) |
| | Case No. 07-CV-02299 RGK (FFMx) |
| This document relates to: | Case No. 07-CV-02325 RGK (FFMx) |
| | Case No. 07-CV-02134 RGK (FFMx) |
| Ronald A. Katz Technology Licensing L.P. v. Cox Communications, Inc. and CoxCom, Inc. | Case No. 07-CV-02322 RGK (FFMx) |
| Ronald A. Katz Technology Licensing L.P. v. EarthLink, Inc. | **THE DIRECTV, COX, EARTHLINK, AND CHARTER DEFENDANTS' RESPONSE TO KATZ'S MOTION FOR RECONSIDERATION** |
| Ronald A. Katz Technology Licensing L.P. v. Time Warner Cable, Inc, et al. | **The Honorable R. Gary Klausner** |
| Ronald A. Katz Technology Licensing L.P. v. The DIRECTV Group, Inc., et al. | |

18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

I.     INTRODUCTION ...................................................................................................1

II.    BACKGROUND AND PROCEDURAL HISTORY ........................................3

    A.    This Court Previously Invalidated Claims From the Dual Call Mode Patents and Format Qualification Patents....................................3

    B.    On Appeal, the Federal Circuit Overturned Portions of This Court's § 112 Ruling Relating Only to the Specific Claims. .................3

III.    LEGAL STANDARD ........................................................................................4

IV.    ARGUMENT .....................................................................................................5

    A.    The Court Should Deny Katz's Attempt to Revive Claims '223:1, 58 and 86. .................................................................................5

        1.    Claim '223:58 and 86 Remain Invalid Because the Specification Does Not Disclose Multiple Formats in a Single Mode....................................................................................5

        2.    Claims '223:1, 58, and 86 Remain Invalid Because they Separately Claim "Call Mode" and either "Interface Format" or "Operating Process Format." .....................................9

        3.    Katz Has Not Met its Burden for Reconsideration of Claims '223:1 and '223:86. .......................................................11

    B.    The Federal Circuit's Decision Does Not Impact the Invalidity of Claim '309:42.......................................................................12

V.    CONCLUSION ................................................................................................13

1

# TABLE OF AUTHORITIES

## Cases

*Becton, Dickinson and Co. v. Tyco Healthcare Group, LP,* 616 F.3d 1249 (Fed. Cir. 2010) ...............................................................................10

*CAE Screenplates Inc. v. Heinrich Fiedler GMBH & Co. KG ,* 224 F. 3d 1308 (Fed. Cir. 2000) ................................................................10, 11

*Engel Indus., Inc. v. Lockformer Co.*, 96 F.3d 1398 (Fed. Cir. 1996) ......................10

*In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303 (Fed. Cir. 2011) ...........................................................................passim

*Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005 ...........................................11

*WMS Gaming Inc. v. Int'l Game Tech.*, 184 F.3d 1339 (Fed. Cir. 1999) .................11

## Federal Cases

C.D. Cal. L.R. 7-18 .....................................................................................................5

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.   INTRODUCTION

Defendants DIRECTV, Cox, EarthLink and Charter[1] oppose plaintiff Ronald A. Katz Technology Licensing, L.P.'s ("Katz") motion for reconsideration of the Court's prior Section 112 invalidity rulings because Katz has failed to meet its burden to show the existence of new material facts or a change in law that would require overturning this Court's previous invalidity rulings relating to the claims Katz seeks to revive.

Katz's motion is based on the notion that the Federal Circuit's February 18, 2011 opinion regarding the appeal of certain MDL Group B cases addressed claims that the Federal Circuit did not review on appeal.  However, the Federal Circuit's opinion has no bearing on the specific claims Katz seeks to revive because, unlike the claims on appeal, the claims here (1) are single call mode claims, (2) recite "interface format" and not "operating process format," (3)  claim "call mode" distinctly from those terms, or (4) recite different "processing" functions than the functions considered by the Federal Circuit.

In particular, in this Court's prior § 112 orders, this Court found certain claims in U.S. Patent No. 6,424,223 (the "'223 patent") were invalid because Katz failed to describe a system that contained more than one "format."  Order Granting in Part and Denying in Part Defendants' Joint Summary Judgment of Invalidity Under Section 112 (Jun. 19, 2008) [DI #2330] at 5-10.  In vacating a separate ruling

---

[1] As used herein, (1) "DIRECTV" refers to defendants The DIRECTV Group, Inc.; DIRECTV, Inc.; DIRECTV Holdings, LLC; DIRECTV Enterprises, LLC; and DIRECTV Customer Services, Inc , (2) "Cox" refers to defendants Cox Communications, Inc. and CoxCom, Inc., (3) "EarthLink" refers to defendant EarthLink, Inc., and (4) "Charter" refers to Charter Communications, Inc., Charter Communications Holding Company, LLC, Charter Communications Operating, LLC, Charter Communications Entertainment I, LLC.  The defendants listed above are collectively referred to herein as "Defendants."

1  of this Court's § 112 summary judgment order, the Federal Circuit found that U.S.

2  Patent No. 5,974,120 (the "'120 patent") disclosed multiple formats in the form of

3  different call modes, *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d

4  1303, 1320-21 (Fed. Cir. 2011), and further required this Court to consider whether

5  the term "operating process format" (as used in claim 34 of the '120 patent) had a

6  narrower meaning than the term "format." *Id.* The Federal Circuit's opinion,

7  however, has no relevance to claims 58 and 86 of the '223 patent because these

8  claims only recite a single toll-free call mode within which multiple particular

9  formats (i.e., either "operating process formats" or "interface formats") must be

10 present, and the Federal Circuit expressly found that Katz failed to point to any

11 description in the specification supporting such "formats." *Id.* at 1320. Moreover,

12 the Federal Circuit's directive to construe the term "operating process format"

13 similarly does not impact claims '223:1 and 86 because (i) those claims do not

14 contain that term, instead using the terms "select interface format" and "interface

15 format" and (ii) claims '223:1, 58, and 86 use the term "call mode" separate and

16 apart from either "interface format" or "operating process format," respectively.

17      In addition, Katz moves for reconsideration of this Court's prior ruling that

18 claim 42 of U.S. Patent No. 5,255,309 ("'309 patent"), which recited "analysis

19 structure," was indefinite because Katz failed to disclose an algorithm as

20 corresponding structure for performing the recited functions. Katz's Motion for

21 Reconsideration of Track B Section 112 Invalidity Rulings in View of Federal

22 Circuit Opinion (Sep. 21, 2011) [DI #7449] ("Mot.") at 5-8. The Federal Circuit's

23 opinion remanded for construction certain functional claim terms in other patents to

24 determine whether the recited function must be implemented by a special purpose

25 computer, which would require Katz to have disclosed a corresponding algorithm in

26 the patent specification. *Katz*, 639 F.3d at 1317. The Federal Circuit's opinion,

27 however, does not impact claim '309:42 for at least the reason that the functional

28

1  limitations in the claims addressed by the Federal Circuit are different than the

2  relevant functional limitation found in '309:42, the claim Katz seeks to revive here.

3    Accordingly, Katz's motion for reconsideration should be denied in its

4  entirety.

5  **II.    BACKGROUND AND PROCEDURAL HISTORY**

6    **A.    This Court Previously Invalidated Claims From the Dual Call**
7    **Mode Patents and Format Qualification Patents.**

8    On June 19, 2008, this Court found claims '223:58 and 86 invalid for lack of

9  written description on the grounds that the specification fails to describe a system

10  that allows callers to access different formats.  DI #2330 at 5-10.  This Court

11  separately granted defendants' motion for summary judgment on claims '223:1, 58,

12  and 86 along with claim '120:34, the claim addressed in the Federal Circuit's

13  Opinion, finding that the specification failed to describe the use of DNIS to select or

14  identify one format from a plurality of formats.  (Declaration of Lowell D. Mead

15  ("Mead Decl.") Exs. D-E) [DI #7449-1].

16    This Court also invalidated claim '309:42 in its Order granting in part Cox's

17  individual summary judgment motion because it had previously invalidated '309:41,

18  from which '309:42 depends, for failure to describe an algorithm in the specification

19  that performs the recited processing function.  In its invalidity ruling addressing

20  multiple claims with different functional limitations, the Court examined each

21  functional claim element separately to construe the specific function claimed, and

22  then determined for that particular claim element whether the limitation lacked

23  support in the specification.  (Mead Decl., Ex. A) [DI #7449-1].

24    **B.    On Appeal, the Federal Circuit Overturned Portions of This**
25    **Court's § 112 Ruling Relating Only to the Specific Claims.**

26    On appeal, the Federal Circuit reviewed this Court's ruling of lack of written

27  description relating to the Dual Call Mode patents only with regard to claim 34 of

28  the '120 patent.  In its review of this Court's decision, the Federal Circuit agreed

1   with Katz that the specification of the '120 patent (1) described identifying a single

2   "format" from among multiple "formats" through its disclosure of 800 number calls,

3   900 number calls, and area code calls used to access the same game or contest

4   format, because, for example, the specification discusses asking different questions

5   to and gathering different information from 800 callers, as opposed to 900 callers;

6   (2) "[t]he different questions, however, are relevant only to qualifying the 800 caller

7   for participation in the contest"; and (3) "Katz did not point to anything in the

8   specification that describes presenting 800 callers with a different version of the

9   game or contest." *Katz*, 639 F.3d at 1320.  The Federal Circuit thus vacated this

10  Court's ruling that '120:34 is invalid for lack of written description and remanded

11  for construction of the term "operating process format."  *Id.* at 1321.  But the

12  Federal Circuit did not address Katz's arguments regarding claims '223:1, 58, and

13  86 because those claims were not at issue on appeal.  *Id.* at 1328.

14      Similarly, the Federal Circuit vacated invalidity rulings by this Court with

15  respect to seven claims because the parties had not briefed the term "'processing' as

16  used in [those] claims."  *Id*. at 1317.  These seven claims did not include claim 42 of

17  the '309 patent.

18  **III.   LEGAL STANDARD**

19      Local Rule 7-18 provides that a motion for reconsideration may be made only

20  on the following grounds:

21          (a) a material difference in fact or law from that presented to the

22          Court before such decision that in the exercise of reasonable

23          diligence could not have been known to the party moving for

24          reconsideration at the time of such decision, or (b) the

25          emergence of new material facts or a change of law occurring

26          after the time of such decision, or (c) a manifest showing of a

27          failure to consider material facts presented to the Court before

28          such decision. . . .

C.D. Cal. L.R. 7-18.

## IV.   ARGUMENT

### A.   The Court Should Deny Katz's Attempt to Revive Claims '223:1, 58 and 86.

Katz bases its motion for reconsideration on the purported existence of new materials facts or a change in the law.  Mot. at 4.  However, neither the facts nor the law have changed.  The Federal Circuit simply found that different call modes disclosed in the '120 patent specification, and thus also the identical '223 specification, represent different formats.  That decision has no bearing on claims '223:58 and '223:86, which describe a system and process explicitly limited to a single call mode and requiring multiple particular formats.   Further, the Federal Circuit's discussion with respect to 120:34, which claims "operating process formats," does not apply to '223:1 and '223:86, which claim "interface formats" that cannot include different call mode "formats," and also does not apply to '223:1, 58, and 86 because all of those claims use the term "call mode" distinctly from either "operating process format" or "interface format."   Accordingly, Katz has failed to meet its burden in seeking reconsideration of this Court's invalidity ruling as to claims '223:1, 58, and 86.

#### 1.   Claim '223:58 and 86 Remain Invalid Because the Specification Does Not Disclose Multiple Formats in a Single Mode.

Katz asks this Court to vacate its prior ruling that claims '223:58 and 86 are invalid for lack of written description because the Federal Circuit purportedly vacated the Court's ruling that claim '120:34 is invalid on the same basis, even though those claims were not at issue on appeal.  Mot. at 8-10.

In the portion of the opinion cited by Katz, the Federal Circuit vacated this Court's ruling that '120:34 is invalid for lack of written description and remanded for construction of the term "operating process format."  *Katz*, 639 F.3d at 1321.  As set forth above, the Federal Circuit held: (1) "the different call modes disclosed by

1  the specification [*e.g.*, 800 numbers, 900 numbers, area code calls] identify different

2  formats" because, *e.g.*, the specification discusses asking different questions to and

3  gathering different information from 800 callers, as opposed to 900 callers, (2)

4  "[t]he different questions, however, are relevant only to qualifying the 800 caller for

5  participation in the contest," (3) "Katz did not point to anything in the specification

6  that describes presenting 800 callers with a different version of the game or contest,"

7  and (4) this Court must construe "operating process format" to determine whether

8  that term, in the context of '120:34, should be construed differently than format. *Id*.

9  at 1320.

10      Reconsideration should be denied because nothing in the Federal Circuit's

11  opinion disturbs this Court's prior determination that '223:58 and 86 require

12  multiple formats within a single mode (here, the 800 call mode) and that the

13  specification lacks such a description.  It is indisputable that '223:58  and 86

14  describe a system requiring multiple formats within the 800 call mode.  For

15  example, the base claim for '223:58, claim 51, claims "[a] telephone call processing

16  system for receiving calls through a telephonic communication facility from a

17  multitude of terminals in a *toll free call mode* for processing data *in accordance with*

18  *distinct operating process formats . . . .*"  (Mead Decl., Ex. D at 15:36-38) (emphasis

19  added); 15:43-47 ("first response unit for receiving calls *in the toll free call mode*

20  wherein the called number identification signals (DNIS) indicative of at least one of

21  a plurality of distinct called numbers identifies *one of the operating process*

22  *formats*") (emphasis added); 15:58-62 ("second response unit means for receiving

23  calls *in the toll free call mode* wherein called number identification signals (DNIS)

24  indicative of one other of the plurality of distinct called numbers identifies *a*

25  *different one of the operating process formats.*") (emphasis added); *see also* Mot. at

26  8 ('223:58 requires multiple formats).

27      Claim '223:86 similarly requires multiple formats within the 800 call mode.

28  Base claim 80, from which claim 86 depends, recites:

1   "A process for receiving calls through a communication facility

2   from a multitude of terminals *in an 800 call mode* for processing data

3   *in accordance with an identified one of a plurality of interface formats*

4   …, the process comprising the steps of:

5   receiving calls *in the 800 call mode* wherein digital signals

6   indicative of at least a first called number (DNIS) identify a *first*

7   *interface format*;

8   receiving calls *in the 800 call mode* wherein digital signals

9   indicative of a second distinct called number (DNIS) identify a *second*

10   *interface format*; …

11   (Mead Decl., Ex. D at 17:42-54) (emphasis added).

12   Whether 800 calls and 900 calls identify separate formats, as the Federal

13   Circuit stated, is therefore irrelevant to this Court's prior holding that '223:58 and

14   86 are invalid.  Nothing in the specification describes multiple formats within a

15   single mode.  As the Federal Circuit held, Katz did not—and indeed, cannot—point

16   to anything in the specification that describes multiple formats *within* a single mode.

17   639 F.3d 1320.

18   Katz's motion relies on its assertion that this Court held '223:58 and 86

19   invalid "based solely on the finding that the Dual Call Mode specification does not

20   disclose multiple formats and therefore also does not disclose the use of DNIS to

21   select or identify a format." Mot. at 10.  That is a misstatement of this Court's

22   previous ruling.  This Court held that '223:58 and 86 were invalid on two

23   *independent* grounds: (a) the specification does not disclose multiple formats (DI

24   #2330 at 5-10); and (b) the specification therefore does not disclose the use of DNIS

25   to select or identify a format (*id.* at 12).  The first ruling was *only* directed to the

26   '223 patent, *not* to the '120 patent.  DI #2330 at 5-10.  Accordingly, the Federal

27   Circuit's ruling that the specification describes using modes to identify different

28   formats in connection with the '120 patent does not disturb this Court's

US2000 12267924.1

-7-   Case No. 07-ML-01816-B-RGK (FFMx)

RESPONSE TO KATZ'S MOTION FOR RECONSIDERATION

1  determination that the specification does not disclose multiple formats within a

2  single mode as required in the '223 patent.  Nothing in the Federal Circuit's opinion

3  vacates this Court's ruling with respect to '223:58 and 86 that "the specification

4  must also describe one system that allows callers to access different formats,"

5  because the claims are limited to a single toll free call mode and the specification

6  fails to describe multiple formats within that mode.  DI #2330 at 9.

7        This is true regardless of how the Court construes "operating process format,"

8  which is claimed in '223:58.  Even if this Court adopts Katz's proposal that it be

9  construed the same as this Court previously construed the isolated term "format"

10  (which Defendants dispute), '223:58 is still invalid.[2]  Although defendants disagree

11  with Katz's proposed construction, at best it results in the 800 call mode identifying

12  a single operating process format and the 900 call mode identifying a separate

13  operating process format.  Given that '223:58, unlike '120:34, on its face requires

14  multiple operating process formats within the 800 call mode, Katz's proposal that

15  "operating process format" be construed the same as "format" is of no consequence

16  because '223:58 requires "*distinct* operating process *formats*" within the toll free

17  mode.  There is nothing in the specification that discloses multiple formats within a

18  single call mode, and the Federal Circuit's opinion does not change the law or create

19  a material dispute of fact with respect to that issue.

20

21

22        [2] Presumably, as Katz has done with "operating process format," Katz may

23  contend that "interface format," claimed in '223:86, means the same thing as
"format." But, this also does not matter for claim '223:86 because Katz's proposed

24  construction would at best identify the 800 call mode as a single interface format.

25  As the Federal Circuit's opinion has confirmed, there is nothing in the specification
that discloses multiple formats within a single call mode and there is nothing in the

26  specification that discloses presenting 800 callers with a different version of the

27  game or contest.  *Katz*, 639 F.3d at 1320-21.

28

2.     Claims '223:1, 58, and 86 Remain Invalid Because they
Separately Claim "Call Mode" and either "Interface Format" or
"Operating Process Format."

The Court need not revisit the invalidity of '231, 58, and 86 because the
Federal Circuit considered *only* the text of '120:34, narrowly ruling that "different
call modes disclosed by the specification identify different formats" and, as a result,
the specification *may* describe an "operating process format" as used within '120:34.
*Katz*, 639 F.3d at 1320-21 (emphasis added).  That reasoning, however, is
contradicted by the plain text of '223:1, 58, and 86 because, under any legitimate
interpretation, "interface format" and "operating process format" cannot include
different call mode "formats."

Each of claims '223:1, 58, and 86 separately recite "call mode" and either
"operating format" or "interface format" in the body of the claims themselves.  For
example, the text of '223:1 uses the term "select interface format" separate and apart
from the term "plurality of call modes," *i.e.* the only "formats" that the Federal
Circuit held were disclosed by the Dual Call Mode specification.  (Mead Decl., Ex.
D at 10:47-63); *see also Katz*, 639 F.3d at 1321 ("Katz did not point to anything in
the specification that describes presenting 800 callers with a different version of the
game or contest.").

Similarly, '223:58 recites "operating process formats" within the "toll free
call mode" and '223:86 recites "interface formats" within the 800 call mode.  (Mead
Decl., Ex. D at 15:36-61; 17:42-54).  Because the phrases "interface format,"
"operating process format," and "call mode[s]" are separately and distinctly used in
the same claims, they presumptively have different meaning (*e.g. compare id.* at
10:47-49 (claiming a "A telephone call processing system for receiving calls through a
telephone communication facility from a multitude of terminals for processing in a
select interface format") *with* 10:64-65 (claiming a "means for selectively receiving
calls from said multitude of terminals in a plurality of call modes")); *See Becton,*

1  *Dickinson and Co. v. Tyco Healthcare Group, LP,* 616 F.3d 1249, 1254 (Fed. Cir.

2  2010) (citing *Engel Indus., Inc. v. Lockformer Co*., 96 F.3d 1398, 1404-05 (Fed. Cir.

3  1996) ("where a claim provides for two separate elements, a 'second portion' and a

4  'return portion,' these two elements 'logically cannot be one and the same'")); *CAE*

5  *Screenplates Inc. v. Heinrich Fiedler GMBH & Co. KG ,* 224 F. 3d 1308, 1317 (Fed.

6  Cir. 2000) ("In the absence of evidence to the contrary, we must presume that the

7  use of . . . different terms in the claims connotes different meanings.").[3]  If the

8  drafter of the '223 patent claims had meant for "call mode" to be synonymous with

9  "interface format" and "operating process format," he would not have used those

10  terms separately in the claims.  That Katz argues that the Federal Circuit ruled that

11  "the Dual Call Mode specification discloses multiple different formats" is of no

12  moment because the only formats that specification does disclose, *i.e.* different call

13  modes, cannot fall within the meaning of "interface format" or "operating process

14  format" as those terms are used in '223:1, 58, and 86.  Katz has failed to overcome

15  the necessary presumption that these claim terms have different meanings and these

16  claims therefore remain invalid.[4]

17

18  _____

19  [3] Figure 2 and the patent specification further exemplify the flaw in Katz's
argument.  The call mode "formats" are "relevant only to qualifying the 800 caller
20  for participation in the game or contest."  *Katz*, 639 F.3d at 1321.  The system,
however, qualifies callers first so that the call can later be processed in an interface
21  format (Mead Decl., Ex. D at 6:63-67, Fig. 2 (showing qualification happens prior to
22  interface processing); *see also* 7:53-9:12).

23  [4] To the extent the Court rules that '223:1 should be revived, Charter will further
24  demonstrate the invalidity of '223:1 at summary judgment because (i) "select
interface format" is not supported by the specification and (ii) the "means for
25  individually cuing said callers of said select subset to provide digital signals," as
26  similarly found by this Court with regard to '223:5, requires an algorithm that is not
disclosed in the specification, which renders '223:1 invalid under even the Federal
27  Circuit's revised interpretation of *WMS Gaming Inc. v. Int'l Game Tech*., 184 F.3d
28      (footnote continued)

3.    Katz Has Not Met its Burden for Reconsideration of Claims
'223:1 and '223:86.

Katz has failed to meet its burden of showing a change in applicable fact or law at least because claims '223:1 and 86 do not use the term "operating process format."  Therefore, the Federal Circuit's suggestion that "operating process format" in claim '120:34 needs to be construed by this Court in the context of that claim has no bearing on claims '223:1 and 86.  The terms "select interface format" and "interface format" as recited in '223:1 and 86 presumptively have a different meaning than "format" or "operating process format," a presumption Katz must overcome in order to meet its burden in its Motion for Reconsideration.  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005 (*en banc*) ("Differences among claims can . . . be a useful guide in understanding the meaning of particular claim terms."); *CAE Screenplates,* 224 F.3d at 1317("In the absence of evidence to the contrary, we must presume that the use of . . . different terms in the claims connotes different meanings.").[5]  Indeed, claim 31 of the '120 patent recites both "interface format" and "operating process formats" within the same claim, and describes a "select interface format" that "is one selected from a plurality of distinct operating process formats" (Mead Decl., Ex. E at 14:1-3).  It is thus clear that the drafter of the Katz patents interpreted those terms to have separate and distinct meanings. Katz has not even attempted to meet its burden on this issue here.  Accordingly,

_____

1339 (Fed. Cir. 1999).  *See* DI 1029 at 5-10.  Tellingly, Katz has not sought reconsideration of this Court's '223:5 invalidity ruling.

   [5] Defendants contend that "select interface format," "interface format" and "operating process format" are separate terms used in the same patent and therefore have different meanings.  Defendants reserve the right to seek construction of "select interface format" and "interface format" should Katz's Motion for Reconsideration of claims '223:1 and 86 be granted.

1    Katz's motion for reconsideration as to claims '223:1 and '223:86 must be denied

2    for this reason alone.

3

4    **B.      The Federal Circuit's Decision Does Not Impact the Invalidity of
          Claim '309:42.**
5

6          Katz moves for reconsideration of claim '309:42 based on the Federal

7    Circuit's decision to vacate and remand seven claims in different patents for

8    construction of the "processing," "receiving," and "storing" limitations described in

9    those claims.  Although the '309 patent shares the same specification with several of

10   the other patents addressed in the appeal, the Federal Circuit's decision has little, if

11   any, direct impact on '309:42.

12         Contrary to Katz's approach to claim construction, the Federal Circuit's

13   direction on remand requires this Court to construe the *functions* associated with the

14   "processing," "receiving," and "storing" limitations in each of the seven claims

15   addressed in the appeal, not the terms "processing," "receiving," and "storing" on

16   their own.  *Katz*, 639 F.3d at 1317.  The functional language defining the processing

17   step of '309:42 is different than the functional language in each of the seven claims

18   addressed by the Federal Circuit and currently being considered by this Court for

19   construction.  In order for this Court to address the validity of '309:42 again at this

20   time, it will have to separately construe the relevant processing limitation, a

21   limitation that is not at this time being addressed in the parties' claim construction

22   briefing.[6]

23   _____

24   [6]   Neither Katz nor Defendants have identified the full functional phrase
     associated with the "processing" step of '309:42 for construction.  Defendants
25   believe the Court's Order regarding exchange of claim terms for construction was
     limited to claim construction issues "identified in the Federal Circuit opinion" and
26   "currently asserted against the remaining defendants."  (Case Management Order
27   (Sept. 7, 2011) [DI#7414, 7415] at 1).

28

1    Of the remaining defendants in this MDL proceeding, '309:42 was only

2  asserted against Cox.  It is important to note that '309:42 also contains the

3  "consumable participation key" limitation that is virtually identical to '309:53, a

4  claim for which Cox has already obtained summary judgment of non-infringement

5  based on the absence of a consumable participation key in the accused Cox system.

6  (Order Ruling on the Parties' Individual Summary Judgment Motions (May 1, 2009)

7  [DI #6328] at 18-19.)  Therefore, reconsideration of '309:42 at this time

8  accomplishes nothing.  Katz will be able to appeal the validity of '309:42 in an

9  ultimate appellate proceeding involving Cox, along with other issues it wishes to

10  appeal relating to the '309 patent.

11  **V.    CONCLUSION**

12    For the foregoing reasons, the DIRECTV, Cox, EarthLink, and Charter

13  defendants respectfully request that the Court deny Katz's motion for

14  reconsideration in its entirety.

15  Dated:  October 5, 2011.

16                                                  By:  */s/ William H. Boice*
                                                    William H. Boice
17                                                  Vaibhav P. Kadaba
                                                    KILPATRICK TOWNSEND &
18                                                    STOCKTON LLP
                                                    1100 Peachtree Street, NE, Suite 2800
19                                                  Atlanta, GA  30309-4530
                                                    Telephone:  404.815.6500
20                                                  Facsimile:  404.815.6555

21                                                  Tonya R. Deem
                                                    Matias Ferrario
22                                                  KILPATRICK TOWNSEND &
                                                      STOCKTON LLP
23                                                  1001 West Fourth Street
                                                    Winston-Salem, NC  27101-2400
24                                                  Telephone:  336.607.7300
                                                    Facsimile:  336.607.7500
25

26                                                  ATTORNEYS FOR DEFENDANTS COX
                                                    COMMUNICATIONS, INC., COXCOM,
27                                                  INC. AND EARTHLINK. INC.

28

US2000 12267924.1
-13-                    Case No. 07-ML-01816-B-RGK (FFMx)
RESPONSE TO KATZ'S MOTION FOR RECONSIDERATION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: October 5, 2011          QUINN EMANUEL URQUHART &
                                SULLIVAN, LLP




                                By */s/ Steven M. Anderson*
                                    Steven M. Anderson
                                    Attorneys for The DIRECTV Group, Inc.;
                                    DIRECTV, Inc.; DIRECTV Holdings,
                                    LLC; DIRECTV Enterprises, LLC; and
                                    DIRECTV Customer Services, Inc.

DATED: October 5, 2011




                                By */s/ Siraj M. Abhyankar*
                                    Siraj M. Abhyankar
                                    Patrick J. Flinn
                                    ALSTON & BIRD, LLP
                                    1201 W. Peachtree Street
                                    Atlanta, GA 30309
                                    Tel: (404)-881-7000
                                    Fax: (404)-881-7777

                                    Attorneys for Defendants Charter
                                    Communications, Inc., Charter
                                    Communications Holding Company, LLC,
                                    Charter Communications Operating, LLC,
                                    Charter Communications Entertainment I,
                                    LLC